UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MS LEISURE COMPANY,

    Plaintiff,

v.

                                  Case No.

PHILIP DEMERS,

    Defendant.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Philip Demers submits this Notice of Removal of the state court action described below to this Court and in support thereof states as follows:

### Background

1. On May 24, 2023, Plaintiff MS Leisure Company instituted this action against Mr. Demers in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, as Case No. 2023-017214-CA-01.

2. On or about June 29, 2023, an individual attempted to serve Mr. Demers at his residence in Ontario, Canada by leaving only a copy of the summons without any notations as to the time or date of service.

3. Prior to filing this notice of removal, on July 19, 2023, Mr. Demers filed a verified motion to quash service in the state court action for failure to comply with Florida law and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

4. Although Mr. Demers, contends that he has not been properly served in the state court action, he has elected to remove before proper service of process because "nothing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal." *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 448 (11th Cir. 2008) (per curiam).[1]

5. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

6. Apart from Mr. Demers' motion to quash service, no further proceedings have occurred in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida as of the date of filing this removal.

7. All state court papers served on Mr. Demers or filed in the state court action at the time of removal are attached to this Notice of Removal in accordance with 28 U.S.C. § 1446(a). *See* State Court Docket, attached as **Exhibit A**.

8. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## Diversity of Citizenship

9. 28 U.S.C. § 1441(a) provides, in relevant part, that any action over which this Court has original jurisdiction may be removed by the defendant to the appropriate district court of the United States. 28 U.S.C. § 1332(a)(1) states that district courts shall have original jurisdiction where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

---

[1] Recent decisional authority has challenged this assertion in the "snap removal" context, which does not apply here because Mr. Demers is the sole defendant, and he is not a resident of the forum state.

10. Here, Plaintiff alleges that it is a "Florida Company," which operates and manages the Miami Seaquarium in Key Biscayne, Florida. Compl. ¶ 3. For purposes of assessing diversity jurisdiction, a corporation is a citizen of the state where it is incorporated as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c). The Florida Department of State's online entity search on www.sunbiz.org confirms that Plaintiff is a Florida profit corporation with its principal place of business in Miami, Florida. *See* MS Leisure Company 2023 Florida Profit Corporation Annual Report, attached as **Exhibit B**. The Court may take judicial notice of Plaintiff's corporate filings on Sunbiz.[2] *See, e.g., Demeter v. Little Gasparilla Island & Fire Rescue, Inc.*, Case No: 2:16-cv-264-FtM-38CM, 2017 WL 662006, at *2 (M.D. Fla. Feb. 17, 2017) (taking judicial notice of party's Sunbiz profile "because the Florida Department of State's website is a verified website from a public agency").

11. Plaintiff further alleges that Defendant Philip Demers is a Canadian citizen. Compl. ¶ 4; *Postell v. Ryder Truck Rental, Inc.*, 512 F. App'x 977, 980 (11th Cir. 2013) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("for natural persons, a complaint must allege the parties' citizenship, which is their domicile.")). As set forth in the attached Declaration of Philip Demers ("Demers Decl."), Mr. Demers is domiciled in and a citizen of Canada. Demers Decl. ¶¶ 3-6, attached as **Exhibit C**. As such, Mr. Demers is diverse from Plaintiff, which is a Florida profit corporation with its principal place of business in Miami, Florida.

---

[2] Plaintiff's entity information can be found at: https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=MSLEISURE%20P210000638660&aggregateId=domp-p21000063866-5b70a1cb-4ce9-45f3-b35f-fc943cd038a3&searchTerm=ms%20leisure%20company&listNameOrder=MSLEISURE%20P210000638660.

12. Thus, diversity of citizenship exists between Plaintiff and Mr. Demers. *See Molinos Valle del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) (quoting 28 U.S.C. § 1332(a)(2))

### Amount in Controversy

13. Plaintiff's Complaint seeks injunctive relief and damages in excess of $30,000, which was the threshold for obtaining jurisdiction in Circuit Court prior to January 2023, the threshold has been raised to $50,000. Compl. ¶ 1; § 34.01(1)(c), Fla. Stat.

14. Because the Complaint does not seek a specific amount of damages, Mr. Demers must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). To establish the amount in controversy by a preponderance of the evidence, "[d]efendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper." *Pretka*, 608 F.3d at 755

15. If the complaint is not removable on its face, the thirty-day time period starts to run from the receipt of an amended pleading, motion, order, or "other paper" from which the defendant can first ascertain that the case is removable. 28 U.S.C. § 1446(b)(3). "The definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *Lamberston v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (citation omitted); *Wilson v. Target Corp.*, 2010 WL 3632794, at *2 (S.D. Fla. 2010) ("responses to requests for admission, settlement offers, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b)"); *see generally* Wright & Miller, Federal Practice and

Procedure § 3731, at 524, 545 ("[F]ederal courts have given the reference to 'other paper' an expansive construction and have included a wide array of documents within its scope ... [including] correspondence between the parties and their attorneys or between the attorneys.").

16. Here, the civil cover sheet filed with the Complaint asserts that Plaintiff seeks damages in excess of $100,000. Although the civil cover sheet is not necessarily determinative of the amount in controversy, *see Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-CV-309-JLB-NPM, 2020 WL 7396934, at *3 n. 6 (M.D. Fla. Dec. 17, 2020), after moving to quash service of process, Mr. Demers' counsel confirmed via email with Plaintiff's counsel that Plaintiff does indeed seek in excess of $100,000 in this case. *See* Declaration of James Slater ¶¶ 3-4, attached as **Exhibit D**.

17. Accordingly, Mr. Demers has received an "other paper" after the filing of the Complaint satisfying the requisite amount in controversy for purposes of removal.

**Removal is Proper**

18. As set forth above, this action is one over which this Court has jurisdiction, pursuant to 28 U.S.C. § 1332, based on diversity of citizenship and amount in controversy, and this action may be removed to this Court by Mr. Demers pursuant to 28 U.S.C. §§ 1441 and 1446.

19. This case is being removed to the United States District Court for the Southern District of Florida because this district encompasses the state court from which this case is removed: the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. See 28 U.S.C. § 89(c).

**Notice**

20. Written notice of the filing of this Notice of Removal will be provided to Plaintiff, through its attorneys, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached as **Exhibit E**. A duplicate copy of this Notice of Removal will be filed with the Clerk of the Miami-Dade County Circuit Court, pursuant to 28 U.S.C. § 1446(d).

21. By filing this Notice of Removal, Mr. Demers does not waive any defenses, rights, or objections; nor does he concede that the allegations in the Complaint state a valid claim under applicable law.

WHEREFORE, Defendant Philip Demers removes the above-captioned case to the United States District Court for the Southern District of Florida.

Dated: July 28, 2023.

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32301
Tel.: (305) 523-9023
james@slater.legal

-and-

Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
josh@tarjanlawfirm.com
Tel. (305) 423-8747

-and-

Chris Carraway (*pro hac vice* forthcoming)
The Animal Activist Legal Defense Project
2255 E. Evans Avenue
Denver, CO 80210
(423) 797-6084
ccarraway@law.du.edu

*Attorneys for Defendant Philip Demers*