

**JUAN FERNANDEZ-BARQUIN**
**CLERK OF THE COURT AND COMPTROLLER**
**MIAMI-DADE COUNTY**

Contact Us     My Account     

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

**◀◀ BACK**

Not all search results will be displayed on-line. For example, the following case types (Sealed, Juvenile, Adoption and Mental Health Cases) may or may not be in existence and may or may not be viewable by the public pursuant to Florida Supreme Court Mandate and the corresponding Access Security Matrix.

| MS LEISURE COMPANY VS PHILIP DEMERS | | | |
|---|---|---|---|
| Local Case Number: | 2023-017214-CA-01 | Filing Date: | 05/24/2023 |
| State Case Number: | 132023CA017214000001 | Judicial Section: | CA30 - Downtown Miami |
| Consolidated Case No.: | N/A | Court Location: | 73 West Flagler Street, Miami FL 33130 |
| Case Status: | OPEN | Case Type: | Injunctive Relief |

## ☰ Related Cases
Total Of Related Cases: 0  ▬

| Case Number | Filing Date | Case Type |
|---|---|---|

## 👥 Parties
Total Of Parties: 2  ▬

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | MS Leisure Company | | |
| Defendant | Demers, Philip | **B#:  (Bar Number)**111779 <br> **N:  (Attorney Name)**Slater, James M | |

## ⚒ Hearing Details
Total Of Hearings: 0  ▬

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|

## 🔊 Dockets
Total Of Dockets: 8  ▬

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 8 | 07/19/2023 | | Motion to Quash | Event | Parties: Demers Philip |
| 📄 | 7 | 07/19/2023 | | Notice of Limited Appearance | Event | Parties: Slater James M; Demers Philip |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 6 | 05/26/2023 | | Receipt: | Event | **RECEIPT#:2860006 AMT PAID:$10.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:VISA CARD TENDER AMT:$10.00 RECEIPT DATE:05/26/2023 REGISTER#:286 CASHIER:MARIAGU** |
| | | 05/26/2023 | | 20 Day Summons Issued | Service | |
| | 5 | 05/26/2023 | | 20 Day Summons Issued | Event | Parties: MS Leisure Company; Demers Philip |
| | 4 | 05/26/2023 | | Receipt: | Event | **RECEIPT#:3030157 AMT PAID:$401.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:05/26/2023 REGISTER#:303 CASHIER:EFILINGUSER** |
| 🗎 | 2 | 05/24/2023 | | Complaint | Event | |
| 🗎 | 1 | 05/24/2023 | | Civil Cover Sheet - Claim Amount | Event | |

**◀◀ BACK**

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



**Juan Fernandez-Barquin**
**Clerk of the Court and Comptroller**
**Miami-Dade County**

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2023 Clerk of the Courts. All rights reserved.



**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

_____

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>MS Leisure Company</u>
Plaintiff                                        Case # _____

                                                 Judge _____

vs.

<u>Philip Demers</u>
Defendant

_____

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
        ☐ Business governance
        ☒ Business torts
        ☐ Environmental/Toxic tort
        ☐ Third party indemnification
        ☐ Construction defect
        ☐ Mass tort
        ☐ Negligent security
        ☐ Nursing home negligence
        ☐ Premises liability—commercial
        ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
        ☐ Commercial foreclosure
        ☐ Homestead residential foreclosure
        ☐ Non-homestead residential foreclosure
        ☐ Other real property actions

☐Professional malpractice
        ☐ Malpractice—business
        ☐ Malpractice—medical
        ☐ Malpractice—other professional
☐ Other
        ☐ Antitrust/Trade regulation
        ☐ Business transactions
        ☐ Constitutional challenge—statute or ordinance
        ☐ Constitutional challenge—proposed amendment
        ☐ Corporate trusts
        ☐ Discrimination—employment or other
        ☐ Insurance claims
        ☐ Intellectual property
        ☐ Libel/Slander
        ☐ Shareholder derivative action
        ☐ Securities litigation
        ☐ Trade secrets
        ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   5

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Cheyenne Moghadam      Fla. Bar # 1040660
      Attorney or party          (Bar # if attorney)

Cheyenne Moghadam          05/24/2023
(type or print name)          Date

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

MS Leisure Company, a Florida Corporation

      Plaintiff,

v.

Philip Demers, individually,

      Defendant.

_____/

## **COMPLAINT**

Plaintiff, MS Leisure Company ("MS Leisure"), sues Defendants, Phil Demers ("Demers"), and in support thereof alleges as follows:

## **PARTIES, JURISDICTION AND VENUE**

1. This Court has jurisdiction over this dispute because this is a civil action for damages and equitable relief in which the matter or controversy exceeds $30,000.

2. Further, this Court has jurisdiction over this matter in that this dispute involves a real property located in Miami-Dade County, Florida.

3. Plaintiff, MS Leisure, is a Florida Company which operates and manages the Miami Seaquarium located at 4400 Rickenbacker Causeway, Key Biscayne, FL 33149.

4. Defendant, Philip Demers, is a Canadian citizen and is otherwise *sui juris*.

5. As more fully set forth herein, Defendant has purposely availed himself of the privilege of conducting activities within the State of Florida and is therefore under

the jurisdiction of this Court. As set out herein and pursuant to Florida Statute Section 48.193 Defendant has committed tortious and illegal acts within the State of Florida.

6. Venue is proper in Miami-Dade County, Florida, because the events giving rise to the causes of action asserted herein occurred in Miami-Dade County, Florida; the cause action asserted herein accrued in Miami-Dade County, Florida; and the property at issue in this case is located in Miami-Dade County, Florida.

7. All conditions precedent to the filing of this action have been performed, have occurred, or have been waived.

<u>**GENERAL ALLEGATIONS**</u>

8. Plaintiff owns and operates the business known as Miami Seaquarium ("Seaquarium") located at 4400 Rickenbacker Causeway, Key Biscayne, FL 33149.

9. Seaquarium is an aquarium where guests and visitors come to enjoy sea life exhibits and learn about wildlife and marine animal care and conservation.

10. Defendant is a self-proclaimed "animal activist" known for using misinformation and intimidation tactics to interfere with animal sanctuaries and zoos for the alleged purpose of "rescuing" these animals from unsafe conditions.

11. Defendant on multiple occasions, including but not limited to, May 4th, 2022, has repeatedly, and without authorization, flown an unmanned aerial vehicle ("UAV" or "Drone") over Plaintiff's property during regular business hours.

12. Defendant has flown or has directly instructed his actual or apparent agent(s) to fly a drone over open air congregations of employees and customers in direct

breach of 14 CFR § 107.39 which states that no person may operate a small unmanned aircraft over human beings.

13. Upon information and belief Defendant breached 14 CFR § 107.31 which states that any operator of a small unmanned aircraft must maintain a direct line of sight, unaided by any device, on the unmanned aircraft in order to: 1) know the unmanned aircraft's location; 2) determine the unmanned aircraft's attitude, altitude, and direction of flight; 3) observe the airspace for other air traffic or hazards; and 4) determine that the unmanned aircraft does not endanger the life or property of another.

14. Defendant and/or his agent did not maintain an unaided line of sight on his drone as it was equipped with a camera in order for him to stay outside the Seaquarium perimeter while using the drone to trespass and take unauthorized photographs and videos of Seaquarium's customers and animal exhibits.

15. While these breaches are not used to establish a private right of action, they provide evidence for the causes of action set forth herein.

16. Defendant's Drone caused both visual and auditory disturbances to several customers of the Plaintiff, interfering with customers' enjoyment and Plaintiff's ability to properly and safely conduct business.

17. Defendant took pictures of Plaintiff's property, customers, and animal exhibits.

18. Defendant then published the unauthorized pictures on several social media websites. *See Composite Exhibit 1.*

19. In addition, several of the photos and videos taken were of animal exhibits which were not open to the public and where the employees present maintained an expectation of privacy while conducting their work.

20. Defendant's actions are in breach of Florida's Statute 934.50(3)(b), prohibiting a person from using "a drone equipped with an imaging device to record an image of privately owned real property or of the owner, tenant, occupant, invitee, or licensee of such property with the intent to conduct surveillance on the individual or property captured in the image in violation of such person' reasonable expectation of privacy without his or her written consent."

21. Defendant did so with the intention of spreading defamatory falsehoods and misinformation of Plaintiff's care and maintenance of its aquatic animals.

22. Defendant has both economically and reputationally damaged the Plaintiff and has made it clear that he will continue to defame and interfere with Plaintiff's business.

23. Defendant's actions not only put Plaintiff's customers at risk but also place the animals in its care at risk.

## <u>COUNT 1</u>
## <u>TRESPASS</u>

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

25. At all times material hereto, Plaintiff has owned and operated the Seaquarium.

26. Defendant, willfully entered and remained on Plaintiff's property by way of flying his drone over open-aired congregations of people and above several animal disclosures which were not accessible to the public.

27. Defendant's entry on Plaintiff's property was without any authorization, license, or invitation by the Plaintiff or any individual authorized to give Defendant permission on Plaintiff's behalf.

   **WHEREFORE**, Plaintiff demands judgment for all damages allowable by this Private Nuisance claim, including but not limited to damages, pre and post judgment interest, attorneys' fees and costs, and all other relief this Court deems just and proper.

## COUNT 2
## PRIVATE NUISANCE

28. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

29. Without any authorization from the Plaintiff Defendant wrongfully flew a drone over Plaintiff's property.

30. Defendants unauthorized use of this drone on Plaintiff's property significantly interfered with Plaintiff's use and enjoyment of its property.

31. Defendant's interference with Plaintiff's use and enjoyment of its property was both substantial and unreasonable.

   **WHEREFORE**, Plaintiff demands judgment for all damages allowable by this Private Nuisance claim, including but not limited to damages, pre and post judgment interest, attorneys' fees and costs, and all other relief this Court deems just and proper.

## COUNT 3
## DEFAMATION

32. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

33. Defendant has repeatedly and knowingly published false information about the Plaintiff on several social media websites.

34. At all material times hereto, Defendant knew the information he published was false.

35. Defendant's statements were inherently defamatory as they falsely spoke to Plaintiff's business practices, damaged Plaintiff's reputation, and interfered with Plaintiff's business activities and relationships.

36. As a direct and proximate cause of Defendant's actions Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment for all damages allowable by this Defamation claim, including but not limited to damages, pre and post judgment interest, attorneys' fees and costs, and all other relief this Court deems just and proper.

## COUNT 4
## VIOLATION OF FLORIDA STATUTE 934.50(3)(b)

37. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

38. Florida Statute 934.50 prohibits the use of a drone equipped with an imaging device to record unauthorized images of privately owned land with the intent to conduct surveillance.

39. Under F.S. 934.50(3)(b) a person is presumed to have a reasonable expectation of privacy on his or her privately owned real property if he or she is not observable by persons by persons located at ground level in a place where they have a legal right to be, regardless of whether he or she is observable from the air with the use of a drone.

40. F.S. 934.50(e) provides two definitions of "surveillance" which are both present here.

41. Surveillance means with respect to an owner, tenant, occupant, invitee, or licensee of privately owned real property, the observation of such persons with sufficient visual clarity to obtain information about, their identity, habits, conduct, movements or whereabouts. F.S. 934.50(2)(e)(1)

42. Surveillance with respect to privately owned property is defined as the observation of such property's physical improvements with sufficient visual clarity to be able to determine unique identifying features of its occupancy by one or more persons. F.S. 934.50(2)(e)(2).

43. The unauthorized videos and images taken by the Defendant, utilizing an imaging device attached to a drone, include sufficient visual clarity as to fall under both definitions of surveillance under the statute.

44. F.S. 934.50(5)(b) provides that an aggrieved party may initiate a civil action for compensatory damages for violations of the statute.

**WHEREFORE**, Plaintiff demands judgment for all damages allowable by this claim, including but not limited to damages, pre and post judgment interest, attorneys' fees and costs, and all other relief this Court deems just and proper.

## COUNT 5
## INJUNCTIVE RELEIF

45. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

46. Defendant has repeatedly trespassed on Plaintiff's property to obtain pictures of Plaintiff's business operations in order to defame Plaintiff and cause irreparable harm.

47. There is a substantial likelihood that Plaintiff will succeed on its claims found herein.

48. There exists no adequate remedy at law to redress the irreparable harm done to the Plaintiff.

49. Injunctive relief will serve the public interest by furthering and serving the rights of true owners of properties, and by protecting innocent third party customers of the Plaintiff.

50. In addition to requesting injunctive relief under common law Plaintiff requests injunctive relief pursuant to F.S. 934.50(5)(b) in order to prevent future violations of the statute.

**WHEREFORE**, Plaintiff respectfully requests the entry of an order in its favor enjoining Defendant including, but not limited to, his members, agents, partners, employees, attorneys, accountants, and representatives, from entering Plaintiff's property, interacting with Plaintiff's customers, and from continuing to defame the Plaintiff on any public or private platform.

The Plaintiff hereby demands trial by jury on all issues and claims so triable as of right.

Dated: May 24, 2023

Respectfully submitted,

**JONES & ADAMS, P.A.**
*Attorney for Plaintiff*
999 Ponce de Leon Blvd., # 925

Coral Gables, Florida 33134
Telephone: (305) 270-8858
Facsimile: (305) 270-6778

By:

/s/ Matthew Jones, Esq.
Matthew L. Jones, Esq.
Florida Bar No. 909335

# Composite Exhibit 1





 **walrus_whisperer** • Follow  · · ·
Hazy • Deep Blue

 **walrus_whisperer**   This video was taken on May 4th, 2023 above the Miami Seaquarium by @whatcameradoyouhave. Lolita, their last surviving orca has been captive since 1970 and without an orca companion since 1980. That's 53 years in captivity and 43 years in solitary confinement. And it's clearly taking it's toll. Please follow @UrgentSeas to learn more.

2w

 **walrus_whisperer**   We are hosting a

**4,020 likes**

MAY 5

Add a comment...                                  Post

Filing # 177763913 E-Filed 07/19/2023 01:23:56 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MS LEISURE COMPANY,

     Plaintiff,

  v.

PHILIP DEMERS,

     Defendant.

Case No. 2023-017214-CA-01

## NOTICE OF LIMITED APPEARANCE

    Please take notice that James M. Slater, Esq. of the law firm Slater Legal PLLC hereby files this limited notice of appearance as counsel for Defendant Philip Demers for the limited purpose of representing Mr. Demers in connection with his forthcoming motion to quash service in this case.

    Pursuant to Rule 2.516(b)(1)(A) of the Florida Rules of Judicial Administration, the undersigned hereby designates the following primary and secondary email addresses:

          **Primary email address: james@slater.legal**
          **Secondary email address: eservice@slater.legal**

    All papers and pleadings in this action should be served on the undersigned at the email addresses set forth above. All other correspondence should utilize only the primary email address set forth above.

Dated: July 19, 2023.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
Tel. (305) 523-9023
james@slater.legal

*Attorneys for Defendant Philip Demers*
*for the limited purpose of his Verified*
*Motion to Quash Service of Process*

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing notice is being

served this 19th day of July 2023, pursuant to Fla. R. Jud. Admin. 2.516(b) via the

Florida Courts electronic portal to the names and addresses provided by the parties.

By: */s/ James M. Slater*
James M. Slater

2

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MS LEISURE COMPANY,

     Plaintiff,

                                    Case No. 2023-017214-CA-01

 v.

PHILIP DEMERS,

     Defendant.

_____/

### DEFENDANT PHILIP DEMERS' VERIFIED
### MOTION TO QUASH SERVICE OF PROCESS

Defendant Philip Demers, through his counsel and pursuant to Rule 1.070, section 48.031, Florida Statutes, and the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), respectfully moves to quash service and service of process. As grounds, Mr. Demers states:

1.      On or about May 24, 2023, Plaintiff filed its Complaint against Mr. Demers, who resides in Ontario, Canada.

2.      On or about June 29, 2023, an individual attempted to serve Mr. Demers at his residence in Ontario by leaving a copy of the summons, but not the Complaint or any other document.

3.      Attached as **Exhibit A** is a true and correct copy of the summons delivered to Mr. Demers. There are no notations of the date or time of service on the summons. There is also no identification number or initials on the summons. The person who left the summons did not provide any identification or contact information.

**A.  Mr. Demers was not served under Florida law.**

4.      It is Plaintiff's burden to prove proper service of process "and the return of service is evidence of whether service was validly made." *Bank of Am., N.A. v. Bornstein*, 39 So.3d 500, 503 (Fla. 4th DCA 2010).[1] Strict compliance with the statutory provisions governing service of process is required in order to obtain jurisdiction over a party. *See Schupak v. Sutton Hill Assocs.*, 710 So.2d 707, 708 (Fla. 4th DCA 1998); *Bennett v. Christiana Bank & Tr. Co.*, 50 So.3d 43, 45 (Fla. 3d DCA 2010). "A summons properly issued and served is the method by which a court acquires jurisdiction over a defendant." *Id.* (quoting *Seymour v. Panchita Inv.*, Inc., 28 So.3d 194, 196 (Fla. 3d DCA 2010)).

5.      Florida law requires that original process be made by "delivering a copy of [the summons] to the person to be served with a copy of the complaint, petition, or other initial pleading or paper . . . ." § 48.031(1)(a), Fla. Stat.; *Nirk v. Bank of Am., N.A.*, 94 So.3d 658, 659 (Fla. 4th DCA 2012) ("By section 48.031(1)(a)'s plain language ... the 'copy of it' refers to the previously mentioned 'original process,' that is, the summons, and not the later mentioned 'copy of the complaint.'").

6.      Florida law also requires that "A person serving process shall place, on the first page only of at least one of the processes served, the date and time of service, his or her initials or signature, and, if applicable, his or her identification number." § 48.031(5), Fla. Stat.; *Vidal v. SunTrust Bank*, 41 So. 3d 401, 403 (Fla. 4th DCA 2010) (invaliding service under section 48.031(5) because time of service was not noted on the summons).

---

[1]

To date, no return of service has been filed with the Court.

7.     Accordingly, under Florida law, Mr. Demers has not been served because he merely received a copy of the summons, without any required notations, and no copy of the Complaint.

**B. Mr. Demers was not served under the Hague Convention.**

8.     As another ground for quashing service, Plaintiff was required to, and failed to comply with the Hague Convention.

9.     Mr. Demers was in Ontario when he was personally served with the summons. Thus, the Hague Convention applies. *Grupo Radio Centro S.A.B. de C.V. v. Am. Merchant Banking Group, Inc.*, 71 So.3d 151, 151 (Fla. 3d DCA 2011) ("In Florida, the Hague Convention applies in all cases 'where there is occasion to transmit a judicial or extrajudicial document for service abroad,'" quoting *Chabert v. Bacquie*, 694 So.2d 805, 812 (Fla. 4th DCA 1997)).

10.     Section 48.194(1), Florida Statutes, provides, in part, that "[s]ervice of process on persons outside the United States may be required to conform to the provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters." *See also SDS–IC v. Fla. Concentrates Int'l, LLC*, 157 So.3d 389, 391 (Fla. 2d DCA 2015) ("Article 1 of the Hague Convention provides that it shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." (quotation omitted). And where it applies, "compliance with the [Hague] Convention is mandatory." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988).

3

11.     Although Canada provides for personal service under Article 10(b) of the Hague Convention, because the person who left the summons with Mr. Demers did not provide any identification—and because Plaintiff has not filed a return of service—Mr. Demers does not know if the person who left the summons is a person "interested in a judicial proceeding" under Article 10(c) of the Hague Convention for effecting service. *See United States v. Islip*, 18 F.Supp.2d 1047, 1057 (Ct. Int'l Trade, 1998).

12.     Even if the person who delivered the summons were authorized to effectuate personal service, the failure to serve the Complaint is fatal under Article 10 of the Hague Convention. To serve Mr. Demers in Ontario, Canada under Article 10(b) of the Hague Convention, Plaintiff was required to comply with the "internal service rules of the destination State to determine whether that State would object to the particular method of service utilized under Article 10." *Dimensional Commc'ns, Inc. v. OZ Optics Ltd.*, 218 F. Supp. 2d 653, 656 (D.N.J. 2002) (citing *Hunt's Pier Assoc. v. Conklin*, 156 B.R. 464, 470 (Bankr. E.D. Pa.1993)). Under the applicable Ontario procedure, the process server needed to serve "originating process," meaning the complaint and summons. *Id.* (citing Rule 16.01(1) of the Ontario Rules of Civil Procedure); *see also* Rule 14.03 of the Ontario Rules of Civil Procedure (defining "originating process" as the statement of claim), https://www.ontario.ca/laws/regulation/900194.

13.     Because Mr. Demers did not receive a copy of the Complaint, service was not effectuated under the Hague Convention. And even if Mr. Demers did receive the Complaint, without identification or the filed return of service, there is no way of knowing whether the individual who left the summons is qualified to effectuate service of process under Article 10.

WHEREFORE, Mr. Demers requests that the Court enter an order granting this motion and quashing service.

Dated: July 19, 2023.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater, FBN 111779
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32301
Tel.: (305) 523-9023
james@slater.legal

-and-

Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
josh@tarjanlawfirm.com
Tel. (305) 423-8747

-and-

Chris Carraway (*pro hac vice* forthcoming)
The Animal Activist Legal Defense Project
2255 E. Evans Avenue
Denver, CO 80210
(423) 797-6084
ccarraway@law.du.edu

*Attorneys for Defendant Philip Demers for the limited purpose of this Verified Motion to Quash Service of Process*

## **VERIFICATION**

Pursuant to section 92.525, Florida Statutes, I, Philip Demers, do hereby swear or affirm under penalty of perjury that I have read the foregoing motion and know the contents thereof, and the facts stated in paragraphs 1-3 are true.

_____
Philip Demers

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was electronically filed on July 19, 2023 through the Florida Courts e-filing Portal, which will serve a copy on all counsel of record.

*/s/ James M. Slater*
James M. Slater

6

# Exhibit A

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒CIVIL ☐ DISTRICTS ☐ OTHER | CIVIL ACTION SUMMONS (b) Form for Personal Service on a Natural Person | 2023-017214-CA-01 |
| PLAINTIFF(S) MS Leisure Company, a Florida Corporation | VS. DEFENDANT(S) Philip Demers, individually. | CLOCK IN |

THE STATE OF FLORIDA:TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s): Philip Demers | Address: 4400 Rickenbacker Causeway, Key Biscayne, FL 33149 |
|---|---|

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."

### MIAMI-DADE COUNTY COURT LOCATIONS

| ☒ Dade County Courthouse (05) Room 133 73 West Flagler Street Miami, FL 33130 | ☐ Joseph Caleb Center Court (20) Suite 103 5400 N.W. 22nd Avenue Miami, FL 33142 | ☐ Hialeah District Court (21) Room 100 11 East 6th Street Hialeah, FL 33010 | ☐ North Dade Justice Center (23) Room 100 15555 Biscayne Blvd. North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ Miami Beach District Court (24) Room 200 1130 Washington Avenue Miami Beach, FL 33139 | ☐ Coral Gables District Court (25) Room 100 3100 Ponce De Leon Blvd. Coral Gables, FL 33134 | ☐ South Dade Justice Center (26) Room 1200 10710 SW 211 Street Miami, FL 33189 | SERVICE |

| Plaintiff/Plaintiff Attorney Florida Bar No. LUIS G. MONTALDO CLERK AD INTERIM CIRCUIT AND COUNTY COURTS | Address: [signature] DEPUTY CLERK | DATE ON: MAY 2 6 2023 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."