UNITED STATES DISTRICT
COURT SOUTHERN
DISTRICT OF FLORIDA

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

    Plaintiff,

v.

PHILIP DEMERS,

    Defendant.

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Plaintiff, MS Leisure Company ("MS Leisure"), by and through undersigned counsel, hereby files this Response to Defendant, Philip Demers ("Demers") Motion to Dismiss Plaintiff's Complaint or for More Definite Statement, to Strike Attorney's Fees Request, and Request for Award of Attorney's Fees (the "Motion"), and in support states as follows:

**INTRODUCTION AND BACKGROUND**

On May 24th, 2023, Plaintiff filed its Complaint against the Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. On July 28th, 2023, Defendant then removed the case to the United States District Court for the Southern District of Florida and subsequently filed his Motion to Dismiss.

This case involves the Defendant's repeated flight of an unmanned aerial vehicle ("UAV" or "Drone") over and on Plaintiff's property of the Miami Seaquarium ("Seaqurium"). Defendant's Drone entered and remained on Plaintiff's property and was

equipped with an imaging device used to take unsolicited and unauthorized video and pictures of the Seaquarium. The Drone was flown over the Seaquarium during regular business hours creating both visual and auditory disturbances to Plaintiff's customers, employees, and the aquatic animals in their care. Additionally, the Drone flew over, and captured both video and images, of certain animal exhibits of the Plaintiff which are: 1) not open for public viewing; 2) not intended for public viewing; and 3) where Plaintiff's and its employees have a reasonable expectation of privacy.

Subsequently, Defendant published these images and videos on several social media platforms, specifically Instagram and Twitter, and Defendant accompanied the publication of these unauthorized images and videos with defamatory statements which has caused both economic and reputational damage to the Plaintiff. As set forth fully below, Defendant's statements were not opinions but rather false statements directly regarding Plaintiff's standard of care and business practices.

## MEMORANDUM OF LAW

### A. Standard of Review

The central inquiry at the dismissal stage is whether the pleader has presented sufficient allegations to state a claim, not whether he will win. *Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11–23257–CIV, 2012 WL 5410609, *3 (S.D.Fla. Nov. 6, 2012), *citing Deuel v. Santander Consumer USA, Inc.*, 700 F.Supp.2d 1306, 1309 (S.D.Fla.2010) (Conn, J.) ("A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Accordingly, a well pleaded complaint will survive a motion to dismiss 'even if it appears that a recovery is very remote and unlikely.' ") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555-56 (2007)); *see also Innovative Strategic Commc'ns, LLC v. Viropharma, Inc.*, 2012 WL 3156587, at *7 (M.D.Fla. Aug.3, 2012) (Hernandez Covington, J.) ("Whether Plaintiff can actually prove the elements of the cause of action based on the evidence in this case, as Defendant contends it cannot, is more appropriately considered at the summary judgment stage.").

Indeed, the Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief, in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]'" *Twombly*, 550 U.S. at 555, quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). On a motion to dismiss pursuant to Rule 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, accepting the well-pleaded facts of the complaint and all reasonable inferences therefrom as true. *Glover*, 459 F.3d at 1308; *Stephens*, 901 F.2d at 1573. Nevertheless, "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*., 550 U.S. at 555 (citations omitted).

A complaint must have "enough facts to state a claim to relief that is plausible on its face;" if it does not "nudge[ ] the [ ] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 570; *see also Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997)("A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory."[citations omitted]"We hasten to add that this motion is viewed with disfavor and rarely granted."[citations omitted]). Further, Courts generally do not grant the extreme remedy of dismissal with prejudice. *See*

*Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985). Finally, a Court may only consider documents outside the four corners of the complaint as part of the pleadings for purposes of a motion to dismiss only if such documents are <u>central</u> to the plaintiff's claims and their authenticity is undisputed. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 1985).

### B. Plaintiff has sufficiently alleged claims for Trespass (Count I), Private Nuisance (Count II), and Violation of Florida Statute 934.50(3)(b) (Count IV).

Defendant's Motion combines its arguments for the dismissal of Plaintiff's Trespass (Count I), Private Nuisance (Count II), and Violation of Florida Statute 934.50(3)(b) (Count IV) into three overarching arguments. Defendant's arguments are that: 1) as to Plaintiff's Causes of Action for Private Nuisance and Violation Florida Statute 934.50(3)(b) Plaintiff failed to sufficiently plead its possessory interest of the Seaquriaum; 2) Plaintiff failed to allege the Drone "flight was on the Miami Seaqurium property"; and 3) Plaintiff "failed to establish something more than ordinary disturbances and annoyances" sufficient to support a claim for Private Nuisance. [D.E. 12 at Pg. 4-6]. Plaintiff will address and summarily dismiss each of Defendant's arguments.

### a. Plaintiff has Established its Ownership Rights to the Subject Property as to Counts II and IV of its Complaint.

Defendant's argument that Plaintiff's Complaint "does not state that Plaintiff owned the Seaquarium with respect to the claims asserted for nuisance and violation of section 934.50(3)(b)" is simply incorrect. [D.E. 12 at Pg. 4-5]. Plaintiff explicitly states in Paragraph 8 of its Complaint's that "Plaintiff **owns and operates** the business known as Miami Seaquarium . . ." [D.E. 1-2 ¶ 8]. In each of Plaintiff's causes of actions it re-alleges and incorporates the statements set forth in Paragraph 8 of the Complaint. [D.E. 1-2 ¶¶ 24, 28,

4

32, 37, 45]. Defendant's argument that the Plaintiff has not properly pled its ownership rights as to any count of the Complaint should be summarily dismissed by this Court.

Additionally, Defendant's references to the length of Plaintiff's ownership of the Seaquarium goes to the nature and extent of Plaintiff's damages and are premature and inappropriate to be asserted on a motion to dismiss. [D.E. 12 at Pg. 4-5].

### b. Plaintiff has Properly Pled that Defendant's Drone was Flown within and on the Plaintiff's Property.

Defendant's second argument fails for the same reason as the first, it simply mischaracterizes that which is explicitly set forth in Plaintiff's Complaint. Plaintiff's Complaint states "Defendant, willfully entered and remained **on Plaintiff's property** by way of flying his drone over . . ." [D.E. 1-2 ¶ 26]. Defendant's argument that "Plaintiff fails to allege any drone flight was on the Miami Seaquarium property" is directly contrary to Plaintiff's allegations. [D.E. 12 at Pg. 5]. Additionally, on a motion to dismiss pursuant to Rule 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, accepting the well-pleaded facts of the complaint and all reasonable inferences therefrom as true. *Glover*, 459 F.3d at 1308.

### c. Plaintiff has properly alleged a cause of action for Private Nuisance.

The Defendant cites to two cases to support its argument that Plaintiff has failed to "establish something more than ordinary disturbances and annoyances." [D.E. 12 at Pg. 5-6]. Neither case supports Defendant's argument that Count II of Plaintiff's Complaint should be dismissed. In fact, they stand for the opposite.

Defendant cites to *Clark v. Bluewater Key RV Ownership Park Prop. Owners Ass'n, Inc.*, 226 So. 3d 276 (Fla. 3d DCA 2017), which states that the application of common law nuisance standards "presents an evidentiary issue" where a factfinder's conclusions must be

5

supported by competent evidence. *Id.* at 283; *see also Roebuck v. Sills,* 306 So. 3d 374, 278 (Fla. 1st DCA 2020). Additionally, *Clark* was decided upon the appeal of the trial court granting the landowner permanent injunctive relief, not on a motion to dismiss. *Id.* at 278-79. The second case Defendant cites to in support of dismissal is a 1991 Nebraska Supreme Court case, *Kaiser v. W. R/C Flyers, Inc.*, 239 Neb. 624, 477 N.W.2d 557 (1991), which was also not decided in the procedural posture of a motion to dismiss, or directly discusses the pleading standards required for a private nuisance claim. *Id.*

A private nuisance is any activity that interferes with the free use, possession, or enjoyment of one's property. *See Saadeh v. Stanton Rowing Found., Inc.,* 912 So. 2d 28, 31 (Fla. 1st DCA 2005); *Jones v. Trawick*, 75 So. 2d 785 (Fla. 1954); *Palm Corp. v. Walters*, 4 So. 2d 696 (Fla. 1941); *Knowles v. Central Allapattae Properties*. 198 So. 819 (Fla. 1940); *Mayflower Holding Co. v. Warrick*, 196 So. 428 (Fla. 1940); *Mercer v. Keynton*, 163 So. 411 (Fla. 1935). Plaintiff's Complaint states that "Defendant's unauthorized use of his drone on Plaintiff's property significantly interfered with Plaintiff's use and enjoyment" and that the interference was "both substantial and unreasonable. [D.E. 1-2 ¶¶ 30, 31]. Therefore, Plaintiff has properly pled its cause of action for private nuisance.

### C.  Plaintiff has Properly Pled a Cause of Action for Defamation

Prior to addressing Defendant's substantive arguments against Plaintiff's Defamation claim it should be noted that Defendant's Motion repeatedly wanders far outside the four corners of Plaintiff's Complaint to cite to several articles and publications to legitimize himself as an "activist." [D.E. 12 at Pg. 2]. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court may only consider documents outside the four corners of the complaint as part of the pleadings for purposes of a motion to dismiss only if such documents

6

are central to the plaintiff's claims and their authenticity is undisputed. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 1985). Plaintiff not only disputes the authenticity and relevance of these articles and publications but they are also not central to Plaintiff's claims. "Activism" is defined as "the policy or action of using vigorous campaigning to bring about political or social change. See *e.g.* Activism, Oxford English Dictionary (11th ed. 2019). Plaintiff's claims focus on the central issue that the Defendant published defamatory statements regarding the Plaintiff and did so with the knowledge that his statements were false. "Activism" holds no relationship to the allegations in Plaintiff's Complaint or Defendant's actions and all references to outside materials by the Defendant should be disregarded in this Court's analysis.

Plaintiff has properly pled a claim for defamation by pleading all required elements which include: 1) publication; 2) falsity; 3) that the defendant acted with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; 4) actual damages; and 5) the statements are defamatory. *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008); *see also Mile Marker, Inc. v. Petersen Publ'g, LLC*, 811 So. 2d 841, 845 (Fla. 4th DCA 2002) (citing *Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, 804 (Fla. 1st DCA 1997)).

a. **Defendant's Published Statements are Defamatory.**

Statements are defamatory when they "tend to subject one to hatred, distrust, ridicule, contempt or disgrace or tend to injure one in one's business or profession." *Am. Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. 3d DCA 2007) (quoting *Seropian v. Forman*, 652 So.2d 490, 495 (Fla. 4th DCA 1995)).

Defendant's Motion cherry picks excerpts of Plaintiff's **Composite Exhibit 1** to its Complaint to argue that Defendant's statements are not defamatory because they are merely the Defendant's opinions. This is not the case. Plaintiff's Complaint sets forth several false statements of fact, which cannot be construed as the mere opinions of the Defendant.

It is important to note that Defendant's social media accounts are public, meaning that any member of the public can access and view any posts published by the Defendant. Further, Defendant's defamatory statements, attached as **Composite Exhibit 1,** and incorporated throughout Plaintiff's Complaint, are a part of Plaintiff's pleading for all purposes, including for ruling on a motion to dismiss, and as such must be construed in the light most favorable to the Plaintiff. *MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295, 1301-2 (11th Cir. 2022) (citing Fed. R. Civ. P. 10(c)). It is enough that the communication would tend to prejudice the Plaintiff in the eyes of a substantial and respectable minority of the community, and that it is made to one or more of them or in a manner that makes it proper to assume that it will reach them. *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1114–15 (Fla. 2008).

Plaintiff owns and operates the Seaquarium which is "an aquarium where guests and visitors come to enjoy sea life exhibits and learn about wildlife and marine animal care and conservation." [D.E. 1-2 ¶ 8]. **Composite Exhibit 1** of Plaintiff's Complaint sets forth several defamatory statements published by the Defendant which has subjected the Plaintiff "to hatred, distrust, ridicule, contempt or disgrace . . . ." *Am. Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. 3d DCA 2007) (quoting *Seropian v. Forman*, 652 So.2d 490, 495 (Fla. 4th DCA 1995)). The Defendant by publishing statements that certain aquatic animals in the Plaintiff's care have been "held captive", "committed suicide," and kept in "solitary

8

confinement" without providing a single factual basis in support, directly harms the Plaintiff and has garnered hatred, distrust, and ridicule from Plaintiff's community. Defendant's statements are not merely "opinions" but statements of false fact. Terms such as "captive," "suicide," and "solitary confinement" are not rooted in opinion but rather conclusions. Defendant is making definitive statements directly pertaining to the standard of care and the business practices of the Plaintiff.

If this Court finds that Defendant's statements are ambiguous and reasonably suspectable of a defamatory meaning, **it is for the trier of fact to decide whether the statement is defamatory**. *Perry v. Cosgrove*, 464 So. 2d 664, 666 (Fla. 2d DCA 1985).

Alternatively, should this Court find that Defendant's published statements are his "opinions" his Motion still fails as a matter of law. Defendant's argument that the totality of the statements identified in Plaintiffs Complaint are his opinions and therefore not subject to a claim for defamation runs contrary to his own case law, *Turner v. Wells*, 879 F.3d 1254 (11th Cir. 2018). It is not mere "opinions" but "pure opinions" that are protected from defamation actions by the First Amendment. *Turner*, 879 F.3d at 1262.

Under Florida law, a defendant publishes a "pure opinion" when the defendant makes a comment or opinion **based on facts which are set forth in the publication or which are otherwise known or available to the reader as a member of the public**. *Id.* (citing *From v. Tallahassee Democrat, Inc.*, 400 So.2d 52, 57 (Fla. Dist. Ct. App. 1981)). Even if the Defendant stated the facts upon which his "opinions" are based upon, if those facts are either incomplete, or if Defendant's assessment of his statements are erroneous, the statements may still imply a false assertion of fact. *Anson v. Paxson Communications Corp.*, 736 So. 2d 1209,

9

1211 (Fla. 4th DCA 1999). Defendant's broad assertion that he has merely rendered his opinion does not shield him from an action for defamation. *Id.*

The Defendant's statements do not "set forth in the publication" **any** facts he bases his "opinions" upon. Not only does the Defendant not set forth any facts to support his "opinions" but he cannot because his statements are factually untrue and therefore defamatory.

### b. Plaintiff is not Required to Plead "Actual Malice" Because Plaintiff is not a Public Figure nor do Defendant's Defamatory Statements Involve a Matter of Public Concern.

Defendant's Motion attempts to handcuff the Plaintiff to additional pleading requirements for defamation by taking the conclusory stance that "Plaintiff is a public figure." Plaintiff is not a public figure. Defendant's argument goes against the applicable case law. Rather, Plaintiff's Complaint involves a private business dispute between private parties and Defendant's arguments go against the controlling case law.

There are two classes of public figures, "general" and "limited." *Gertz v. Robert Welch*, Inc., 418 U.S. 323 (1974). General public figures are individuals who, by reason of fame or notoriety in a community, will in all cases be required to prove actual malice. *Id.* Limited public figures, on the other hand, are individuals who have thrust themselves forward in a particular public controversy and are therefore required to prove actual malice only in regard to certain issues. *Id.*

In determining whether the Plaintiff is a public figure this Court must examine the nature and extent of Plaintiff's participation in the controversy giving rise to the alleged defamation. *Saro Corp. v. Waterman Broad. Corp.*, 595 So. 2d 87, 89 (Fla. 2d DCA 1992). Further, the mere fact that the press is attracted to a particular individual, or plaintiff, does

not make that individual a public figure or the "newsworthy" activity a matter of public concern. *See Id.*

In order to characterize the Plaintiff as a "public figure" the Defendant misrepresents the "controversy giving rise to the alleged defamation." The "controversy" Plaintiff's Complaint is rooted in, and therefore Defendant's defamatory statements arise from, is Defendant's own actions. Plaintiff's Complaint sets forth facts that are analogous to *Saro Corp. v. Waterman Broad. Corp.* where a television station defamed a repair company during its television broadcasts by publishing false statements regarding the repair company's business practices. *Id.* The court determined that the television station, not the repair company, "created a public controversy" and no evidence was present to suggest that the plaintiff "thrust" itself into the controversary. *Id.* The Defendant is not permitted, by his own conduct, to create his own defense by making the Plaintiff a public figure. *Id.*; *see also Diversified Mgmt., Inc. v. Denver Post, Inc.*, 653 P.2d 1103, 1107 (Colo. 1982). Upon finding that repair company was not a public figure the court in *Saro Corp.* ruled that the repair company was not required to establish actual malice and that its burden of proof was to establish "falsity and negligence in order to recover." *Saro Corp.*, 595 So. 2d at 89.

In the present case, the Defendant created the "controversy giving rise to the alleged defamation" and therefore cannot use his own actions to make Plaintiff a public figure to support his arguments. The Defendant, without authorization, license, or invitation flew a Drone over Plaintiff's property, captured video and images of private animal enclosures not open to the public, and published those videos and images on multiple social media accounts to support his defamatory statements. As stated above, whether Defendant's defamatory statements did or did not lead to further media attention of the Plaintiff is not dispositive of

whether there is a public issue. Additionally, as was the case in *Saro Corp.*, neither Plaintiff's Complaint or Defendant's Motion set forth facts to suggest that the Plaintiff "thrust itself" into the controversy created by the Defendant. Since the Plaintiff is a private claimant, it bears the burden of proving falsity and negligence on the part of the Defendant. *Id.* The determination of falsity and negligence on the are questions to be resolved by the trier of fact and therefore Defendant's Motion should be denied.

Alternatively, should this Court find that the Plaintiff is a "general" or "limited" public figure Plaintiff's Complaint still sufficiently pleads actual malice for purposes of ruling upon Defendant's Motion to Dismiss. The Plaintiff is not required to explicitly state the term "actual malice" in its Complaint, but rather Plaintiff must plead sufficient facts to "give a reasonable inference of actual malice." *Readon v. WPLG, LLC*, 317 So. 3d 1229, 1235 (Fla. 3d DCA 2021). Actual malice is defined as "knowledge that the statement was false or reckless disregard of whether it was false or not." *Id.* Plaintiff's Complaint sets forth the requisite level of facts to "give a reasonable inference of actual malice."

### D. Plaintiff's Complaint is not a Strategic Lawsuit Against Public Participation (SLAPP).

In an attempt to be awarded attorneys' fees Defendant mischaracterizes Plaintiff's Complaint to misapply Florida's Anti-SLAPP Statute. Florida's Anti-SLAPP Statute authorizes the filing of a motion to dismiss:

> A person or entity may move the court for an order dismissing the action or granting final judgment in favor of that person or entity. The person or entity may file a motion for summary judgment, together with supplemental affidavits, seeking a determination that the claimant's lawsuit has been brought in violation of this section. The claimant . . . shall thereafter file a response and any supplemental affidavits.

§ 768.295(4), Fla. Stat.

However, it is crucial to note that the Anti-SLAPP statute **does not** create an Anti-SLAPP "motion" with different substantive standards. Defendant has filed a Motion to Dismiss Plaintiff's Complaint. Therefore, should Defendant's Motion to Dismiss be denied, then Defendant's Anti-SLAPP "motion" should also fail.

The Defendant has the initial burden to set forth a *prima facie* case that Florida's Anti-SLAPP statute applies. *Gundel v. AV Homes, Inc.*, 264 So. 3d 304, 314 (Fla. 2d DCA 2019); *see also Volkswagen Aktiengesellschaft v. Jones*, 227 So.3d 150, 155 (Fla. 2d DCA 2017). The Defendant has the burden to establish that the Plaintiff's lawsuit is 1) without merit and 2) based on the Defendant's exercise of his constitutional right of free speech in connection with a public issue. § 768.295(1), Fla. Stat. The statute defines a "public issue" as any written or oral statement "made in connection with a . . . news report, or other similar work." *Id.* at (2)(a)(3).

The Defendant has failed to set forth a *prima facie* case that Florida's Anti-SLAPP statute applies. As more fully set forth above, Plaintiff has established that: 1) Defendant's statements were in fact defamatory; 2) Defendant's statements do not qualify as "pure opinion"; 3) Plaintiff is not a "public figure"; and 4) Defendant's statements were not made in connection with a public issue. Defendant has fallen short of the high bar of showing Plaintiff's claims are "without merit."

Additionally, Defendant's written defamatory statements were not made in connection with a "news report, or other similar work." *Id.* at (2)(a)(3). As alleged in Plaintiff's Complaint "Defendant knew the information he published was false" and therefore cannot qualify his defamatory statements as "news."

However, should this Court find that the Defendant has established a *prima facie* case that Florida's Anti-SLAPP statute applies, Plaintiff has still satisfied its burden in establishing that its claims are not "primarily" based on the First Amendment rights in connection with a public issue. *Gundel v. AV Homes, Inc.*, 264 So. 3d 304, 314 (Fla. 2d DCA 2019).

Plaintiff established above that Defendant's statements are false and therefore not protected First Amendment speech. Additionally, since Plaintiff established Defendant's defamatory statements do not involve a public official or a matter of public concern Defendant is not capable of raising First Amendment concerns to establish that Florida's Anti-SLAPP Statute applies. *Galarneau v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 504 F.3d 189, 201 (1st Cir. 2007*)*. The primary purpose of Plaintiff's lawsuit is to seek damages causes by Defendant's unprotected speech. Thus, Florida's Anti-SLAPP Statute does not apply here.

### E. Plaintiff Should be Granted Leave to Amend as to its Cause of Action for Injunctive Relief.

As previously stated, on July 28th, 2023, Defendant removed Plaintiff's lawsuit from state court to the United States District Court for the Southern District of Florida. [D.E. 1].

On July 28th, 2023, Defendant then removed the case to the United States District Court for the Southern District of Florida and subsequently filed his Motion to Dismiss. Under Florida State Law Plaintiff is permitted to plead injunctive relief as a separate cause of action. *See Weinstein v. Aisenberg*, 758 So. 2d 705 (Fla. 4th DCA 2000); *Weekley v. Pace Assembly Ministries, Inc.*, 671 So. 2d 220, 220 (Fla. 1st DCA 1996).

Pursuant to Rule 81(c)(1) of the Federal Rules of Civil Procedure, upon the removal of Plaintiff's Complaint the Federal Rules of Civil Procedure now apply. Defendant argues that since Rule 65 of the Federal Rules of Civil Procedure and federal case law does not allow

Plaintiff's request for Injunctive Relief to be plead as a separate cause of action now governs Plaintiff's request for Injunctive Relief is now untenable and should be dismissed. *See Rubinstein v. Keshet Inter Vivos Trust*, No, 17-61019, 2018 WL 3730875, at *7 (S.D. Fla. June 11, 2018).

However, at the time Plaintiff's Complaint was filed, Plaintiff properly pled its cause of action for injunctive relief by alleging ultimate facts which, if true, would establish (1) irreparable injury (that is, injury which cannot be cured by money damages), (2) a clear legal right, (3) lack of an adequate remedy at law and (4) that the requested injunction would not be contrary to the interest of the public generally. *Weekley v. Pace Assembly Ministries, Inc.*, 671 So. 2d 220 (Fla. 1st DCA 1996). Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure courts should "freely give leave when justice so requires" to allow Plaintiff to amend its Complaint.

Additionally, and as to all of Defendant's arguments for dismissal, court's generally do not grant the extreme remedy of dismissal with prejudice. *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985). Should this Court find any of Plaintiff's Causes of Action warrant dismissal they should not be dismissed with prejudice, and Plaintiff should be granted leave to amend its Complaint.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss in its entirety, and for any such other and further relief as the Court deems just and proper.

        **Respectfully Submitted,**

        **JONES & ADAMS, P.A.**
        999 Ponce de Leon, Suite 925
        Coral Gables, Florida 33134
        Telephone: (305) 270-8858
        Facsimile: (305) 270-6778

        <u>/S/ Matthew L. Jones</u>
        Matthew L. Jones, Esq.
        Florida Bar No.: 909335
        Email: matthew@jones-adams.com
        W. Steven Adams, Esq.
        Florida Bar No.: 930164
        Email: steven@jones-adams.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 28, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                    /s/ Matthew L. Jones