UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

      Plaintiff,

v.

PHILIP DEMERS,

      Defendant.

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO JOIN NECESSARY PARTY AND REMAND CASE

Respectfully submitted,

**JONES & ADAMS, P.A.**
*Attorney for Plaintiff*
999 Ponce de Leon Blvd., Suite 925
Coral Gables, FL 33134
Tel: (305) 270-8858
Fax: (305) 270-6778
matthew@jones-adams.com

By:   */s/ Matthew L. Jones*
       Matthew L. Jones, Esq.
       Florida Bar No.: 909335

## TABLE OF CITATIONS

**Cases**

*Alleyne v. Am. Sec. Ins. Co.*,
2011 WL 12711451 (S.D. Fla. Apr. 12, 2011) ................................................................ 9

*Bechtelheimer v. Continental Airlines, Inc.*
776 F.Supp.2d 1319 (M.D. Fla. 2011) ...........................................................................11

*Dever v. Family Dollar Stores of Ga., LLC*,
755 F. App'x 866 (11th Cir. 2018) ................................................................................. 8

*Fiddler's Creek Cmty. Dev. Dist. 2 v. U.S. Bank Nat'l Ass'n*,
2012 WL 2358295 (M.D. Fla. 2012) .............................................................................. 9

*Foman v. Davis*,
371 U.S. 178 (1962) ....................................................................................................... 7

*Godwin v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
2006 WL 3924795 (M.D. Ala. 2006) ........................................................................... 10

*Heininger v. Wecare Distribs., Inc.*,
706 F. Supp. 860 (S.D. Fla. 1989) .................................................................................11

*Henry v. K–Mart Corp.*,
Case No. 8:10–cv–2105–T–33MAP, 2010 WL 5113558, 2010 U.S. Dist. LEXIS 134499
   (M.D.Fla. Dec. 9, 2010) ........................................................................................... 12

*Hensgens v. Deere & Co.*,
833 F.2d 1179 (5th Cir. 1987) ....................................................................... 8, 9, 10, 11

*Ingram v. CSX Transportation, Inc.*,
146 F.3d 858 ................................................................................................................... 8

*Kleopa v. Prudential Investment Management, Inc.*,
2009 WL 2242606 (S.D. Fla. 2009) ............................................................................. 10

*Korman v. Berkshire Life Insurance Company of America*,
615 F.Supp.3d 1315 (S.D. Fla. 2022) ............................................................................11

*Pacheco de Perez v. AT & T Co.*,
139 F.3d 1368 (11th Cir.1998) ..................................................................................... 12

*Pinnacle Advert. & Mktg. Group, Inc. v. Pinnacle Advert. & Mktg. Group, LLC*,
7 F.4th 989 (11th Cir. 2021) .................................................................................................. 7

*Rubinstein v. Keshet Inter Vivos Trust*,
No, 17-61019, 2018 WL 3730875 (S.D. Fla. June 11, 2018) .......................................... 8

*Shipner v. E. Air Lines, Inc.*,
868 F.2d 401 (11th Cir. 1989). ............................................................................................. 7

*Silverman v. Wells Fargo Insurance Services U.S.A., Inc.*,
20 F.Supp.3d 1357 (S.D.Fla. 2014) .................................................................................. 12

*Simon v. Howmedica Osteonics Corp.*,
981 F. Supp. 2d 1232 (S.D. Fla. 2012) ............................................................................... 9

*Stillwell v. Allstate Ins. Co.*,
663 F.3d 1329 (11th Cir. 2011) .......................................................................................... 13

*T&G Corporation v. United Casualty & Surety Insurance Co.*,
552 F.Supp.3d 1334 (S.D.Fla. 2021) .................................................................................. 8

*Total Fleet Solutions, Inc. v. Nat'l Crime Ins. Bureau*,
612 F.Supp.2d 1232 (M.D.Fla.2009) ................................................................................ 12

*Triggs v. John Crump Toyota, Inc.*,
154 F.3d 1284 (11th Cir.1998) ............................................................................. 11, 12, 13

*Univ. of S. Alabama v. Am. Tobacco Co.*,
168 F.3d 405 (11th Cir. 1999) ............................................................................................ 12

*Weekley v. Pace Assembly Ministries, Inc.*,
671 So. 2d 220 (Fla. 1st DCA 1996) ................................................................................... 8

*Weinstein v. Aisenberg*,
758 So. 2d 705 (Fla. 4th DCA 2000) ................................................................................... 8

*Whitt v. Sherman Int'l Corp.*,
147 F.3d 1325 (11th Cir. 1998) ............................................................................................ 8

**Statutes**

28 U.S.C. § 1447(e) ...................................................................................................... 8, 11, 12

**Rules**

Federal Rule of Civil Procedure 15(a)(2)…..……………………………………………….. 7, 8

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO JOIN NECESSARY PARTY AND REMAND CASE

Plaintiff, MS Leisure Company ("MS Leisure"), by and through undersigned counsel, hereby files this Motion for Leave to Amend Complaint (the "Motion") pursuant to both Federal Rule of Civil Procedure 15(a)(2) and 28 U.S.C. § 1447(e), and in support states as follows:

## INTRODUCTION AND BACKGROUND

1. On May 24th, 2023, Plaintiff filed its Complaint against Defendant, Philip Demers, in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. On July 28th, 2023, the Defendant then removed the case to the United States District Court for the Southern District of Florida on the basis of diversity jurisdiction.

3. Following both Plaintiff's original filing of its Complaint in Florida's state court, and the subsequent removal to the Southern District, several events have occurred that necessitate the filing of Plaintiff's Amended Complaint, attached hereto as **Exhibit 1**.

4. The most impactful of these events is the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023.

5. Lolita was an orca that was under the care of the Plaintiff, and referred in various pleadings and discovery requests in this matter.

6. Considering Lolita's unexpected passing, the Plaintiff cannot in good faith reasonably articulate the damages related to Count III of its original Complaint, and based on this unexpected change of circumstances in the case, the Plaintiff cannot maintain that Count.

7. Additionally, following the filing of Plaintiff's Complaint Plaintiff has uncovered additional facts that were not previously available to it at the time of filing its original Complaint. Those additional facts are set out in the attached proposed Amended Complaint. *See **Exhibit 1**.*

8. Plaintiff would be substantially prejudiced should it be denied the opportunity to

bring these additional facts and parties to the Court's attention, via the attached Amended Complaint.

9. Just by way of example, such fact is the involvement of Airman Helicopter Inc. ("Airman"), a Florida Corporation, which on July 14th, 2023, after the filing of the original Complaint, without authorization, trespassed into and on Plaintiff's airspace.

10. As set forth in further detail in the proposed Amended Complaint, Airman not only trespassed and created a nuisance to Plaintiff's property but further, and specifically, assisted in Demers' own repeated perpetration of trespass and nuisance.

11. Demers was present in Airman's helicopter flight, on and within the Plaintiff's airspace. The flight has been described by witnesses as repeated flyovers which buzzed the Plaintiff's property during regular business hours and at an altitude of less than 150 feet.

12. Demers admitted on his own public social media accounts that Airman and Demers' joint helicopter flight on this date was in response to the filing of Plaintiff's Complaint.

13. In addition to naming Airman as a defendant in this lawsuit, the Plaintiff has also set forth additional facts that further establish Demers' physical trespass upon Plaintiff's property but also establish that Demers', and his agents or representatives, continued flights of drones in and on Plaintiff's airspace.

14. These facts go directly to Plaintiff's request for injunctive relief and demonstrate Demers', and his agents and representatives, unabated intentions to continue their interference with Plaintiff's business operations.

15. Finally, leave to amend should be granted to allow Plaintiff to properly plead its request for injunctive relief in compliance with the Federal Rules of Civil Procedure.

16. Plaintiff's Motion is timely pursuant to this Court's Scheduling Order [DE#18]

entered on August, 29th, 2023, which allows for Motions for Leave to Amend be filed within forty-five (45) days after the first responsive pleading by the last responding defendant. Since no responsive pleading has been filed by Demers Plaintiff's Motion is timely.

17. For the foregoing reasons, and as further outlined below, this Court should grant Plaintiff leave to Amend its Complaint to join Airman as a defendant and plead additional facts that go directly to the claims asserted against Philip Demers.

## ARGUMENT AND MEMORANDUM OF LAW

Plaintiff's Motion requests different forms of amendment. The first is Plaintiff's request for leave to amend its Complaint to allege additional facts as to Defendant Philip Demers as well as properly plead injunctive relief in compliance with the Federal Rules of Civil Procedure. The other amendment is the joinder of Defendant Airman which would take away this Court's subject matter jurisdiction and necessitate the remand of this case back to state court.

Plaintiff's first basis of amendment is governed by Federal Rule of Civil Procedure 15(a)(2). The Supreme Court has instructed that FRCP 15's mandate—i.e., that leave to amend "shall be freely given when justice requires"—"is to be heeded[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Pinnacle Advert. & Mktg. Group, Inc. v. Pinnacle Advert. & Mktg. Group, LLC*, 7 F.4th 989, 1000 (11th Cir. 2021) ("While allowing an amendment is a discretionary decision, we have explained that district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute.") (citing *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989) ("This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.").

Plaintiff's originally filed state court Complaint properly pled Injunctive Relief as a separate cause of action, which is permitted under Florida Law. *See Weinstein v. Aisenberg*, 758 So. 2d 705 (Fla. 4th DCA 2000); *Weekley v. Pace Assembly Ministries, Inc.*, 671 So. 2d 220, 220 (Fla. 1st DCA 1996). However, in Federal Court injunctive relief is an equitable remedy not permitted to be pled as a separate cause of action. *See Rubinstein v. Keshet Inter Vivos Trust*, No, 17-61019, 2018 WL 3730875, at *7 (S.D. Fla. June 11, 2018).

Plaintiff's request to amend its Complaint to properly plead injunctive relief and additional facts as to Demers, not known at the time the original Complaint was filed, should be freely given.

Plaintiff's second basis for requesting leave to amend, to join Airman as defendant, is governed by 28 U.S.C. § 1447(e) and is addressed in depth below.

**Leave Should be Granted to Allow the Joinder of Airman**

Removal statutes are narrowly construed with any uncertainties resolved in favor of remand. *See Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). Since a portion of this Motion seeks both joinder and remand, that portion is not governed by the pleading standard of Fed. R. Civ. P. 15(a)(2). Instead, in resolving the Motion, this Court must look to 28 U.S.C. § 1447(e), which provides, in pertinent part, as follows: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Therefore, this Court may either deny joinder or permit joinder and remand the case back to state court. *T&G Corporation v. United Casualty & Surety Insurance Co.*, 552 F.Supp.3d 1334 (S.D.Fla. 2021), citing, *Ingram v. CSX Transportation, Inc.*, 146 F.3d 858, 862.

In determining whether joinder of a defendant pursuant to 28 U.S.C. § 1447(e) is permissible Federal Courts utilize the *Hensgen* Factors to guide their decision. The *Hensgen*

factors include: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether [the movant] has been dilatory in asking for the amendment; (3) whether [the movant] will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities." *Simon v. Howmedica Osteonics Corp.*, 981 F. Supp. 2d 1232, 1237 (S.D. Fla. 2012) (citing, *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). Although the procedural choice is a binary one, this Court has "broad discretion in weighing these factors" and in deciding which route to take. *See Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018).

### **The Purpose for Joinder is Not to Divest this Court of Jurisdiction**

Plaintiff will address both the first and second *Hensgen* factors together since the same reasoning runs through both analyses. The purpose of the joinder of Airman as a defendant is neither for the purpose of divesting this Court of jurisdiction or requested due to any delay on the part of the Plaintiff.

Prior to Plaintiff's argument, it is important that this Court be aware that the "mere fact that the requested amendment would divest the Court of its jurisdiction does not, in itself, establish that Plaintiff's motive in seeking amendment is to accomplish this aim." *Alleyne v. Am. Sec. Ins. Co.*, 2011 WL 12711451, at *3 (S.D. Fla. Apr. 12, 2011); *see also Fiddler's Creek Cmty. Dev. Dist. 2 v. U.S. Bank Nat'l Ass'n*, 2012 WL 2358295, at *3 (M.D. Fla. 2012).

In the present case, the facts that necessitate Airman being joined as a defendant in this case arose **following** the filing of Plaintiff' original Complaint in state court. Plaintiff's original Complaint was filed on **May 24th, 2023**. On **July 14th, 2023**, Demers and Airman, jointly, and in concert, flew a helicopter in and on the Seaquarium's airspace. Therefore, Plaintiff was unable to bring suit against Airman at the time the original Complaint was filed and no undue delay on the

part of the Plaintiff occurred. Additionally, Plaintiff's Motion is timely pursuant to this Court's Scheduling Order [DE#18] entered on August, 29th, 2023, which allows for Motions for Leave to Amend be filed within forty-five (45) days after the first responsive pleading by the last responding defendant. Since no responsive pleading has been filed by Demers Plaintiff's Motion is timely.

The helicopter flight was not only conducted dangerously close to ground level, purported to have been below 150 feet in altitude, but was conducted during regular business hours where the helicopter, owned and operated by Airman, repeatedly "buzzed" the property. Airman's actions not only constitute trespass and nuisance but also its substantial assistance in Demers' own repeated trespass and private nuisance of the Plaintiff's property. Demers was explicit on his own public social media accounts that his and Airman's joint flyover was conducted in direct response to Plaintiff's initiation of this lawsuit. *See **Exhibit 4 to the Attached Amended Complaint***.

### Plaintiff Would be Prejudiced if Joinder is not Permitted

The third *Hensgens* factor, analyzing whether the Plaintiff would be injured if amendment is not permitted, weighs heavily in the Plaintiff's favor. Should this Motion be denied, it would necessitate Plaintiff's filing of a separate Florida lawsuit which would unjustly prejudice the Plaintiff in requiring it to litigate parallel cases arising from the same operative facts and law.

Parallel lawsuits would place an undue burden on the Plaintiff to incur additional legal costs and has been frequently founds by courts to not serve the purpose of judicial economy. *See Kleopa v. Prudential Investment Management, Inc.*, 2009 WL 2242606 (S.D. Fla. 2009); citing, *Godwin v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2006 WL 3924795, at * 3 (M.D. Ala. 2006) ("the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources" tip the balance of equities in favor of allowing amendment).

### Equity Requires the Joinder of the Airman

The fourth *Hensgen* factor, regarding any other factors that speak to the equity of a defendant's joinder also exclusively weigh in Plaintiff's favor. As outlined above, denying the joinder of Airman would require the Plaintiff to litigate two parallel suits and incur unnecessary legal expenses.

Joinder of a defendant under §1447(e) does not require the non-diverse defendant to be indispensable in order to be joined. *See Heininger v. Wecare Distribs., Inc.*, 706 F. Supp. 860, 862 (S.D. Fla. 1989) (explaining that the new defendant "need not be indispensable ... in order for a district court to permit joinder and remand the action to state court"), *see also Hensgens*, 833 F.2d at 1182 (concluding that the "balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party"). This Court's denial of the joinder of Airman would only serve the purpose of substantially prejudicing the Plaintiff and hindering its ability to properly, and efficiently, adjudicate the causes of action that arise from the identical set of operative facts.

### Airman's Joinder is not Fraudulent

Anticipating Demers' likely argument that the joinder of Airman as a defendant in this case would constitute a fraudulent joinder, and this Court's additional analysis following the *Hensgen* factors, Plaintiff addresses this Court's concerns head on.

After evaluating the three *Hensgens* factors under 1447(e), a court must consider whether the joinder of the non-diverse party is fraudulent. *Korman v. Berkshire Life Insurance Company of America*, 615 F.Supp.3d 1315 (S.D. Fla. 2022); *see also Bechtelheimer v. Continental Airlines, Inc.* 776 F.Supp.2d 1319 (M.D. Fla. 2011), citing, *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998). The Eleventh Circuit has set forth three "scenarios" where a court may find fraudulent joinder, which include: 1) "when there is no possibility that the plaintiff can

prove a cause of action against the resident (non-diverse) defendant"; 2) "outright fraud in the plaintiff's pleading of jurisdictional facts; and 3) "where a diverse a diverse defendant is joined with a non-divers defendant as to whom there is not joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

Additionally, federal courts must narrowly construe removal statutes and "resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." *Henry v. K–Mart Corp.*, Case No. 8:10–cv–2105–T–33MAP, 2010 WL 5113558, at *3, 2010 U.S. Dist. LEXIS 134499, at *7 (M.D.Fla. Dec. 9, 2010), quoting, *Total Fleet Solutions, Inc. v. Nat'l Crime Ins. Bureau*, 612 F.Supp.2d 1232, 1234 (M.D.Fla.2009). Thus, "[t]he burden of establishing fraudulent joinder is a heavy one." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir.1998).

In determining whether joinder of resident defendant was fraudulent, as would warrant remand, a court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainty about the applicable law in the plaintiff's favor; a plaintiff's subjective motivation for joining the resident defendant is irrelevant. *Silverman v. Wells Fargo Insurance Services U.S.A., Inc.,* 20 F.Supp.3d 1357 (S.D.Fla. 2014). Furthermore, "[t]he permissive language of § 1447(e) indicates that Congress intended to give the judiciary broad discretion in allowing joinder, even though remand may result." *Id*. "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Indeed, "[a] presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies

in its own courts." *Id*.

In viewing the factual allegations present in Plaintiff's proposed Amended Complaint, attached as **Exhibit 1**, in the light most favorable to the Plaintiff, it is clear that none of the Eleventh Circuit's fraudulent joinder "scenarios" is present. As to the first scenario, Demers' is unable to satisfy the heavy burden required to demonstrate to this Court that there is no possibility to prove its claims against Airman.

The removing party must prove by clear and convincing evidence that there is no possible claim against the resident defendant. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). This standard does not require that the plaintiff have a winning case against the allegedly fraudulent defendant; "he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id*.

In the present case, there are obvious and legitimate causes of action against Airman proffered in the Amended Complaint for trespass, private nuisance, and aiding and abetting Demers in his perpetration of the same. These causes of action would certainly survive in a state court proceeding and are not frivolous.

As to the second scenario set forth by the Eleventh Circuit, there is absolutely no evidence, proffered by Demers, or otherwise, to find "outright fraud in the plaintiff's pleading of jurisdictional facts." Airman is a registered Florida corporation with its principal place of business and mailing address registered at 284 Imperial Lane, Lauderdale by the Sea, Florida 33308.

Finally, the third scenario fails for obvious reasons. Demers is incapable of demonstrating

that the claims against Airman hold no connection to the claims against him. Demers was present in Airman's, owned and operated, helicopter, as they jointly committed torts of trespass and private nuisance as to the Plaintiff. Following their joint flight, Demers admits on his own social media that the flight was in direct response to the initiation of this lawsuit and that "**we** decided to fly a helicopter over them."

**WHEREFORE**, Plaintiff respectfully request this Court enter an Order granting it leave to file the attached Amended Complaint and remand back to state court and any other further relief deemed just and proper.

### MEET AND CONFER CERTIFICATE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that on October 20th, 2023, Plaintiff's Counsel met and conferred with Defendant's Counsel, via email, to resolve the issues set forth in this Motion. Defendant's Counsel responded, stating that Defendant does not oppose Plaintiff's withdrawal of its Defamation Claim but otherwise opposes the relief sought.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 23rd, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Matthew L. Jones