UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

    Plaintiff,

v.

PHILIP DEMERS,

    Defendant.

### DEFENDANT PHILIP DEMERS' OPPOSITION TO PLAINTIFF MS LEISURE COMPANY'S MOTION FOR LEAVE TO AMEND AND FOR REMAND

Pursuant to 28 U.S.C. § 1447(e), Defendant Philip Demers opposes Plaintiff MS Leisure Company's motion for leave to amend the complaint and for remand [ECF No. 22], which Plaintiff filed alongside a proposed amended complaint ("PAC") [ECF No. 23] that proposes to voluntarily dismiss Plaintiff's defamation claim (which Defendant does not oppose) and add several other claims an additional nondiverse party. Defendant requests that the Court deny the joinder of the nondiverse party and deny the motion for remand, which is a transparent attempt to defeat diversity jurisdiction. In support, Defendant states as follows:

### INTRODUCTION AND BACKGROUND

Plaintiff, MS Leisure, has sued Mr. Demers related to his speech that exposed and criticized the manner in which their business, the Miami Seaquarium, holds animals captive. Sadly, Mr. Demers criticisms have repeatedly been proven valid.[1] Lolita died in August 2023 due to multiple

---

[1] While Defendant has no opposition to Plaintiff's motion for leave to withdraw the defamation count, which had no basis in law or fact, Defendant and counsel do not accept Plaintiff's justification for the dismissal (claiming it could not ascertain damages due to Lolita's death).

chronic illnesses.[2] Continuing the Seaquarium's history of neglect, the USDA recently cited the Seaquarium for multiple animal violations in 2023, including but not limited to inadequate veterinary care and animal handling.[3] These violations have jeopardized the Seaquarium's lease with Miami-Dade County.[4] Instead of addressing these more pressing problems, Plaintiff now attempts to divest this court or jurisdiction, representing just another move in its gamesmanship to silence Mr. Demers.

Plaintiff originally filed suit in state court on May 24, 2023. Mr. Demers removed this matter to federal court on July 28, 2023. [ECF No. 1]. MS Leisure did not object or move for remand. Following removal, the parties extensively briefed a Motion to Dismiss [ECF Nos. 12, 17, 20], and the matter was submitted to the Court on September 3, 2023.

Now—realizing that its claims are infirm—Plaintiff seeks to divest this Court of jurisdiction by asking to join a nondiverse plaintiff, Airman Helicopter Inc ("Airman"). Plaintiff alleges Airman flew Mr. Demers in a helicopter over the Miami Seaquarium on July 14, 2023. [ECF No. 22 at 6 ¶¶ 9–12]. Plaintiff further claims, with no support, that Airman "buzzed" the

---

[2] *See* "Miami Seaquarium's Lolita the orca died from old age and multiple chronic illnesses, necropsy finds," The Associated Press (Oct. 17, 2023), *available at* https://apnews.com/article/lolita-orca-cause-of-death-miami-seaquarium-308418d9a4eb542dd0c926ca9c22fb8a (last accessed Nov. 10, 2023).

[3] Kim Wynne, "USDA Report details violations and animal safety concerns at Miami Seaquarium," NBC Miami (November 3, 2023), *available at* https://www.nbcmiami.com/news/local/usda-report-details-violations-and-animal-safety-concerns-at-miami-seaquarium/3150773/ (last accessed Nov. 12, 2023). PETA has also written to Miami's mayor summarizing the Seaquarium's repeated history of mistreating their animals. "Re: Termination of Miami Seaquarium's Lease for Violating Federal Law," People for Ethical Treatment of Animals (November 3, 2023), *available at* https://www.peta.org/wp-content/uploads/2023/11/From-PETA-Terminate-Miami-Seaquarium-Lease-Following-USDA-Report-Nov.-3-2023_Redacted.pdf (last accessed Nov. 12, 2023).

[4] *Id.*

Seaquarium property during business hours. *Id.* However, Airman does *not* charter flights in Miami nor has it *ever taken Mr. Demers on any flight. See* Declaration of Francois Favart ("Favart Decl.") ¶¶ 5-6, attached as **Exhibit A**.[5]

Plaintiff's alleged trespassory helicopter flight occurred two weeks before removal to federal court; seven weeks before the motion to dismiss was submitted to this court; and fourteen weeks before their motion to amend. In its motion to amend, Plaintiff provided zero justification for the delay. Instead, its motion is a transparent attempt to fraudulently join a nondiverse party for the express purpose of divesting this Court of diversity jurisdiction over these claims. The Court should deny Plaintiff's motion.

## MEMORANDUM OF LAW

Congress imbued federal courts with original jurisdiction over civil actions that exceed the sum or value of $75,000 where each plaintiff is a citizen of a different state from each defendant. *See* 28 U.S.C. § 1332(a) (diversity jurisdiction). A lack of diversity of citizenship between the plaintiffs on the one hand, and the defendants on the other, generally requires remand. *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019). Jurisdiction is determined at the time of removal, and fictitious defendants, or John Does, are disregarded for the purpose of determining the citizenship of defendants. *Id.* (citing 28 U.S.C. § 1441(b)(1)). Accordingly, when Mr. Demers removed this case, there was diversity. *See* [ECF No. 1].

Where, as here, a plaintiff seeks to join a nondiverse defendant post-removal, the court may deny joinder and maintain jurisdiction over the action under 28 U.S.C. § 1447(e). *See, e.g.*, *Absorbezz LLC v. Hierseman*, No. 19-61442, 2019 WL 11506034, at *1 (S.D. Fla. Sept. 12, 2019)

---

[5] *Cf.* "Tours," AirmanHelicopter.com, *available at* https://www.airmanhelicopter.com/tours (last accessed November 12, 2023).

(Cooke, J.). (quoting 28 U.S.C. § 1447(e)). Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The provision is specifically designed "to avoid a plaintiff's gamesmanship of divesting the court of subject-matter jurisdiction by giving the Court discretion to deny joinder if the added defendant would destroy diversity." *Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1321 (S.D. Fla. Aug. 25, 2017). Therefore, a court deciding whether to permit or deny the joinder of a nondiverse party has only two options: (1) deny joinder or (2) permit joinder and remand the case.

Courts are generally suspicious of a plaintiff's effort to join a nondiverse party after removal. *See Fassmer Serv. Am., LLC v. Ciramar Shipyards Int'l Trading Co.*, No. 23-CV-21625, 2023 WL 6461270, at *4 (S.D. Fla. Oct. 4, 2023). When deciding whether to permit or deny joinder, the Court must balance the defendant's interest in maintaining the federal forum they chose with the competing interests of not having parallel lawsuits. *Absorbezz*, 2019 WL 11506034, at *1; *see also Seropian v. Wachovia Bank, N.A.*, No. 10-80397, 2010 WL 2822195, at *3 (S.D. Fla. July 16, 2010).

To that end, the Court must consider "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether a plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. *Small v. Ford Motor Co.*, 923 F. Supp. 2d 1354, 1356 (S.D. Fla. 2013) (derived from *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)); *see also Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 885–86 (11th Cir. 2020) (applying the *Hensgens* factors to affirm denial of motion to amend and remand); *Reyes v. BJ's Rest., Inc.*, 774 F. App'x 514, 571 (11th Cir. 2019) (same); *Absorbezz*, 2019 WL 11506034, at *2

(applying the *Small*/*Hensgens* factors). The Court has "broad discretion in weighing these factors." *Fassmer,* 2023 WL 6461270, at *3.

Importantly, in evaluating these factors, "the parties do not start out on an equal footing;" a defendant's right to choose the federal forum is weighted heavily in the analysis. *Small*, 923 F. Supp. 2d at 1357. Thus, a district court "should scrutinize [a proposal to join a nondiverse party] *more closely* than an ordinary amendment and should deny leave to amend unless strong equities support the amendment." *Access Pictures, LLC v. Sony Pictures Home Entm't, Inc.*, No. 16-20529, 2017 WL 3107202, at *2 (S.D. Fla. Feb. 21, 2017), *report and recommendation adopted*, 2017 WL 7735188 (S.D. Fla. Dec. 29, 2017) (emphasis in original) (citation removed). As shown below, the balance of these four factors weighs heavily in favor of Mr. Demers and against joinder. As a result, Plaintiff's motion should be denied.

1. **The purpose of the amendment is to defeat diversity jurisdiction and Plaintiff was dilatory in seeking amendment.**

Plaintiff's unexplained delay in their amendment support a finding that the first two *Hensgen* factors – whether plaintiff's motive is to defeat diversity jurisdiction and whether plaintiff was dilatory in seeking an amendment – weigh *against* joinder and remand. Courts often consider these factors together as they require a similar analysis. *Korman v. Berkshire Life Insurance Company of America*, 615 F.Supp.3d 1315, 1319 (S.D. Fla. July 18, 2022); *Kim v. Home Depot U.S.A., Inc.*, No. 08-14331-CIV, 2008 WL 11417381, at *1 (S.D. Fla. Dec. 11, 2008) ("Courts frequently consider factors one and two together, construing a plaintiff's delay in attempting to add the nondiverse defendant as indicative of an intent to avoid federal jurisdiction").

In determining whether the true purpose of post-removal joinder is simply to destroy federal jurisdiction, courts consider the timing and substance of the amendment. *See Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Speciality Ins. Co.,* 799 F.Supp.2d 1333, 1335 (S.D.

5

Fla. 2011). Courts routinely find that a plaintiff attempts to destroy diversity when the proposed joinder arises *after* removal but before discovery has commenced. *See Small*, 923 F. Supp. 2d at 1357 (finding that joining a nondiverse defendant just after removal but before discovery suggested that the proposed amendment sought to destroy diversity jurisdiction); *cf. Korman*, 615 F.Supp. at 1319 ("Courts have found that filing an Amended Complaint and a Motion to Remand on the same day can indicate specific intent by Plaintiff to destroy diversity jurisdiction") (citing *Ibis*, 799 F.Supp.2d at 1335). Additionally, courts consider whether the plaintiff was aware or should have been aware of the nondiverse defendant when the suit was filed. *Andreasen*, 276 F. Supp. 3d at 1329; *Ibis*, 799 F. Supp. 2d at 1333; *Seropian*, 2010 WL 2822195, at *3; *cf. Hickerson*, 818 F. App'x at 886 (finding plaintiffs were dilatory in filing motion to amend 15 days after removal because they could have ascertained those parties' role in the underlying events at the outset of the case).

Here, Plaintiff sought to amend its complaint and seek remand contemporaneously, *after removal* and before plaintiff has sought any discovery in this matter. Mr. Demers posted a video of the helicopter flight on July 14, 2023; removal was July 28, 2023; and plaintiff's motion to amend was filed October 23, 2023. As evidenced its other filings, Plaintiff regularly monitors Mr. Demers' social media, strongly supporting it knew or should have known about the alleged claim months ago. And nothing in its motion suggests that Plaintiff was not on notice of the helicopter flight prior to removal; it makes no argument that its delay in moving for leave to amend was due to late discovery of the facts necessitating amendment. Additionally, Plaintiff would have immediately been aware of this supposed trespassory incident if the helicopter flight was as disruptive and dangerous as its claims. Plaintiff provides no explanation why—in the two weeks before removal or since—it made no effort to amend the complaint and add Airman as a party. In

sum, based on Plaintiff's behavior, the first two *Hengsen* factors weigh *against* joinder and remand.

### 2. Plaintiff will not be *significantly* injured if joinder is denied, particularly where it cannot state a "possible" claim against Airman.

Plaintiff does not articulate any particular injury it would suffer if joinder was denied aside from complaining of having to litigate parallel cases in state and federal court. [ECF No. 22 at 10]. Denial of joinder and remand will always have the potential of parallel state and federal proceedings. Such a consequence, alone, is insufficient to require joinder and remand. *Houston v. Creative Hairdressers, Inc.*, 2018 WL 388490, at *2 (M.D. Fla. Jan. 12, 2018) ("[H]aving parallel state/federal proceedings is a consequence any[ ]time a post-removal motion to amend to add a non-diverse defendant is denied."). Moreover, the risk of parallel state/federal proceedings is null as Plaintiff would not be able to pursue a claim against Airman because its *has never flown Mr. Demers on any helicopter flight.* Favart Decl. at ¶ 6.

In fact, the PAC itself is suspect and Plaintiff cannot plausibly state a claim against Airman when it is not the correct party. Even if the Court were to disagree on the significance of the injury generally because the PAC cannot state a claim against Airman, the arguments Plaintiff raises are conjecture and hypothetical because its proposed amendment would ultimately fail. Although Plaintiff "need not have a winning case against the allegedly fraudulent defendant; [it] need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Watts v. Wal-Mart Stores E., LP*, 2023 WL 2028384, at *2 (S.D. Fla. Feb. 16, 2023) (Moore, J.) (ordering the plaintiff to show cause why the fraudulent joinder did not violate Rule 11) (citing *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011)). This is not a 12(b)(6) standard, but rather a showing of the "possibility" of stating a claim. *Watts*, 2023 WL 2028384, at *2. In making such determination, "courts must consider 'the plaintiff's pleadings at the time of removal,

7

supplemented by any affidavits and deposition transcripts submitted by the parties." *Id.* (quoting *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)). Airman's declaration therefore must be considered in determining whether the PAC has the "possibility" of stating a claim. Because Airman has no connection with this dispute, its joinder cannot possibly be sustained.[6]

Finally, Plaintiff makes no argument it could not obtain complete relief against Mr. Demers for the alleged trespassory helicopter flight. *See Reyes*, 774 F.App'x at 517 (denying remand in part because there was no reason plaintiff could not obtain complete relief without the nondiverse defendants). Accordingly, this factor weighs *against* joinder and remand.

### 3. Equities warrant the case remaining in federal court.

The last prong of the *Small/Hensgens* test considers whether any other factors bear on the equities in support of joinder. *Small*, 923 F. Supp. 2d at 1357. Plaintiff argues that judicial economy should weigh in favor of remand to avoid parallel proceedings in state court. This argument is disingenuous—as Plaintiff waited until after the parties and this Court had already expended great effort litigating the motion to dismiss.

But, as set forth above, Plaintiffs have no viable claims against Airman, so there is no danger of parallel lawsuits if joinder is denied. And, even if there was such danger, that would not tip the scales in favor of Plaintiff and against Mr. Demers' statutory right to choose this federal forum. *Hickerson*, 818 F. App'x at 886 (having to litigate in state court was not significant injury

---

[6] The PAC fails for the same reasons Mr. Demers' stated in his motion to dismiss and reply [ECF Nos. 12 & 20] with respect to its conclusory and vague claims and unlawful motive. Although Plaintiff has removed its count for injunctive relief, its request fails for the same reasons Mr. Demers raised in his motion. Simply because Plaintiff seeks leave to restructure its claims and withdraw its frivolous defamation claim, does not mean that its motivation in bringing this suit—to unlawfully silence Mr. Demers in violation of the Florida anti-SLAPP statute—is vitiated.

even if it were to result in duplicative efforts); *Small*, 923 F. Supp. 2d at 1358 (plaintiff's ability to sue the proposed defendants in state court weighed *against* a finding of prejudice to plaintiffs). Finally, a separate state court proceeding on a single, discrete incident would be equitable to Airman. Otherwise, they would be dragged into a federal proceeding which mostly relates to numerous other allegations of (mostly unspecified) trespass by Mr. Demers.

Accordingly, this final factor weighs *against* joinder and remand.

### 4. Plaintiff's joinder of Airman *is* fraudulent.

After reviewing the *Hensgen* factors, a court may also consider whether the amendment is fraudulent. *See Korman*, 615 F.Supp. at 1315. A claim may be fraudulent "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant…." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Here, all *Hensgen* factors weigh *against joinder and remand*. Plaintiff's fraudulent joinder of Airman further supports that conclusion.

As discussed above, Airman has never contracted with Mr. Demers or flown Mr. Demers in any helicopter flight. While generally a court must construe facts in the light most favorable to a plaintiff, a plaintiff must point to some evidence supporting their claim when their allegations are controverted by a sworn declaration. *Wade v. Dolgencorp*, No. 8:09–cv–01470, 2009 WL 8630725, at *3 (M.D. Fla. Oct. 14, 2009). To that end, when a nondiverse party has submitted uncontested affidavits stating they were not present or otherwise involved in the claim, as here, courts will find fraudulent joinder based on the inability of the plaintiff to establish their claim against the nondiverse party. *See id.*; *see also Kelley v. Fresh Market, Inc.*, 2020 WL 10354990, at *2 (M.D. Fla. Mar. 24, 2020); *Roland v. Waffle House, Inc.*, 2018 WL 6715513, *2 (N.D. Fla.

Oct. 2, 2018). As such, this court should also deny Plaintiff's motion to amend to join Airman and remand based on fraudulent joinder.

## Conclusion

For these reasons, Defendant Philip Demers respectfully requests that the Court deny plaintiff's motion amend its complaint to join Airman and deny the request to remand this case to state court.

Dated: November 20, 2023.

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32301
Tel.: (305) 523-9023
james@slater.legal

Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
Tel. (305) 423-8747
josh@tarjanlawfirm.com

Benjamin Christopher Carraway*
The Animal Activist Legal Defense Project
2255 E. Evans Avenue
Denver, CO 80210
Tel. (423) 797-6084
ccarraway@law.du.edu
*Admitted *pro hac vice*

*Attorneys for Defendant Philip Demers*