UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

    Plaintiff,

v.

PHILIP DEMERS,

    Defendant.

### PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO AMEND COMPLAINT AND REMAND

Plaintiff, MS Leisure Company ("MS Leisure"), by and through undersigned counsel, hereby files this Reply in Further Support of its Motion for Leave to Amend Complaint to Join Necessary Party and Remand, and in support thereof states as follows:

Plaintiff's Motion for Leave to Amend Complaint and Remand (the "Motion") requests leave to amend its Complaint pursuant to both Federal Rule of Civil Procedure 15(a)(2) and 28 U.S.C. § 1447(e). Defendant's Response fails to address, and thereby concedes, Plaintiff's request to amend its Complaint to properly plead injunctive relief and plead additional facts as to Defendant, Philip Demers, pursuant to FRCP 15(a)(2). Furthermore, despite Defendant not opposing Plaintiff's voluntary dismissal of its Defamation Count, Defendant's Response begins by needlessly smearing Plaintiff's business practices and should be disregarded by this Court.

1

The Defendant's Response improperly represents the applicable standards regarding the joinder of Airman Helicopter Inc. ("Airman"), a Florida Corporation, as a defendant in this case, which would necessitate the remand of this case to state court pursuant to 28 U.S.C. § 1447(e).

In determining whether joinder of a defendant pursuant to 28 U.S.C. § 1447(e) is permissible, Federal Courts utilize the *Hensgen* Factors to guide their decision. The *Hensgen* factors include: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether [the movant] has been dilatory in asking for the amendment; (3) whether [the movant] will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities." *Simon v. Howmedica Osteonics Corp.*, 981 F. Supp. 2d 1232, 1237 (S.D. Fla. 2012) (citing, *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). As the Plaintiff will demonstrate in detail below, the Defendant mischaracterizes the facts and legal standards associated with each *Hensgen* factor to improperly represent to this Court that the joinder of Airman is fraudulent.

The Defendant's Response conflates the first two *Hensgen* factors in an attempt to posit some type of "unexplained delay" in Plaintiff's request for leave to amend to join Airman as a defendant coming "after removal." Defendant makes this argument despite citing to case law that stands in direct opposition to his argument. Specifically, the *Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1329 (S.D. Fla. 2017) and *Seropian v. Wachovia Bank, N.A.*, 10-80397-CIV, 2010 WL 2822195, at *3 (S.D. Fla. July 16, 2010) cases. The analysis of whether Plaintiff was dilatory in requesting leave to join Airman is determined based upon whether the Plaintiff was aware or should have been aware of the non-diverse defendant **at the time the suit was filed, not at the time of removal**. *Seropian v. Wachovia Bank, N.A.*, 10-80397-CIV, 2010

WL 2822195, at *3 (S.D. Fla. July 16, 2010); *see also Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1329 (S.D. Fla. 2017).

In the present case, the facts that necessitate Airman being joined as a defendant in this case arose **following** the filing of Plaintiff' original Complaint in state court. Plaintiff's original Complaint was filed on **May 24th, 2023**. On **July 14th, 2023**, Demers and Airman, jointly, and in concert, flew a helicopter in and on the Seaquarium's airspace. Therefore, Plaintiff was unable to bring suit against Airman at the time the original Complaint was filed and no undue delay on the part of the Plaintiff occurred. Additionally, Defendant makes the disingenuous argument that Plaintiff's filing of its Motion prior to any discovery being conducted makes the timing of Plaintiff' Motion suspect. As counsel for Defendant is well aware, Plaintiff has submitted detailed Responses and Objections to Defendant's First Request for Production, Second Request for Production, and First Set of Interrogatories. This renders Defendant's implication that Plaintiff's Motion is filed for the purpose of avoiding discovery in this matter completely without merit.

The remainder of Defendant's arguments should be rejected by this Court. Specifically, Defendant contends that Plaintiff cannot state a claim against Airman. This is incorrect and flies in the face of the applicable standards. The removing party, the Defendant, must prove by clear and convincing evidence that there is no **possible** claim against the resident defendant. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).

Facing the heavy burden in *Stillwell,* the Defendant attaches the Declaration of Francois Favart ("Mr. Favart"), the owner of Airman. Mr. Favart states that since he has "access" to the business records of Airman and can somehow can definitively state that Airman has never flown the Defendant in one of its helicopters. Mr. Favart's self-serving, riddled-with-hearsay, Declaration does not even bother to attach, or even reference, these "business records" that

3

supposedly substantiate these claims. Additionally, Defendant's argument fails to take into account the facts or the practical realities of Plaintiff's Amended Complaint.

Plaintiff alleges that on July 14th, 2023, Demers and Airman, jointly, and in concert, flew a helicopter in and on the Seaquarium's airspace, which repeatedly buzzed the property at extremely low altitudes. Mr. Farvat's Declaration repeatedly refers to "helicopter tours." Plaintiff's Amended Complaint does not assert that the helicopter flight was "tour" in any form. In fact, what is alleged is the unauthorized and highly dangerous flight conducted in and on Plaintiff's property. *See ¶ 36 of Amended Complaint.* A flight of this nature may very well not show up on the business records of Airman. Additionally, the most glaring fact that draws into question Mr. Farvat's declaration, and the weight this Court should place on it, is that the Defendant himself posted a video in which he is flying over the Plaintiff's property **in a helicopter owned by Airman.** In the self-published video by the Defendant, the tail number of the helicopter can be easily identified as "N644BB." That tail number is owned and registered in the name of Airman pursuant to the Federal Aviation Administration's Aircraft Registry. *See Airman's FAA Registry attached as* ***Exhibit 1***. In light of that fact Defendant's contention that Mr. Farvat's Declaration is "uncontested" is not credible nor is it credible that Plaintiff has failed to demonstrate the "possibility" that it has a claim against Airman. "If there is even **a possibility** that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). In the present case, there are obvious and sustainable causes of action against Airman set out in the Amended Complaint for trespass, private nuisance, and aiding and abetting Demers in his perpetration of the same.

Having dispatched Defendant's off-base argument against the Joinder of Airman, and the

4

"possibility" that Plaintiff's Amended Complaint states a cause of action, Defendant's remaining arguments fall by the wayside. Defendant's argument that equity weighs in his favor is only supported by his self-proclaimed assertion that no viable claim against Airman exists. As set forth above, since that argument holds no weight so does Defendant's arguments towards equity.

Removal statutes are narrowly construed and the court must resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts. *See Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998); *see also Henry v. K–Mart Corp.*, Case No. 8:10–cv–2105–T–33MAP, 2010 WL 5113558, at *3, 2010 U.S. Dist. LEXIS 134499, at *7 (M.D.Fla. Dec. 9, 2010). In determining whether joinder of resident defendant was fraudulent, as would warrant remand, a court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainty about the applicable law in the plaintiff's favor; a plaintiff's subjective motivation for joining the resident defendant is irrelevant. *Silverman v. Wells Fargo Insurance Services U.S.A., Inc.,* 20 F.Supp.3d 1357 (S.D.Fla. 2014). The *Hensgen* factors weigh heavily in Plaintiff's favor and clearly demonstrate that Plaintiff's request to join Airman in these proceedings is not fraudulent and in fact necessary to allow Plaintiff to obtain the full extent of judicial relief afforded to it under the law.

**WHEREFORE**, Plaintiff respectfully request this Court enter an Order granting it leave to file its Amended Complaint and remand back to state court and any other further relief deemed just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 7th, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of

5

Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                              */s/ Matthew L. Jones*