UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

    Plaintiff,

v.

PHILIP DEMERS,

    Defendant.

## PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Plaintiff, MS Leisure Company ("MS Leisure"), by and through undersigned counsel, hereby files this Reply in Further Support of its Motion for Protective Order (the "Motion") regarding the improper extrajudicial statements of Defendant, Philip Demers ("Demers"), and in support thereof states as follows:

Defendant's Response to Plaintiff's Motion for Protective Order attempts to dismiss Defendant's extrajudicial statements, which represent his efforts to demean and delegitimize these proceedings and Plaintiff's counsel, as mere satire and playful criticism. Defendant criticizes Plaintiff for allegedly failing to place Defendant's statements in proper context. Defendant makes this allegation while simultaneously attempting to wash away the clear context provided by the Plaintiff.

For example, Defendant attempts to distance himself from his very own several social media posts where the Defendant calls for violence against animal sanctuaries and aquariums.

1

Defendant's counsel represents his statements advocating to "get twenty people in every corner of the park [Marineland Canada] and fucking ransack it" and to "physically assault" animal sanctuary employees as too attenuated from the present proceedings to provide any context to this Court of the intention and motivation of the Defendant. *See* **Exhibit 7 to Motion.** To argue such violent and explicit statements that were made in essentially identical circumstances as the present proceedings is absurd and stretches the bounds of credibility.

With respect to Defendant's comments pertaining to Plaintiff's use of Defendant's November 3rd, 2023, social media post, Plaintiff acknowledges that the drone video footage was improperly attributed to the Defendant. This occurred based on a clerical error stemming from Plaintiff's Counsel's servers incorrectly organizing the videos attributed to the Defendant or the Plaintiff. However, any suggestion that this honest mistake is sanctionable is absurd. Especially in light of the fact that Defendant's November 3rd social media post still goes to support Plaintiff's Motion. In the post Defendant mocks the elements of Plaintiff's Trespass and Private Nuisance claims by stating "I just flew this drone **dangerously close** and **loudly** above your animals and customers." Although the accompanying drone video to the November 3rd Post was generated by the Plaintiff it still demonstrates Defendant undermining these proceedings by improperly comparing Plaintiff's own, regulated, and planned for drone flight, to Defendant's unauthorized and dangerously conducted drone flights over and on the Plaintiff's property.

Additionally, Defendant states that Plaintiff did not "articulate how any of Mr. Demers' statements would actually affect their ability to receive a fair trial." Defendant makes such a definitive statement while failing to account in his Response the most prejudicial statement published by the Defendant on his social media, which is "you[r] employees work for me now and **so do your lawyers**." *See* **Exhibit 2 of Motion.** Defendant cannot credibly contend that his

extrajudicial statements don't pose a dangerous threat to the ability of the Plaintiff to receive a fair trial while directly calling into question Plaintiff's Counsel's credibility.

The Supreme Court has long established a judge's affirmative constitutional duty to safeguard our Sixth Amendment rights to a fair trial by minimizing the effects of prejudicial extrajudicial publicity. *Sheppard v. Maxwell*, 384 U.S. 333, 351 (1966); Nebraska Press Ass'n v. Stuart, 427 U.S. 539 (1976); *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368 (1979); *Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991). Thus, a court may take steps to protect against prejudicial pretrial publicity, such as issuing a gag order which prohibits anyone connected with the trial of a case, including trial participants, from making a statement which a reasonable person might expect to influence the actual outcome of the trial and prejudice the jury. *Nebraska Press Ass'n v. Stuar*t, 427 U.S. 539 (1976).

Defendant incorrectly argues that this Court should utilize the "clear and present danger" standard rather than the "substantial likelihood of prejudice" standard. *Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991). The majority of circuits, including the Second, Third, Fifth, and Eleventh have used a "substantial likelihood of material prejudice" standard. *See U.S. v. Salameh*, 992 F.2d 445 (2d Cir. 1993); *U.S. v. Scarfo*, 263 F.3d 80 (3d Cir. 2001); *Brown*, 218 F.3d 415 (5th Cir. 2000); *McGregor*, 838 F.Supp.2d 1256. In *Brown* the court explicitly stated "we conclude that in light of *Gentile*, "clear and present danger" cannot be the appropriate standard by which we evaluate gag orders imposed on **trial participants**." The court went on to state that "[t]his standard applies to both lawyers **and parties** . . ." 218 F.3d at 426.

However, should this Court choose to utilize either the "clear and present danger" standard or the "substantial likelihood of prejudice" standard the imposition of a protective order as to the Defendant is warranted. The Defendant has made it clear that his intention is to utilize his 161,000

3

followers across his social media accounts to diminish the legitimacy of these proceedings by misinforming the public of the Plaintiff's business practices and in addition, and most critically, **undermine the legitimacy of Plaintiff's Counsel**. Should this Court not exercise its affirmative constitutional duty to safeguard Plaintiff's Sixth Amendment right to a fair trial it would substantially prejudice the Plaintiff as well as leave unregulated Defendant's clear and present danger to the legitimacy of these proceedings. Although the Defendant does not surrender his First Amendment Rights in a legal proceeding those rights should be subordinated to other interests that arise in the context of these proceedings. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 104 S.Ct. 2199, 2207–08 n. 18, 81 L.Ed.2d 17 (1984).

Accordingly, Plaintiff seeks a narrow, well-defined restriction that is targeted at extrajudicial statements that present a serious and substantial danger of materially prejudicing this case. Plaintiff requests an order be entered which specifies that such statements would include statements about any party, witness, attorney, court personnel, or potential jurors that are disparaging, inflammatory, or intimidating.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 7th, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/*Matthew L. Jones*