UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

      Plaintiff,

v.

PHILIP DEMERS,

      Defendant.

**DEFENDANT PHILIP DEMERS' RESPONSE IN OPPOSITION TO
PLAINTIFF MS LEISURE COMPANY'S MOTION TO EXTEND TIME**

Defendant Phillip Demers, through counsel, files this response in opposition to Plaintiff's motion to file its reply in support of its motion for protective order out of time. [ECF No. 35]. As discussed below, Defendant voluntarily withdrew his request for oral argument, in part, based on his understanding that Plaintiff no longer intended to file a reply in support of that motion. [*See* ECF No. 30 at 2 ¶ 5]. Given that Plaintiff's failure to ask the Court for permission to delay filing its reply, the prejudice that Defendant has suffered from such failure, and Plaintiff's inability to articulate or satisfy its burden to show excusable neglect, the Court should deny the motion as it relates to Plaintiff's request for a gag order.

**Relevant Timeline**

1.      On November 6, 2023, Plaintiff filed a request for a protective order in this case—effectively asking the Court to impose a gag order on Defendant. [ECF No. 25].

2.      On November 20, 2023, Defendant filed a timely response. [ECF No. 28]. That same day, Defendant informed Plaintiff, by email, that he had no opposition to Plaintiff's request

to extend its deadline to file a reply to December 7, 2023, which of course was subject to Court approval.

3.      Plaintiff failed to obtain the Court's permission and never moved for an extension of time and its reply deadline—November 27, 2023—lapsed without any action by Plaintiff.

4.      On December 4, 2023, the Court scheduled the motion for oral argument slated for December 12, 2023. Despite this, Plaintiff did not recognize it failed to request additional time to file its reply.

5.      On December 5, 2023, Defendant contacted Plaintiff for its position on Defendant's motion to withdraw the request for oral argument. Yet again, this did not raise alarms for Plaintiff that it failed to request permission from the Court for additional time to file a reply.

6.      On December 6, 2023, Defendant requested withdrawal of oral argument—explaining in the motion that Plaintiff had decided not to file a reply—and the Court shortly thereafter granted that request and cancelled the scheduled hearing. [ECF Nos. 30 & 31]. For a third time, Plaintiff missed the opportunity to inform the Court that it neglected to file a reply or motion to seek additional time to do so.

7.      On December 7, 2023, Plaintiff filed its out-of-time, unauthorized reply to the motion for protective order [ECF No. 33], which the Court promptly struck. [ECF No. 34].

8.      It was not until the next day that Plaintiff contacted defense counsel and alerted the Court that it had made a "clerical error." [ECF No. 35].

### Plaintiff's Neglect is Not "Excusable"

Courts may extend any deadline for "good cause" if the request is made before the original time or the extension expires. Fed. R. Civ. P. 6(b)(1)(A). "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Jozwiak v. Stryker*

*Corp.*, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010). After the deadline has lapsed, courts ask whether there has been excusable neglect to satisfy extending the deadline. Fed. R. Civ. P. 6(b)(1)(B).[1]

Determining whether a party has established excusable neglect "is at bottom an equitable one." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In *Pioneer*, the Supreme Court identified four factors courts should consider: "(1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.*

Plaintiff has failed to articulate for the Court that any factor should weigh in its favor. For that reason alone, it has not met its burden. Even so, Plaintiff's motion fails to account for the prejudice Plaintiff's "clerical error" has resulted in. In a circular fashion, Plaintiff argues there's no prejudice because Defendant consented to the extension. Not so. Defendant consented and then Plaintiff failed to seek an extension. As a direct result of Plaintiff's failure, Defendant chose to withdraw a request because he believed the matter was fully submitted to the Court. Plaintiff fails to grapple with that fact.

Coupled with that, Plaintiff failed to timely act. It had an opportunity to act when the Court set the matter for oral argument, when Defendant met and conferred on his motion to withdraw oral argument or ask for an adjournment, and subsequently after—presumably—reading Defendant's motion in which he explicitly stated that Plaintiff had chosen not to file a reply. At each juncture, Plaintiff chose not to do anything. Or it just forgot to file the motion and only

---

[1] It appears that Plaintiff invokes Rule 60 to obtain relief from the Court's order striking one of its replies as unauthorized. For the same reasons stated below, Plaintiff fails to meet its burden to seek relief from the Court's order.

realized that when the Court struck the reply. Neither of those possible explanations amount to "excusable neglect."[2] The failure over the weeks to timely act has multiplied these proceedings resulting in judicial waste and prejudice to Defendant. Certainly, the Court could reset oral argument or allow Defendant to file a surreply, but that is only if Plaintiff could articulate why it should be allowed to file the reply in the first instance. It has not explained why in a way that could satisfy the "excusable neglect" standard it is required to meet. The Court should therefore deny the motion.

### Conclusion

Wherefore, Plaintiff should not be rewarded for its failure to follow basic procedure in this matter and this Court should deny its request to file a reply out of time. In the alternative, if the Court authorizes Plaintiff's untimely reply, Defendant then requests oral argument.

Dated: December 20, 2023.

<div style="margin-left: 45%;">

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32301
Tel.: (305) 523-9023
james@slater.legal

Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
Tel. (305) 423-8747

</div>

---

[2] Plaintiff alleges it was simply a "clerical error" that it did not file a motion for extension of time. "Clerical errors" are becoming a pattern in this case. In addition to this current "clerical error," Plaintiff also asserts its false accusation that Defendant admitted to subsequently flying a drone "dangerously close" to the animals at the Seaquarium—which in fact was him obviously mocking the Seaquarium's own practice with their own video—as a "clerical error." [ECF No. 33, p. 2]. Such repeated claimed "clerical errors" should be noted, particularly where Plaintiff fails to even articulate what the error is—a scheduling error, illness, etc. Without knowing what the clerical error is, Plaintiff asks the Court to take a leap of faith rather than provide evidence to establish whether the neglect was excusable.

josh@tarjanlawfirm.com

Benjamin Christopher Carraway*
The Animal Activist Legal Defense Project
2255 E. Evans Avenue
Denver, CO 80210
Tel. (423) 797-6084
ccarraway@law.du.edu
*Admitted *pro hac vice*

*Attorneys for Defendant Philip Demers*