UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

    Plaintiff,

v.

PHILIP DEMERS,

    Defendant.

### PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO EXTEND TIME PURSUANT TO FRCP 6(b)(1)(B) and 60(b)

Plaintiff, MS Leisure Company ("MS Leisure"), by and through undersigned counsel, hereby files its Reply in Further Support of its Motion to Extend Plaintiff's Deadline to Reply to both Defendant's Response to Plaintiff's Motion for Leave to Amend [DE #32] and Response to Plaintiff's Motion for Protective Order [DE #33], pursuant to this Court's discretionary powers under Federal Rules of Civil Procedure 6(b)(1)(B) and 60(b), and in support thereof states as follows:

Defendant's Response in Opposition to Plaintiff MS Leisure Company's Motion to Extend [DE #36] (the "Response") does not refute that on November 20th, 2023, Defendant agreed to extend the deadlines for Plaintiff to file its Replies to **both** Plaintiff's Motion for Leave to Amend and Remand [DE #22] and Plaintiff's Motion for Protective Order [DE #25], till December 7th, 2023. As stated in Plaintiff's Motion to Extend, Defendant **does not oppose** Plaintiff's request for

1

extension as to the Reply in Further Support of Plaintiff's Motion for Leave to Amend and Remand. Defendant's Response only argues against the extension as to Plaintiff's Reply in Further Support of its Motion for Protective Order.

Defendant agreeing to identical extensions as to both Replies should be considered in this Court's analysis as to whether to grant Plaintiff's Motion to Extend due to excusable neglect. The Supreme Court identified four factors courts should consider when establishing excusable neglect: "(1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Defendant does not argue that any of these factors weigh against him as to the Reply for Plaintiff's Motion for Leave, and in fact does not oppose extension in that regard. However, despite identical extensions, Defendant argues that extension as to Plaintiff's Reply in Further Support of its Motion for Protective Order should not be granted.

The determination of excusable neglect is at its core an equitable one, taking into account all relevant circumstances surrounding the party's omission. *Id.* at 394. "Excusable neglect" encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. *Id.; see also Pineda v. Am. Plastics Techs., Inc.,* 12-21145-CIV, 2014 WL 1946686 at *3 (S.D. Fla. May 15, 2014). Where excusable neglect is attributed to mistake of fact or clerical error, excusable neglect is more readily found. *Id.* at *4; *see also Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848, 849–50 (11th Cir.1996). Courts have readily found that prejudice to the nonmoving party and the interest of efficient judicial administration are the primary factors that should be considered. *Cheney,* 71 F.3d at 850.

Defendant cannot credibly contend that it does not oppose that the clerical error in this case can form a legitimate basis for excusable neglect as to Plaintiff's Reply in Further Support of its Motion to Remand but not as to Plaintiff's Motion for Protective Order. In fact, the majority of Defendant's Response does not argue against the reason for Plaintiff's good-faith mistake by not properly requesting an extension from this Court, but on the prejudice, Defendant would bare based on his supposed material change in requesting, and then withdrawing, his request for oral arguments to be held on Plaintiff's Motion for Protective Order.

Plaintiff finds Defendant's argument to be rooted in a bad-faith rendition of events. Following Defendant's agreement to extend Plaintiff's Reply deadline to December 7th, 2023, Plaintiff made no indication to Defendant that it did not intend to file its Reply. On December 5th, 2023, two (2) days before the parties agreed to deadline for the filing of Plaintiff's Replies, Defendant's Counsel, James M. Slater, Esq., emailed Plaintiff's Counsel. The email was regarding Defendant's requested hearing on Plaintiff's Motion for Protective Order in which Mr. Slater requested Plaintiff to "advise your position on the following: (1) Mr. Demers withdrawing his request for oral argument on this motion; and (2) [t]o the extent a hearing were to occur, rescheduling it for 12/18 or 12/19; or (3) [p]ermitting defense counsel to appear telephonically if the hearing occurs but is not rescheduled." *See December 5th, Email attached as* **Exhibit 1**.

Conspicuously absent from Defendant's Counsel's email is any mention as to Plaintiff's Reply or that the basis of Defendant's request was rooted in any understanding that a Reply would not be filed by the Plaintiff. This is obviously absent because Plaintiff has not once implied that it did not intend to file its Reply on the agreed upon December 7th, 2023, deadline. Thereafter, without providing a courtesy copy to Plaintiff prior to filing, Defendant filed its **Unopposed** Motion to Withdraw Request for Oral Argument **or Alternatively to Reschedule or Permit**

3

**Telephonic Appearance** [DE #30] on December 6th, 2023. Although Defendant did not mention Plaintiff's Reply once during the Parties' meet and confer on December 5th, 2023, somehow Defendant found it appropriate to state in its "Unopposed" Motion that:

> "**Given that Plaintiff has decided not to file a reply** and having considered the issues raised in the motion and Mr. Demers' response, Mr. Demers believes that, although helpful to the Court, oral argument is no longer necessary to resolve the issues raised by Plaintiff and would withdraw its request. **Plaintiff stated it had no opposition to this Request.**"

*See ¶ 5 of Defendant's "Unopposed" Motion [DE # 30]*

Defendant filed his "Unopposed" Motion **one day** prior to the Parties agreed to December 7th deadline. During the Parties meet and confer Defendant's Counsel's December 5th Email insinuated that it was a scheduling issue that motivated Defendant's request to withdraw **or reschedule** the oral argument on Plaintiff's Motion for Protective Order. Defendant then argued an entirely new and undiscussed basis for his request, and now stated it was because "Plaintiff has decided not to file a reply." Defendant goes a step farther and misstates to this Court that the "Plaintiff stated it had no opposition to this Request."

Now, Defendant again misstates the facts in his Response and argues, "[a]s a direct result of Plaintiff's failure [to file its Reply], Defendant chose to withdraw a request because he believed the matter was fully submitted to the Court." *See Page 3 of Defendant's Response*. As the Court can clearly see Defendant's request was to withdraw **or reschedule** the oral arguments and such request was clearly represented to Plaintiff's Counsel during the parties meet and confer to be motivated by scheduling issues on the part of Defendant and his Counsel.

Defendant cannot be permitted to manufacture prejudice as to Plaintiff's Reply in Further Support of its Motion for Protective Order while simultaneously not opposing an extension as to Plaintiff's Reply to its Motion for Leave. While both extensions stem from identical length of

4

delays, identical reasons for delay, and from the same good-faith mistake on the part of the Plaintiff in failing to properly file its timely extension request with this Court. It is the Defendant, not the Plaintiff, who is improperly prolonging these proceedings by backtracking on the Parties' agreement to extend time as to both Plaintiff's Replies and to only now improperly contend that an extension would prejudice the Defendant. This Court should find that Plaintiff's failure to inform this Court of the Parties' agreed to extension constitutes excusable neglect and the Plaintiff would be prejudiced should this Court not permit the filing of Plaintiff's Reply in Further Support of its Motion for Protective Order.

**WHEREFORE,** for the foregoing reasons Plaintiff respectfully requests that this Court enter an Order granting Plaintiff's extension to file its Replies on December 7th, 2023, and rescind its Order [DE #34] striking Plaintiff's Reply in Further Support of its Motion for Protective Order as untimely.

Date: December 27, 2023

Respectfully submitted,
**JONES & ADAMS, P.A.**
*Attorney for Plaintiff*
999 Ponce de Leon Blvd., Suite 925
Coral Gables, FL 33134
Tel: (305) 270-8858
Fax: (305) 270-6778
matthew@jones-adams.com

By:   */s/ Matthew L. Jones*
Matthew L. Jones, Esq
Florida Bar No.: 909335