UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

  Plaintiff,

v.

PHILIP DEMERS,

  Defendant.

**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS**

  Plaintiff, MS Leisure Company ("MS Leisure"), and Defendant, Philip Demers ("Demers") hereby stipulate and agree, and request that the Court enter, the following protective order governing the production and use of confidential information in this action:

1. Depending upon the discovery propounded by the Parties, objections lodged by the Parties, and any orders this Court may enter addressing the scope of discovery, disclosure in this action may involve production of certain confidential, proprietary, private, or trade secret information for which special protection from disclosure would be warranted, such as information regarding the Plaintiff's sales and profits, marketing and advertising, product development efforts, budgets, launch schedules, and related information.

2. The Parties recognize that the disclosure of this information would cause harm to the Plaintiff by allowing its competitors to gain an unfair advantage by accessing their confidential, proprietary, private or trade secret information. Accordingly, protections

for the disclosure of this information is warranted.

3. The Parties' stipulation to this Agreed Order is not to be construed as a stipulation to the discoverability of any of the confidential or highly confidential information contemplated by this Agreed Order, nor is it to be construed as an admission of whether such information falls within the ambit of the claims alleged in this lawsuit as a matter of law. The Parties retain the right to raise discovery objections consistent with the applicable law.

4. This Agreed Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited.

5. As used in this Agreed Order, these terms have the following meanings:

    "Attorneys" means counsel of record or other party representative;

    "Confidential Documents" are documents and information designated pursuant to paragraph 2;

    "Documents" are all materials that fall within the scope of applicable discovery rules;

    "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

    "Written Assurance" means an executed document in the form attached as Exhibit A.

6. A Party may designate a document or information as "Confidential" to protect the document or information from disclosure other than as provided for in this Agreed Order.

7. All Confidential Documents, along with the information contained in the documents, shall be used solely for the purpose of this litigation and for no other purposes, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or the information contained therein to any person or entity other than those specified in paragraph 4. Any other use of a Confidential Document and the information contained therein is prohibited unless the parties hereto agree otherwise in writing.

8. The parties and Attorneys shall take all reasonable steps to protect the confidentiality of all Confidential Documents. Access to any Confidential Document shall be limited to:

    (a)   this Court;

    (b)   Attorneys, staff assisting the Attorneys with this litigation, and the Attorneys' Outside Vendors;

    (c)   persons shown on the face of the document to have authored or received it;

    (d)   court reporters retained to transcribe testimony;

    (e)   the parties;

    (f)   outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action; and

    (g)    any other person or entity as agreed to by the parties or as ordered by the Court.

9. Third parties producing documents in the course of this action may also designate documents as "Confidential" under this Agreed Order, subject to the same protections and constraints as the parties to the action. A copy of the Agreed Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of this Agreed Order.

10. Each person appropriately designated by a party pursuant to paragraph 8(f) to receive Confidential Documents shall execute a "Written Assurance" in the form attached as **Exhibit A**. The other party shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

11. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded Confidential Documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any

witness (or any portion of such deposition) that encompasses Confidential Documents shall be taken only in the presence of persons who are qualified to have access to such documents or information.

12. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

13. Any party may request a change in the designation of any document or information designated "Confidential". Any such document or information shall be treated as designated "Confidential" until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the Confidential Document should continue to be designated "Confidential" shall have the burden of proving that the information in question is within the scope of protection afforded by this Agreed Order.

14. Within 60 days of the final judgement in this action, including any appeals thereof, each party shall either destroy or return to the opposing party all documents and information designated by the opposing party as "Confidential", and all copies of such documents and information, and shall destroy all extracts and/or data taken from such documents and information. Each party shall provide a certification as to such return or destruction

within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

15. Any party may apply to the Court for a modification of this Agreed Order, and nothing in this Agreed Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

16. No action taken in accordance with the Agreed Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

17. The obligations imposed by the Agreed Order shall survive the termination of this action.

**IT IS SO STIPULATED**

Dated: January 12, 2024

        **JONES & ADAMS, P.A.**
        **Matthew L. Jones, Esq.**
        *Counsel for Plaintiff*
        Coral Gables Centre
        999 Ponce de Leon Blvd., Ste 925
        Coral Gables, Florida 33134
        Telephone: (305) 270-8858
        Facsimile: (305) 270-6778
        Email: matthew@jones-adams.com

By:   */s/ Matthew L. Jones, Esq.*
       Matthew L. Jones, Esq.
       Florida Bar No. 909335

        **SLATER LEGAL, PLLC**
        **James M. Slater, Esq.**
        *Counsel for Defendant*
        113 S. Monroe Street

|   |   |
|---|---|
|   | Tallahassee, FL 32301<br>Telephone: (305) 523-9023<br>Email: james@slater.legal |
| By: | **James M. Slater**<br>James M. Slater<br>Florida Bar No. 111779 |
|   | **THE TARJAN LAW FIRM, P.A.**<br>**Joshua Tarjan, Esq.**<br>*Counsel for Defendant*<br>12372 SW 82 Avenue<br>Pinecrest, FL 33156<br>Telephone: (305) 423-8747<br>Email: josh@tarjanlawfirm.com |
| By: | **Joshua M. Tarjan**<br>Joshua M. Tarjan<br>Florida Bar No. 107092 |
|   | **THE ANIMAL ACTIVIST LEGAL DEFENSE PROJECT**<br>**Benjamin Christopher Carraway, Esq.**<br>*Admitted pro hac vice*<br>*Counsel for Defendant*<br>2255 E. Evans Avenue<br>Denver, CO 80210<br>Telephone: (423) 797-6084<br>Email: ccarraway@law.du.edu |
| By: | **Benjamin Christopher Carraway**<br>Benjamin Christopher Carraway<br>*Admitted pro hac vice* |

**DONE AND ORDERED** in Chambers at Miami, Florida, on this ____ day of _____, 2024.

_____

HONORABLE K. MICHAEL MOORE
United States District Judge