UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

      Plaintiff,

v.

PHILIP DEMERS,

      Defendant.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RELIF FROM MEDIATION REQUIREMENT [DE #39]

Plaintiff, MS Leisure Company ("MS Lesiure"), by and through undersigned counsel hereby files this Response in Opposition to Defendant's Motion for Relief from Mediation Requirement [DE #39] (the "Motion), and in support states as follows:

Defendant's Motion requests relief from this Court's August 29, 2023, Order [DE #28] requiring the parties to engage in mediation in this case. Defendant has taken the odd and premature position that "mediation at this time is highly unlikely to be meaningful or fruitful." *See ¶ 3 of Defendant's Motion*. Plaintiff disagrees.

Plaintiff's position is that shutting the door on potential mediation is irresponsible and represents a position that will ultimately harm all parties. Mediation offers a less adversarial and more collaborative approach to resolving disputes. Furthermore, Plaintiff disagrees with Defendant's representation that mediation "would only serve to increase the costs of litigation." *See ¶ 3 of Defendant's Motion*. Mediation often times can save litigants time and costs by

1

promoting communication between parties which fosters the heightened possibility of coming to a satisfactory resolution outside a lengthy court battle.

Finally, Plaintiff opposes Defendant's characterization that it is attempting "to silence his activism" and his use of that misplaced notion as motivation to not conduct mediation. As more fully set forth in Plaintiff's Motion for Protective Order [DE #25], Plaintiff's goal is to ensure the integrity of these proceedings and mitigate any possibility that Defendant's extrajudicial statements would impact the impartiality of the jury pool and/or influence witness testimony. Additionally, Defendant's position ignores Plaintiff's claims for Trespass, Private Nuisance, and Violation of Florida Statute 934.50(3)(b). Mediation upon such claims would not inherently involve Defendant's extrajudicial statements. In short, Defendant's position is premature and the parties should not be relieved from this Court's Order [DE #28] to mediate prior to a good-faith effort by the parties to do so.

**WHEREFORE**, Plaintiff respectfully request this Court deny Defendant's Motion for Relief from Mediation Requirement [DE #39] and any other further relief this Court deems just and proper.

January 24th, 2024,

                                          Respectfully submitted,

                                          **JONES & ADAMS, P.A.**
*Attorney for Plaintiff*
999 Ponce de Leon Blvd., Suite 925
Coral Gables, FL 33134
Tel: (305) 270-8858
Fax: (305) 270-6778
matthew@jones-adams.com

By:  */s/ Matthew L. Jones*
      Matthew L. Jones, Esq.
      Florida Bar No.: 909335

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 24th, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                        /s/ Matthew L. Jones