UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

|  |  |
|---|---|
| MS LEISURE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>PHILIP DEMERS,<br><br>    Defendant. | Case No. 1:23-cv-22834-KMM |

**DEFENDANT'S RESPONSE AND OBJECTIONS**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Philip Demers responds to Plaintiff MS Leisure Company's First Set of Interrogatories, propounded on December 11, 2023 as follows:

**GENERAL OBJECTIONS**

1.      Defendant objects to the Interrogatories and their definitions and instructions to the extent they seek disclosure of information protected under attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff further objects to the definition of the term "Defendant" as inclusive of Defendant's attorneys. Defendant has construed those terms to expressly exclude his attorneys.

**RESPONSES AND SPECIFIC OBJECTIONS**

Subject to and without waiving his general objections, Defendant responds to Plaintiff's specific interrogatories as follows:

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed.

**RESPONSE: Philip Demers, with assistance from counsel.**

2.      Please identify each individual date and time that the Defendant his agents, or representatives have flown a drone over, on, or within the Miami Seaquarium's property.

**RESPONSE: Neither Defendant nor any of his purported agents or representatives, to the best of his knowledge and belief, has flown a drone over, on, or within Miami Seaquarium's property.**

3.      Please identify the altitude of each drone flight identified in response to Interrogatory No. 2.

**RESPONSE: Not applicable.**

4.      Please provide a list of the name and addresses of all Defendant's representatives, designees or agents that Defendant has instructed to fly drones over, on, or within the Miami Seaquarium's airspace.

**RESPONSE: None.**

5.      Please provide and identify the Drone Type, Drone Identification, and Drone Serial Number for each of the flights identified in response to Interrogatory No. 2.

**RESPONSE: Not applicable.**

6.      Please identify the date and time that the Defendant, his representatives, designees or agents have been physically present on the Miami Seaquarium property.

**RESPONSE: Defendant objects to this request to the extent that the terms "representatives, designees, or agents" are not defined and could reasonably be construed to reference friends, supporters, or other activists, irrespective of whether Defendant had any communications with them. Subject to and without waiving those objections, Defendant has been to the Miami Seaquarium once, during which time he**

2

**presented with a purchased ticket. To the best of Mr. Demers' recollection, that occurred between 3:00 and 5:00 p.m. on May 26, 2023.**

7.     Please identify the names and addresses of all individuals who were present on, or participated in, the helicopter flight conducted above and within the Miami Seaquarium on July 14, 2023.

> **RESPONSE: Defendant did not fly on a helicopter "above and within the Miami Seaquarium." To the extent it seeks the name and addresses of individuals who were present on or participated in a July 14, 2023 helicopter, Mr. Demers provides the following information:**
>
> > a. **Marketa Schusterova – 595 Wellington Street West, Toronto M5V1G3, Canada.**
> > b. **Daniel Depew – 119 Sugar Maple Way, Kingsland, GA 31548, United States.**
> > c. **Bryan Kasch – address unknown.**

8.     Please identify the altitude of the helicopter flight conducted by the Defendant on July 14, 2023, on and within the Miami Seaquarium's airspace.

> **RESPONSE: Defendant did not fly on a helicopter "on and within the Miami Seaquarium's airspace." At all times material, Defendant relied on the professional experience and expertise of licensed pilots to determine the appropriate altitude on the July 14, 2023 flight. Defendant is not aware how high the helicopter was flying.**

9.     Please identify the duration of the helicopter flight conducted by the Defendant on July 14, 2023, on and within the Miami Seaquarium's airspace.

> **RESPONSE: Defendant did not fly on a helicopter "above and within the Miami Seaquarium." To the best of Mr. Demers' recollection, the entire helicopter tour on July 14, 2023 was approximately forty to sixty minutes long.**

10.     Please identify the time and location at which the video posted on Defendant's social media on August 23, 2023, was taken.

> **RESPONSE: To the best of Mr. Demers' recollection, the video was taken between 3:00 and 5:00 p.m. on May 26, 2023 at the Miami Seaquarium.**

11.     Please identify the name and address of any individual, acquaintance, or social media account that provided you any pictures, video, or audio recordings via any social media website or platform.

**RESPONSE: Defendant objects to this interrogatory on grounds that it seeks information unrelated to the claims or defenses of any party in this case, and does not even seek information related solely to the Seaquarium, rendering it vague, over broad, and unduly burdensome. As written, this interrogatory conceivably seeks information regarding every photograph, video, meme, or image shared with Defendant online since 2015. Notwithstanding the foregoing objections, Defendant further objects to the extent this request seeks information protected by the reporter's privilege under the First Amendment to the United States Constitution, article I, section 4 of the Florida Constitution, section 90.5015, Florida Statutes, and Florida and federal common law. *See, e.g., State v. Davis*, 720 So. 2d 220 (Fla. 1998); *Tribune Co. v. Huffstetler*, 489 So. 2d 722 (Fla. 1986); *Branzburg v. Hayes*, 408 U.S. 665 (1972); *United States v. Fountain View Apartment*s, 2009 WL 1905046 (M.D. Fla. July 1, 2009); *Gregory v. Miami-Dade County*, 2015 WL 3442008 (S.D. Fla. May 28, 2015). Specifically, Defendant objects to any production of information obtained from confidential and non-confidential sources regarding the Miami Seaquarium. *Muhammad v. State*, 132 So. 3d 176, 190 (Fla. 2013)**

**Defendant is willing to work toward a good-faith narrowing of this interrogatory.**

Dated: January 10, 2024

AS TO OBJECTIONS ONLY:

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32301
Tel.: (305) 523-9023
james@slater.legal

Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
Tel. (305) 423-8747
josh@tarjanlawfirm.com

4

Benjamin Christopher Carraway*
The Animal Activist Legal Defense Project
2255 E. Evans Avenue
Denver, CO 80210
Tel. (423) 797-6084
ccarraway@law.du.edu
*Admitted *pro hac vice*

*Attorneys for Defendant Philip Demers*

## Certificate of Service

I hereby certify that on January 10, 2024, I electronically served the foregoing document to Matthew Jones, Plaintiff's counsel, by email.

By: */s/ James M. Slater*
James M. Slater

## Verification of Interrogatory Answers

I believe, based on reasonable inquiry, that the foregoing answers to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 10, 2024 at Niagara Falls, Canada.

Philip Demers