UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

      Plaintiff,

v.

PHILIP DEMERS,

      Defendant.

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATRORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, MS LEISURE COMPANY, by its undersigned counsel, hereby responds and objects to Defendant, PHILIP DEMERS', First Set of Interrogatories.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving any of the General Objections set forth below, which are incorporated by reference into each of these specific responses set forth below, and without conceding that any information requested is properly discoverable from the Plaintiff, relevant to the subject matter of this litigation, or admissible as evidence, Plaintiff further objects and responds as follows:

**INTERROGATORY NO. 1:**

*Please state the name and title of each person who participated in responding to these Interrogatories and the interrogatory number(s) they participated in responding to.*

Page **1** of **15**

**RESPONSE TO INTERROGATORY NO.1:**

Danay Voiles, Park Director and General Manager of the Miami Seaquarium, assisted by both her staff, along with undersigned counsel, participated in compiling Plaintiff's responses to the Interrogatories.

*<u>INTERROGATORY NO. 2:</u>*

*Please identify each and every "occasion" you assert Defendant "has repeatedly, and without authorization, flown an unmanned aerial vehicle over [your] property during regular business hours," as alleged in paragraph 11 of your Complaint. For each instance identified, please identify the time and date of such "occasion," and all evidence to support your claim that Defendant operated the drone or had any connection to such act.*

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory on the ground it improperly seeks to have Plaintiff conduct a review of documents already produced in response to Defendant's First Request for Production that Defendant is equally capable of performing. Subject to the foregoing objections, and without waiving them, Plaintiff answers on information and belief based on documents in its possession, custody or control or on other sources as follows:

February 25th, 2023 – As evidenced in Defendant's March 4th, 2023, Twitter (now known as "X") post

May 4th, 2023 – As evidenced in Defendant's May 5th, 2023, Twitter (now known as "X") post.

May 27th, 2023 – At approximately 11:40 AM, pursuant to the Miami-Dade Police Department's Incident Report which was previously produced in response to Defendant's First Request for Production.

Jun 26th, 2023 - As evidenced in Defendant's July 26th, 2023, Twitter (now known as "X") post.

The following "occasions" are identified pursuant to the information gathered by way of the "Aerial Armor Alert" system implemented above the Seaquarium in response to Defendant's action:

October 6th, 2023 – At 9:40 AM

October 6th, 2023 – At 7:06 AM

October 7th, 2023 – At 6:09 PM

October 7th, 2023 – At 7:08 PM

October 8th, 2023 – At 11:52 AM

October 9th, 203 – At 6:46 PM

October 11th, 2023 – At 5:04 PM

October 11th, 2023 – At 5:40 PM

October 15th, 2023 – At 3:41 PM

October 15th, 2033 – At 6:37 PM

October 15th, 2023 – At 6:47 PM

October 17th, 2023 – At 3:32 PM

October 17th, 2023 – At 6:36 PM

October 20th, 2023 – At 11:55 PM

October 20th, 2023 – At 12:25 PM

October 20th, 2023 – At 12:55 PM

October 21st, 2023 – At 7:12 AM

October 21st, 2023 – At 7:29 AM

October 21st, 2023 – At 8:32 AM

October 21st, 2023 – At 12:29 PM

October 21st, 2023 – At 3:49 PM

October 21st, 2023 – At 5:17 PM

October 21st, 2023 – At 6:10 PM

October 22nd, 2023 – At 7:55 AM

October 22nd, 2023 – At 11:05 AM

October 22nd, 2023 – At 12:07 PM

October 23rd, 2023 – At 8:55 AM

October 23rd, 2023 – At 4:26 AM

October 24th, 2023 – At 10:01 AM

October 24th, 2023 – At 10:17 AM

**<u>INTERROGATORY NO. 3:</u>**

*For each "occasion" you identify Mr. Demers flew an "unmanned aerial vehicle over [your] property," as answered in Interrogatory No. 2, please identify the date you became aware of such flights.*

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff became aware of the "occasion[s]" identified in its response to Interrogatory No. 2 at the time such flights were being conducted. Therefore, the flight date and "awareness" date referenced in Interrogatory No. 3 are identical.

However, Plaintiff objects to this Interrogatory on the ground that the term "aware" is vague and ambiguous.

**INTERROGATORY NO. 4:**

*Please identify all facts that support your claim that "Defendant has flown or has directly instructed his actual or apparent agent(s) to fly a drone over open air congregations of employees and customers," as you allege in paragraph 12 of your Complaint.*

**RESPONSE TO INTERROGATORY NO. 4:**

In response to Interrogatory No. 4 Plaintiff incorporates by reference its answers to Interrogatories 2 and 3, in that they outline the instances in which Defendant, or his actual or apparent agent(s), flew drones over and in Plaintiff's property. Additionally, Defendant's direct involvement in these drone flights is self-evident by his repeated posts on his personal social media accounts of the unauthorized video footage procured by the unauthorized drone flights.

Plaintiff's investigation of Defendant's involvement is ongoing and it reserves the right to supplement its response as additional facts are uncovered via discovery and its own inquiries into the incidents.

**INTERROGATORY NO. 5:**

For each "occasion" you identify Mr. Demers flew an "unmanned aerial vehicle over [your] property," as answered in Interrogatory No. 4, please identify the date you became aware of such flights.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to Interrogatory No. 5 on the grounds that it seeks information that is duplicative and identical in nature to the information requested in Interrogatory No. 3. Plaintiff incorporates its response to Interrogatory No. 3 herein by reference.

**INTERROGATORY NO. 6:**

Please identify all facts that support your claim that "Defendant breached 14 CFR section 107.31" as you allege in paragraph 13 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to Interrogatory No. 6 on the grounds that it mischaracterizes Plaintiff's Complaint by misrepresenting that the allegations set forth in the Complaint that "Defendant breached 14 CFR section 107.31" constitute a "claim." Plaintiff's Complaint does not contain a "claim" based on Defendant's breach of 14 CFR section 107.31 but merely utilizes that fact as support for Plaintiff's asserted causes of action.

To the extent that Defendant is utilizing the term "claim" interchangeably with "allegation" Plaintiff directs him to refer to Plaintiff's responses to Interrogatories 2, 3, and 4, and incorporates those responses by reference herein.

**INTERROGATORY NO. 7:**

*Please identify the altitude of each alleged flight of an "unmanned areal vehicle flown over [your] property" by Defendant or his agent.*

**RESPONSE TO INTERROGATORY NO. 7:**

Multiple witnesses will testify to the low altitude of less than 100 feet ofDefendant's unauthorized flight of unmanned aerial vehicles over and on Plaintiff's property. The answer herein does not waive Plaintiff's objections to this Interrogatory based on it seeking information within the possession, custody, or control of the Defendant to the extent that Defendant's unmanned aerial vehicles track the altitudes of each flight.

**INTERROGATORY NO. 8:**

*Please identify all persons who you allege Defendant "interfer[ed]" with their "enjoyment," as alleged in paragraph 16 of the Complaint.*

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff is unaware at this time of the specific names of the customers whose "enjoyment" was "interer[ed]" with. Employees at the time, namely: Danay Voiles, Jamie Mayorga, Edwin Gonzalez, and Chip Guadio, will be able to provide testimony regarding the enjoyment, interference and other related activities as referenced in the Pending Complaint.

Plaintiff hosts hundreds of customers daily and to require an exact list of those affected by Defendant's repeated trespass and nuisance is not only impractical but unnecessary in order to establish Plaintiff's claims. Therefore, the answer herein does not waive Plaintiff's objections to this Interrogatory. Specifically, the Interrogatory is unduly burdensome.

**INTERROGATORY NO. 9:**

*Please identify in detail how Defendant's alleged drone use "interfer[ed]" with your "ability to properly and safely conduct business," as alleged in paragraph 16 of the Complaint.*

**RESPONSE TO INTERROGATORY NO. 9:**

These assertions are self-evident. Plaintiff owns and operates the Miami Seaquarium which not only hosts hundreds of guests everyday but is also home to hundreds of aquatic animals. Defendant cannot credibly contend that repeated low flying drones over and on the subject property would not substantially interfere with the Plaintiff's ability to properly and safely conduct business.

**INTERROGATORY NO. 10:**

*Please identify each and every person who you allege experienced "visual and auditory disturbances," as alleged in paragraph 16 of the Complaint.*

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff is unaware at this time of the specific names of the customers which experienced "visual and auditory disturbances." Employees at the time, namely: Danay Voiles, Jamie Mayorga, Edwin Gonzalez, and Chip Guadio, will be able to provide testimony regarding the visual, auditory and other disturbances as referenced in the Pending Complaint.

However, Plaintiff objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, and vague and ambiguous. Plaintiff hosts hundreds of customers daily and to require an exact list of those affected by Defendant's repeated trespass and nuisance is not only impractical but unnecessary in order to establish Plaintiff's claims. Defendant cannot credibly contend that repeated low flying drones over and on the subject property would not generate visual and auditory disturbances to the hundreds of customers and aquatic animals in its care.

**INTERROGATORY NO. 11:**

*Please explain how Defendant "has both economically and reputationally damaged" you, as alleged in paragraph 22 of the Complaint.*

**RESPONSE TO INTERROGATORY NO. 11:**

As the Defendant is aware, Plaintiff has voluntarily withdrawn its defamation claim against Defendant. Defendant does not oppose the withdrawal of the defamation claim as Defendant's Counsel stated in the Parties meet and confer regarding Plaintiff's Motion for Leave to Amend. Therefore, as to Plaintiff's reputational damage, Plaintiff objects on the grounds that Defendant seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 12:**

*Please identify with particularity all lost sales and revenue you attribute to the claims you allege against Defendant in the Complaint.*

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff has not yet calculated its damages at this time in the context of the Amended Complaint.

### INTERROGATORY NO. 13:

*Please explain how Defendant's alleged actions put your customers and animals at risk, as alleged in paragraph 23 of the Complaint.*

### RESPONSE TO INTERROGATORY NO. 13:

Defendant's Interrogatory No. 13 inappropriately requests an explanation of the dangers and risks which are inherent and self-evident in Defendant's actions. The unauthorized flight of low flying unmanned aerial vehicles and low flying helicopters over open congregations of people and animals creates an obvious risk, and to imply otherwise flies in the face of not only common sense but the extensive Federal and Florida law that regulates the flight of manned and unmanned aerial vehicles. One such Florida Statute forms the basis of Count 4 of Plaintiff's Complaint for violation of Florida Statute 934.50.

Plaintiff further objects on the grounds that the interrogatory is overbroad and unduly burdensome.

### INTERROGATORY NO. 14:

*Please explain how Defendant's use of a drone on your property "significantly interfered" with your use and enjoyment of your property, as alleged in paragraph 30 of the Complaint.*

### RESPONSE TO INTERROGATORY NO. 14:

Plaintiff incorporates by reference herein its answers to Interrogatories 9 and 13 to reiterate the obvious and self-evident interference with Plaintiff's use and enjoyment of its property caused by the Defendant's unauthorized drone flights.

Inherent in the use and enjoyment of Plaintiff's property is the ability to properly manage and care for hundreds of aquatic animals and, in connection with that care, educate and provide entertainment to the hundreds of customers which Plaintiff hosts every day. The unauthorized and low flight of several drones over Plaintiff's property would obviously interfere with Plaintiff's use and enjoyment of its property.

**INTERROGATORY NO. 15:**

*Please identify the damages you seek for each of your claims and provide a calculation for the same.*

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff has not yet calculated the full extent of its damages at this time.

**INTERROGATORY NO. 16:**

*For any and all damages identified in response to Interrogatory No. 15 above, please identify all facts and documents you rely on, or intend to rely on a trial, to support those damages.*

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff has not yet calculated the full extent of its damages at this time.

**INTERROGATORY NO. 17:**

*Please identify what specific false or defamatory information Defendant has posted on social media, as alleged in paragraphs 33 and 34 of the Complaint.*

**RESPONSE TO INTERROGATORY NO. 17:**

As the Defendant is aware, Plaintiff has voluntarily withdrawn its defamation claim against Defendant. Defendant does not oppose the withdrawal of the defamation claim as Defendant's Counsel stated in the Parties meet and confer regarding Plaintiff's Motion for Leave to Amend. Therefore, as to Defendant's request to identify specific defamatory statements, Plaintiff objects on the grounds that Defendant seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 18:**

*For each individual alleged defamatory statement, please identify the location or source of such statement.*

**RESPONSE TO INTERROGATORY NO. 18:**

As the Defendant is aware, Plaintiff has voluntarily withdrawn its defamation claim against Defendant. Defendant does not oppose the withdrawal of the defamation claim as Defendant's Counsel stated in the Parties meet and confer regarding Plaintiff's Motion for Leave to Amend. Therefore, as to Defendant's request to identify the location or source of Defendant's defamatory statements, Plaintiff objects on the grounds that Defendant seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 19:**

*For each individual alleged defamatory statement, please identify all facts demonstrating how such statements are defamatory.*

**RESPONSE TO INTERROGATORY NO. 19:**

As the Defendant is aware, Plaintiff has voluntarily withdrawn its defamation claim against Defendant. Defendant does not oppose the withdrawal of the defamation claim as Defendant's Counsel stated in the Parties meet and confer regarding Plaintiff's Motion for Leave to Amend. Therefore, as to Defendant's request to identify the facts demonstrating the defamatory nature of Defendant's statements, Plaintiff objects on the grounds that Defendant seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

*INTERROGATORY NO. 20:*

*For each individual alleged defamatory statement, please identify all facts related to any hatred, distrust, ridicule, contempt, or injury suffered as a result of the statement.*

**RESPONSE TO INTERROGATORY NO. 20:**

As the Defendant is aware, Plaintiff has voluntarily withdrawn its defamation claim against Defendant. Defendant does not oppose the withdrawal of the defamation claim as Defendant's Counsel stated in the Parties meet and confer regarding Plaintiff's Motion for Leave to Amend. Therefore, as to Defendant's request to identify the hatred, distrust, ridicule, contempt, or injury resulting from Defendant's defamatory statements, Plaintiff objects on the grounds that Defendant seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

## GENERAL OBJECTIONS

Plaintiff's responses to the Interrogatories are based on the best information presently available to it, and Plaintiff expressly reserves the right to amend or to supplement its responses or objections if it obtains other or additional information or discovers other or additional information or documents. In addition, any response by Plaintiff indicating that it may have in its possession of, have knowledge of the possible existence of, or will or may produce or provide any documents or information should not be construed to mean that such documents or information necessarily exist(s).

October 27th, 2023

**Under penalties of perjury, I, Danay Voiles, declare that I have read the foregoing Answers to Defendant's First Interrogatories and the facts stated herein are true**

Dated: 10/27/2023

*[DocuSigned by: Danay Voiles, 66F13353F0784EC...]*

Danay Voiles as Authorized Representative of MS Leisure Company

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on October 27th, 2023, I electronically served the foregoing document to Defendant's counsel, via email.

Respectfully submitted,

**JONES & ADAMS, P.A.**
*Attorney for Plaintiff*
999 Ponce de Leon Blvd., Suite 925
Coral Gables, FL 33134

        Tel: (305) 270-8858
        Fax: (305) 270-6778
        matthew@jones-adams.com

  By: */s/ Matthew L. Jones*
      Matthew L. Jones, Esq.
      Florida Bar No.: 909335