UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

    Plaintiff,

v.

PHILIP DEMERS,

    Defendant.

**PLAINTIFF'S OMNIBUS MOTION IN LIMINE
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, MS Leisure Company ("MS Leisure"), by and through undersigned counsel, hereby files this Motion in Limine to Exclude Evidence at Trial, and in support thereof states as follows:

**SUMMARY OF ARGUMENT**

Plaintiff moves for an order in limine precluding the Defendant from introducing evidence, including physical evidence, testimony, and argument of counsel pertaining to:

1. The President of the Plaintiff, Eduardo Albor, including any reference to his family members or personal life;

2. The wealth, income, or revenue of or relating to any party to this action;

3. The care and/or treatment of any animals located at the Miami Seaquarium;

4. The current operational or financial condition of the Miami Seaquarium, including any licensing or regulatory matters; and

5. Any other pending lawsuits or claims made against MS Leisure Company, the Miami Seaquarium, or any related entities.

Defendant, Philip Demers, is a self-proclaimed animal activist who has a long history of harassing animal conservation facilities. Mr. Demers utilizes extremely violent and threatening tactics in his misguided pursuit to cripple these facilities both financially and reputationally. In the past, Mr. Demers has used these tactics against his former employer, Marineland Canada, and has directly instructed his followers to "get twenty people in every corner of the park [Marineland Canada] and f-ing ransack it." If opposed by Marineland's employees Mr. Demers further instructed his followers to "physically assault them" and "use a weapon and strike them about the top of the head." These are only examples of the many threats Mr. Demers has weaponized to further his misguided goals.

Now, Mr. Demers has set his sights on MS Leisure and its operations of MSQ. Mr. Demers has gone on a social media campaign attacking Plaintiff's business practices which he has accompanied with repeated flights of drones over and on MSQ's property **as well as** an unauthorized and dangerously low flying helicopter flight over and on MSQ's property. The purpose of such flights was to harass and disrupt Plaintiff's business operation and also procure unauthorized footage of Plaintiff's business operations which the Defendant subsequently posted on his social media accounts.

Those unauthorized flights form the basis of Plaintiff's claims. Each of Plaintiff's causes of action center around Plaintiff's request for injunctive relief in order to limit the inherent danger Defendant's actions represent to both the customers and animals present at MSQ. As more fully set forth below the referenced topics represent areas of inquiry that are irrelevant and

inherently prejudicial should this Court allow the Defendant to use such evidence and testimony at trial.

## MEMORANDUM OF LAW

I.    **Legal Standard**

Trial courts have broad discretion in determining the admissibility of evidence. *Valdes v. Miami-Dade Cnty.*, 12-22426-CIV, 2015 WL 7253045, at *1-2 (S.D. Fla. Nov. 17, 2015). The "purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial." *Id*. at *2.

Even if evidence characterized is determined to be relevant, it may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403; *see also, United States v. O'Sullivan*, 361 F. App'x 993, 998 (11th Cir. 2010) ("Federal Rule of Evidence 403 permits the exclusion of evidence if the probative value of that evidence is substantially outweighed by the danger of unfair prejudice.") (internal quotations omitted).

Unfair prejudice occurs when the evidence has the capacity of luring the fact finder into reaching a decision on a ground different from the proof specific to the claim asserted. *See, e.g., Walker v. NationsBank, N.A.*, 53 F.3d 1548, 1554-55 (11th Cir. 1995) (affirming the exclusion of evidence under Rule 403 where evidence would shift the jury's focus away from the ultimate issue in the case). Furthermore, and crucial to this case, "exclusion of evidence under Rule 403 is

also important to avoid significant litigation on issues that are collateral to those required to be tried." *Sims v. Mulcahy*, 902 F.2d 524, 531 (7th Cir. 1990)

> **II.  Defendant Should Be Precluded from Offering Evidence or Testimony Regarding Plaintiff's President, Eduardo Albor, Including His Family and Friends Because Such Evidence or Testimony is Irrelevant and Highly Prejudicial.**

As outlined above Plaintiff's claims arise out of, and center around, Defendant's unauthorized flights of drones and a low-flying helicopter above and within MSQ's property. Throughout these proceedings Defendant has attempted to incorporate what appears to be a personal vendetta against Plaintiff's President, Eduardo Albor. Defendant has attacked Mr. Albor along with his family members on several of his social media accounts. Such unwarranted attacks hold no relationship to the present proceedings or Defendant's repeated trespasses and nuisance of the MSQ.

To allow these irrelevant and abusive attacks on Mr. Albor and his family to be utilized by the Defendant in these proceedings would be highly prejudicial and falls directly into the broad power of this Court to exclude prejudicial and irrelevant evidence and testimony. Fed. R. Evid. 403; *see also, United States v. O'Sullivan*, 361 F. App'x 993, 998 (11th Cir. 2010); *Valdes v. Miami-Dade Cnty.*, 12-22426-CIV, 2015 WL 7253045, at *1-2 (S.D. Fla. Nov. 17, 2015).

> **III.  Defendant Should be Precluded From Offering Evidence or Testimony Regarding the Wealth, Income, or Revenue Relating to the Plaintiff Because Such Evidence or Testimony is Irrelevant and Highly Prejudicial.**

Defendant's actions are inherently and obviously dangerous to the Plaintiff's ability to properly and safely conduct the business of MSQ. Plaintiff is requesting this Court grant injunctive relief to preclude the Defendant's continuing and ongoing trespasses and nuisances upon the subject property.

The sensitive financial information of the Plaintiff involving the wealth, income, or revenue of MSQ does not speak to or provide any relevant information for a trier of fact to determine that Defendant's ongoing actions should be enjoined. Plaintiff's operation of MSQ involves the daily interactions of hundreds of guests and wild animals in its care. Plaintiff's financials hold no relationship to how Defendant's actions constitute a nuisance and how they pose an obvious risk to Plaintiff's ability to safely and properly conduct its business, and therefore should be precluded by this Court.

IV. **Defendant Should be Precluded From Offering Evidence or Testimony Regarding the Care and/or Treatment of Animals at the Miami Seaquarium Because Such Evidence or Testimony is Irrelevant and Highly Prejudicial.**

The Plaintiff is aware of certain news reports and government inquiries involving the care of MSQ's animals. Defendant has attempted on multiple occasions to utilize these various reports and articles to muddy the waters surrounding Plaintiff's claims. To be clear, the care and treatment of Plaintiff's animals holds no relationship or relevancy to the current proceedings.

Defendant cannot credibly contend that the care and treatment of Plaintiff's animals should be a factor in determining that the repeated flights of drones and a low-flying helicopter, which repeatedly buzzed the property and was operated at the direction of the Defendant, pose an inherent risk to the business operations of MSQ and should be enjoined.

Defendant's use of such evidence or testimony would serve only to prejudice the trier of fact and irretrievably affect the fairness of the trial. *Valdes v. Miami-Dade Cnty.*, 12-22426-CIV, 2015 WL 7253045, at *1-2 (S.D. Fla. Nov. 17, 2015). Therefore, the use of such evidence and testimony should be precluded by this Court.

V. **Defendant Should be Precluded From Offering Evidence or Testimony Regarding the Current Operational or Financial Condition of the Miami**

**Seaquarium, Including any Licensing or Regulatory Matters Because Such Evidence or Testimony is Irrelevant and Highly Prejudicial.**

As similarly set forth above, Defendant has previously, and Plaintiff anticipates will continue to, attempt to erode the legitimacy of these proceedings by introducing irrelevant information pertaining to the operational and financial condition of MSQ.

Defendant has consistently attacked the Plaintiff on multiple social media accounts regarding the operations of the MSQ and the status of MSQ with governmental agencies. Those attacks hold no credible relationship to the jury's ability to determine Defendant's liability for unauthorized drone flights and helicopter flight above and within MSQ's property.

Defendant has never contested that Plaintiff owns and operates MSQ and therefore the financial and operational condition of MSQ is irrelevant to the determination of liability and should be precluded by this Court.

VI. **Defendant Should be Precluded From Offering Evidence or Testimony Regarding the Any Other Pending Lawsuits or Claims Made Against MS Leisure Company, the Miami Seaquarium, or any related entities.**

The Plaintiff operates the subject property, Miami Seaquarium, as well as several other businesses and entities. As is frequent with large corporate entities they often utilize and take part in the judicial system in varying capacities.

Any and all of these judicial proceedings hold no relationship to, or relevancy in, this Court and the trier of fact's ability to determine the Defendant's liability. As set forth throughout this Motion, Defendant has a tendency of attempting to deviate this Court, and consequentially the Jury, from the operative facts that form the basis of these proceedings. Plaintiff anticipates that the Defendant will utilize or reference lawsuits and claims in his arguments against Plaintiff's as he has clearly demonstrated with his consistent social media directed at Plaintiff's operations and outside legal actions. Any use of such

evidence or testimony is irrelevant and only serves to substantially prejudice the Plaintiff in the eyes of the jury.

**WHEREFORE**, Plaintiff, MS Leisure Company, requests this Court enter an Order Granting this Motion *in limine* excluding the above referenced testimony and evidence, an any further relief in favor of the movant this Court deems just and proper.

### MEET AND CONFER CERTIFICATE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that on March 1st, 2024, Plaintiff's Counsel met and conferred with Defendant's Counsel, via email, to resolve the issues set forth in this Motion and were unable to resolve the issues. Defendant's Counsel opposes the relief sought.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 1st, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    /s/*Matthew L. Jones*