UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

      Plaintiff,

 v.

PHILIP DEMERS,

      Defendant.

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DE #54]

COMES NOW, Plaintiff, MS LEISURE COMPANY ("MS Leisure" or "Plaintiff"), by and through their undersigned counsel, and files its Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, and states:

## INTRODUCTION

Defendant's Motion for Summary Judgment [DE #54] fails to meet his burden as to each and every Count present in both Plaintiff's State Court Complaint [DE #1-2] and Plaintiff's Proposed Amended Complaint ("PAC") which accompanied Plaintiff's Motion for Leave to Amend Complaint to Join Necessary Party and Remand Case [DE #22-1][1].

Despite Defendant's repeated attempts to limit the scope of Plaintiff's Claims, the causes of actions set forth in the PAC require this Court to look at the full context of Defendant's actions.

---

[1] Defendant has elected to address the claims asserted against him in the PAC for purposes of judicial economy, and Plaintiff will address these claims as well. *See* Pg. 3 of Motion.

Plaintiff's PAC sets forth three causes of action against the Defendant for: Trespass (Count 1), Private Nuisance (Count 2), and Violation of Florida Statute 934.50 (Count 3)[2]. Each of Plaintiff's Counts against the Defendant are accompanied with a request for injunctive relief which presupposes that the damage caused by the Defendant cannot be quantified or remedied by the payment of monetary damages. *ABC Charters, Inc. v. Bronson*, 591 F. Supp. 2d 1272, 1309 (S.D. Fla. 2008). Additionally, even if no actual damages are proven as to Plaintiff's Trespass Claim, the Plaintiff is still entitled to nominal damages and costs. *See, e.g., Leonard v. Nat Harrison Assocs., Inc.*, 122 So.2d 432, 433 (Fla. 2d DCA 1960).

Defendant's Motion fails as a matter of law because not only has the Defendant admitted to flying drones over the Miami Seaquarium ("Seaquarium"), but the Defendant admitted that fact as he boarded a helicopter with the clear intention to harass and disrupt the Plaintiff's ability to use and enjoy its property. *See Plaintiff's **Exhibit 3***. Defendant has trespassed on the Plaintiff's property via these drone and helicopter flights. Those trespasses and acts have created an obvious nuisance on the Plaintiff, and Defendant's posting of several videos of Plaintiff's private animal enclosures, along with Plaintiff's employees, represents a clear violation of Florida Statute 934.50(3)(b).

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the nonexistence of a triable fact

---

[2] The Plaintiff has requested leave from the Court to voluntarily dismiss the Defamation claim which was filed in the State Court Complaint. Defendant does not oppose Plaintiff's request.

issue." *Continental Cas. Co. v. Wendt*, 205 F.3d 1258, 1261 (11th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

In evaluating a motion for summary judgment, the Court considers the evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials ...." Fed. R. Civ. P. 56(c)(1)(A). The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008) (quotation marks and citations omitted).

"When a motion for summary judgment is presented to the Court, it opens the entire record for consideration, and the Court may enter judgment in favor of the non-moving party on any grounds apparent in the record, even where there is no formal cross-motion." *See Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, 212 F. Supp. 3d 1286, 1291 (S.D. Fla. 2016), citing *Burton v. City of Belle Glade*, 178 F.3d 1175, 1204 (11th Cir. 1999).

Additionally, affidavits based on information and belief, rather than personal knowledge, are insufficient in the context of a motion for summary judgment. *Rodda v. Univ. of Miami*, No. 19-25301, 2021 WL 2290826 (S.D. Fla. June 4, 2021) (Moreno, J.). Likewise, conclusory allegations without specific supporting facts have no probative value. *Rodda,* 2021 WL 2290826, at *2. Further, affidavits that are based upon "[b]ald conclusions, opinions, and hearsay without supporting specific facts are not admissible and do not create a genuine issue of material fact." *Venerio v. Fed. Express Corp.*, No. 17-22624, 2018 WL 5283876, *5 (S.D. Fla. Sept. 17, 2018) (citing *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations [set forth in a supporting affidavit] without specific supporting facts have no probative value")).

## **ARGUMENT**

I.    **There Exists Material Facts in Dispute Which Precludes Summary Judgment to be Entered in Favor of the Defendant as to Plaintiff's Trespass Claim.**

Plaintiff's Trespass Claim is centered around Defendant's trespass upon Plaintiff's property, the Miami Seaquarium (the "Seaquarium"), by way of unauthorized helicopter and drone flights. T*respass to real property* is simply the unauthorized entry onto another's real property. Restatement (Second) of Torts § 158 (Am. Law Inst.1965); *see also Daniel v. Morris,* 181 So. 3d 1195, 1198 (Fla. 5th DCA 2015). The injury caused by trespass to *real property* is the loss of the use and enjoyment of the land or injury to the land. *Coddington v. Staab*, 716 So.2d 850, 851 (Fla. 4th DCA 1998); *State v. Sarantopoulos*, 604 So.2d 551, 555 n. 7 (Fla. 2d DCA 1992) ("As to civil trespass, a trespass to real property is an injury to or use of the land of another by one having no right or authority.") (citing *Brown v. Solary*, 37 Fla. 102, 19 So. 161 (1896))). Even if no actual damages are proven, the plaintiff is still entitled to nominal damages and costs. *See, e.g., Leonard v. Nat Harrison Assocs., Inc.*, 122 So.2d 432, 433 (Fla. 2d DCA 1960).

Prior to addressing Defendant's factual arguments, Plaintiff finds it efficient to dispose of Defendant's caselaw that misrepresents the standards and elements necessary to establish liability for a trespass as to real property. Defendant cites to *A.H. v. State*, 151 So. 3d 48, 50 (Fla. 4th DCA 2014) and *L.J.S. v. State*, 905 So. 2d 222 (Fla. 2d DCA 2005) to incorrectly represent to this Court that absent evidence that the Defendant knew or should have known that the July 14th, 2023, helicopter flight was trespassing over the Seaquarium he cannot be held liable. *See* Page 13 of Motion. Both of Defendant's cited cases involve *criminal trespass* governed by Florida Statute § 810.08. The criminal statute is wholly inapplicable in the present case, and although it is clear from the undisputed evidence that the Defendant was aware he was trespassing upon the Seaquarium's property, his knowledge or lack thereof is not relevant in ruling on Defendant's Motion. *Trespass*

*to real property* is simply the unauthorized entry onto another's real property. Restatement (Second) of Torts § 158 (Am. Law Inst.1965).

Plaintiff will first address Defendant's failure to satisfy his burden of establishing the nonexistence of triable issue of fact as to Defendant's July 14th, 2023, unauthorized and trespassory helicopter flight conducted above and within the Seaquarium's property. *Continental Cas. Co. v. Wendt*, 205 F.3d 1258, 1261 (11th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

**A. There exist material facts in dispute regarding Defendant's control over the July 14th, 2023, helicopter flight, the altitude of the helicopter flight over and within the Seaquarium's property, which precludes summary judgment to be entered in Defendant's favor on Plaintiff's Trespass Claim.**

Defendant's arguments are as simple as they are refutable: 1) Defendant did not pilot or organize the July 14th helicopter flight; 2) the Defendant was merely a passenger on the July 14th helicopter flight; and 3) the July 14th helicopter flight did not trespass on Plaintiff's property. Defendant's assertion that he was merely a "passenger" on the July 14th helicopter flight is borderline bad-faith and clearly untenable considering Defendant's own admissions, which he posted on his Instagram account, coupled with the fact that the Defendant paid for the entirety of the cost of the helicopter flight, amounting to $1,000. *See* Demers Dep. 35:15-22 [DE #50-1]; *see also Plaintiff's* **Exhibit 3.**

On July 14th, 2023, the same day as the helicopter flight, the Defendant posted on his personal Instagram account (walrus_whisperer) a video of himself standing in front of the subject helicopter prior to take off, and the Defendant stated directly to the camera:

> "The Miami Seaquarium thought they could stop **us** from getting footage of Lolita, their last surviving orca . . . they sued me for **flying drones over and publishing those videos**, now what are you gonna do now, **I'm coming over you with a helicopter**. See you soon Lolita."

*See Plaintiff's **Exhibit 3.***

That same day, July 14th, the Defendant posted a picture which was taken during the July 14th helicopter flight of the Defendant pointing his middle finger in a derogatory manner towards the Seaquarium as the helicopter can be clearly seen flying dangerously low above and within the Seaquarium's airspace. *See Plaintiff's **Exhibit 4.*** An employee of the Seaquarium noted that at several instances the helicopter was flying within 200 feet of the Seaquarium. *See Plaintiff's **Exhibit 2**, "Declaration of Edwin Gonzalez" ¶32.*

The Defendant captioned his July 14th, 2023, Instagram picture with:

> "Today is World Orca Day! **To commemorate the Miami Seaquarium's SLAPP lawsuit against me** for publishing distressing images of Lolita, their last surviving orca **we decided to fly a helicopter over them**. They will never silence my activism! GAME ON!"

*See Plaintiff's **Exhibit 4.***

Defendant's own statements operate as an admission as to his flight of drones over the Seaquarium, and his subsequent publishing of the obtained unauthorized drone videos. Additionally, the Defendant's own social media posts destroy any notion that the Defendant was merely a passenger on the flight; that he didn't play a significant role in organizing the July 14th helicopter flight; or that the Defendant "had no control over the helicopter or pilot." *See* Page 12 of Motion. In Defendant's own posted video, he states that the Seaquarium "thought they could stop **us** . . .," and his caption of the picture of the flight clearly states, "**we decided to fly a helicopter over them**." *See Plaintiff's **Exhibit 4***. The undisputed facts establish that the Defendant, and all other parties present on the July 14th helicopter flight, including the pilot, were complicit, and in agreement, with the purpose of the flight.

Defendant attempts to argue that the helicopter's entry into the Seaquarium's airspace was "privileged" because the flight was "reasonable, in conformity with legislative requirements, and did not unreasonably interfere" with Plaintiff's enjoyment of its property and airspace above it. *See* Page 13 of Motion. Several disputed material facts illustrate that the Defendant has failed to meet his burden to be entitled to entry of summary judgment in that regard.

The July 14th helicopter flight occurred during regular business hours and repeatedly buzzed the Seaquarium's property at low altitudes, often times below 200 feet. *See Plaintiff's* ***Exhibit 2****, "Declaration of Edwin Gonzalez" ¶¶29,30*. The helicopter flight immediately drew the attention and worry of both customers and employees as it repeatedly flew over the property and hovered in several positions above the Seaquarium. *Id* at *¶31*. The sound of the helicopter was loud, disruptive, and caused an auditory and visual disturbance that hindered the Seaquarium's employees' ability to properly communicate with each other, and therefore the customers present on the property. Defendant cites to a singular timestamp identified in Defendant's July 14, 2023, Livestream [DE #51-10], showing that at *a singular point* during an hour-long helicopter flight, the altimeter showed an altitude of "500 feet." *See* Pg. 14-15 of Motion; *see also Defendant's Exhibit 4 [DE #51-4].*

The Florida Supreme Court held the operator of an aircraft "is 'privileged' to enter the airspace above land in the possession of another, **so long as he does so in a reasonable manner, at such a height as in conformity with legislative requirements, and without interfering unreasonably with the possessor's enjoyment of the surface of the earth and the airspace above it.**" *Reavers v. Martin Theatres of Fla.*, 52 So.2d 682, 683 (Fla. 1951) (citing Restatement of Torts (First) § 194)).

Defendant has failed to meet its burden that no material issues of fact exist to preclude entry of summary judgment in his favor. The July 14th helicopter flight was conducted in a hazardous manner, below 500 feet, and in direct breach of 14 C.F.R. § 91.119. Plaintiff clearly and obviously experienced a loss in the use and enjoyment of its land, as evidenced by the disruption of the Seaquarium's daily operations. Therefore, material issues of fact exist, and Defendant's Motion should be denied as to Plaintiff's Trespass Claim directed to the July 14th helicopter flight.

**B. There exist material facts in dispute to preclude summary judgment to be entered in Defendant's favor as to his trespass upon the Seaquarium by the flight of drone.**

Defendant contends that he did not pilot or instruct any his agents to pilot drones above and within the Seaquarium property. *See* Pg. 6 of Motion. Defendant attempts to make this argument despite his own admission that he did fly drones over the Seaquarium and published those videos from those drone flights on his various social media platforms. *See Plaintiff's **Exhibit 3.***

Additionally, there exists sufficient circumstantial evidence to create a disputed issue of material fact that the Defendant instructed his actual or apparent agents to fly drones within the Seaquarium's airspace. On May 27th, 2023, Defendant organized a protest outside the Seaquarium. *See Defendant's **Exhibit 6*** [DE #51-6]. As Defendant's protest was ongoing, Shaun T. Dean, flew a drone within 100 feet above the Seaquarium., equipped with video and surveillance devices. *See* May 27th, 2023, Incident Report [DE #51-9]; *see also Plaintiff's **Exhibit 2**, "Declaration of Edwin Gonzalez" ¶¶19-27.* The May 27th drone outputted incessant buzzing noises and both customers and employees complained of the disruption. The disruption affected the ability of Plaintiff's employees to properly communicate with each other and the animals in their care. *See Plaintiff's **Exhibit 2**, "Declaration of Edwin Gonzalez" ¶¶19-27.* Miami-Dade Police were then notified,

Shaun Dean was identified as the pilot of the drone, and an incident report was generated. *See* May 27th, 2023, Incident Report [DE #51-9].

It was later learned that the Defendant and Mr. Dean had been acquaintances for close to a year and that Mr. Dean was a supporter of the Defendant's goals. *See* Demers Dep. 23:6-24:9. These facts establish credible circumstantial evidence and provides a reasonable inference regarding the disputed fact that Shaun Dean is an agent of Defendant and was directed by the Defendant to fly his drone, and trespass upon the property. With respect to trespass, a defendant need not physically enter plaintiff's land or airspace, but need only have caused the intrusion thereon by either a third person or an object (*see e.g. Buchanan v. Cardozo*, 16 N.Y.2d 1029, 1031, 265 N.Y.S.2d 908, 213 N.E.2d 317 [1965]; *Duane Reade v. Reva Holding Corp.*, 30 A.D.3d 229, 237, 818 N.Y.S.2d 9 [1st Dept. 2006]).

The Florida Supreme Court held the operator of an aircraft "is 'privileged' to enter the airspace above land in the possession of another, **so long as he does so in a reasonable manner, at such a height as in conformity with legislative requirements, and without interfering unreasonably with the possessor's enjoyment of the surface of the earth and the airspace above it.**" *Reavers v. Martin Theatres of Fla.*, 52 So.2d 682, 683 (Fla. 1951) (citing Restatement of Torts (First) § 194)).

The May 27th, drone flight conducted by an agent of the Defendant, Shaun Dean, was obviously not conducted in a reasonable manner as it disrupted the business operations of the Seaquarium and flew dangerously close to the Seaquarium's customers and employees. At the very least, there exists a genuine issue of material fact as to Mr. Dean's status as an agent of Defendant, and the "unreasonableness" of the May 27th drone flight to preclude entry of summary judgment in Defendant's favor.

**II.      There Exists Clear Material Facts in Dispute Which Precludes Summary Judgment to be Entered in Favor of the Defendant as to Plaintiff's Private Nuisance Claim.**

Viewing the evidence and all factual inferences reasonably drawn from that evidence in the light most favorable to the Plaintiff it is clear that the Defendant has failed to carry his burden as the moving party to establish the nonexistence of a triable issue of fact as to Plaintiff's Claim for Private Nuisance. *Continental Cas. Co. v. Wendt*, 205 F.3d 1258, 1261 (11th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); *see also Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008).

The idea behind the law of nuisance is that every person has the right to the free use of property so long as the rights of another are not injured. *See Pierce v. Riggs*, 149 Vt. 136, 540 A.2d 655 (1987); *Baum v. Coronado Condominium Association, Inc.*, 376 So.2d 914 (Fla. 3d DCA 1979) *(citing Reaver v. Martin Theatres of Florida, Inc.*, 52 So.2d at 683). A court examining a claim of nuisance must focus not only upon legality, **but also upon reasonableness of the use**, "as such use affects the public and private rights of others" and "must of necessity be determined from the facts and circumstances of particular cases as they arise." *Saadeh v. Stanton Rowing Found., Inc.*, 912 So.2d 28, 32 (Fla. 1st DCA 2005)(*quoting Cason v. Fla. Power Co.*, 74 Fla. 1, 76 So. 535, 536 (1917)).

The foundation of nuisance law is that an annoyance is only a nuisance so long as it has that effect on an "ordinary person[ ] with a reasonable disposition ... [with] normal sensibilities," not those who are "particularly sensitive." *Beckman v. Marshall*, 85 So.2d 552, 555 (Fla.1956) (citations and internal quotation marks omitted). "Moreover, the time that the noises or other offensive actions took place is important" in this Court's analysis of whether a nuisance occurred. *Id.* at 555.

The Supreme Court of Florida in *Burnett v. Rushton*, 52 So. 2d 645 (Fla. 1951) utilized the intent of the defendant as a factor in determining that a private nuisance occurred. The court in *Burnett* found that the "[t]he record discloses a **deliberate course of conduct**" and considered the "heaping abuse and insult upon appellee and his family" in determining that a private nuisance had occurred. *Id.* at 646.

Additionally, an "activity can constitute a judicially abatable nuisance notwithstanding full compliance with either legislative mandate or administrative rule." *State ex rel. Shevin v. Tampa Elec. Co.*, 291 So.2d 45, 48 (Fla. 2d DCA 1974). The court in *Lake Hamilton Lakeshore Owners Ass'n, Inc. v. Neidlinger*, 182 So. 3d 738 (Fla. 2d DCA 2015) reversed the lower court's ruling and found that that the sound generated by an airboat company could constitute a nuisance even if it complied with government regulations. *Id.* at 743.

In the present case, taking into account: Defendant's deliberate actions and the entirety of the circumstances; the July 14th, 2023, helicopter flight conducted by the Defendant; and the May 27th, 2023, drone flight conducted by Defendant's agent, Shaun Dean, Defendant's actions constitute a private nuisance. *See Plaintiff's* **Exhibit 3;** *see Plaintiff's* **Exhibit 4;** *see* May 27th, 2023, Incident Report [DE #51-9]; *see also Plaintiff's* **Exhibit 2**, *"Declaration of Edwin Gonzalez" ¶¶19-27*; *see also* Demers Dep. 23:6-24:9.

Both the drone flight and helicopter flight caused significant auditory and visual disturbances on both the employees and customers of the Seaquarium and were conducted during Plaintiff's regular business hours. During which, the Plaintiff is responsible for managing hundreds of employees, customers, and aquatic animals.

Like the Supreme Court of Florida's decision in *Burnett v. Rushton*, 52 So. 2d 645 (Fla. 1951), Defendant's deliberate and brazen actions should be considered as a factor in determining the severity of the nuisance. *See Plaintiff **Exhibit 3**.* Finally, the Defendant has not met the high burden required of a movant who seeks a summary judgment on a private nuisance action on a factual question of reasonableness and therefore his Motion should be denied. *Bechhold v. Mariner Properties, Inc.,* 576 So. 2d 921, 923 (Fla. 2d DCA 1991).

### III.  There Exists Material Facts in Dispute Which Precludes Summary Judgment to be Entered in Favor of the Defendant as to Plaintiff's Claim for Defendant's Violation of Florida Statute 934.50 and therefore the Defendant is not entitled to attorneys' fees pursuant to the Statute.

As set forth above, the Defendant has admitted to flying drones over the Seaquarium and publishing the videos obtained from those drone flights. *See Plaintiff's **Exhibit 3**.* On May 5th, 2023, Defendant posted a video on both his personal X Social Media Account (formerly known as Twitter) and his personal Instagram account. *See* [DE #51-6]. The video was of a Seaquarium animal enclosure which was not opened to the public. *Id.* Also, clearly present in Defendant's published video of the private animal enclosure are Seaquarium employees. *Id.*

Material facts are in dispute as to whether the video posted on Defendant's social media accounts was provided to the Defendant by his agent. Defendant contends that the Instagram Messages providing the Defendant with the video he posted on May 5th, were unsolicited from the Instagram account "whatcameradoyouhave." *See* Pg. 6 of Motion. However, the messages clearly demonstrate a familiarity between the Defendant and the "Instagram photographer" denoting that this was not the first time these two individuals conspired with one another. *See* [DE #51-16]. Defendant attempts to oddly imply that the fact that the exchange with the Instagram Photographer

occurred while he was out of the country somehow prohibits a finding that the photographer who flew the drone was an agent of the Defendant. *See Footnote 6 on Pg. 7 of Motion*.

Florida Statute 934.50 prohibits a person from using "a drone equipped with an imaging device to record an image of privately owned real property or of the owner, tenant, occupant, invitee, or licensee of such property with the intent to conduct surveillance on the individual or property captured in the image in violation of such person's reasonable expectation of privacy without his or her written consent." Under the statute, "a person is presumed to have a reasonable expectation of privacy on his or her privately owned real property if he or she is not observable by persons located at ground level in a place where they have a legal right to be, regardless of whether he or she is observable from the air with the use of a drone." *Id.*

The employees of the Plaintiff who were posted on Defendant's social media accounts on May 5th, 2023, were not observable by persons located at ground level as the areas in which they were present were not open to the public. *See also Plaintiff's* **Exhibit 2**, *"Declaration of Edwin Gonzalez" ¶¶12-14.* Therefore, viewing the evidence and all factual inferences reasonably drawn from that evidence in the light most favorable to the Plaintiff, there exists a material issue of fact regarding whether the Defendant solicited the videos posted on his social media accounts precluding an entry of summary judgment as to that Count. *Continental Cas. Co. v. Wendt*, 205 F.3d 1258, 1261 (11th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); *see also Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008).

**IV.   Plaintiff's Lawsuit is Not a SLAPP Suit and Defendant is Not Entitled to Attorneys' Fees.**

Not only has the Plaintiff requested leave from the Court to voluntarily dismiss its Defamation claim against the Defendant, but regardless of the Court's decision, Plaintiff's Complaint is not a SLAPP Suit.

Plaintiff properly pled a claim for defamation by pleading all required elements which include: 1) publication; 2) falsity; 3) that the defendant acted with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; 4) actual damages; and 5) the statements are defamatory. *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008); *see also Mile Marker, Inc. v. Petersen Publ'g, LLC*, 811 So. 2d 841, 845 (Fla. 4th DCA 2002) (citing *Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, 804 (Fla. 1st DCA 1997)).

The Defendant by publishing statements that certain aquatic animals in the Plaintiff's care have been "held captive", "committed suicide," and kept in "solitary confinement" without providing a single factual basis in support, directly harms the Plaintiff and has garnered hatred, distrust, and ridicule from Plaintiff's community. Defendant's statements are not merely "opinions" but statements of false fact. Terms such as "captive," "suicide," and "solitary confinement" are not rooted in opinion but rather conclusions. *See* [DE #1-2] Defendant is making definitive statements directly pertaining to the standard of care and the business practices of the Plaintiff. If this Court finds that Defendant's statements are ambiguous and reasonably suspectable of a defamatory meaning, **it is for the trier of fact to decide whether the statement is defamatory**. *Perry v. Cosgrove*, 464 So. 2d 664, 666 (Fla. 2d DCA 1985).

In the present case, the Defendant created the "controversy giving rise to the alleged defamation" and therefore cannot use his own actions to make Plaintiff a public figure to support his arguments. *Saro Corp. v. Waterman Broad. Corp.* 595 So. 2d at 89.

Plaintiff's still pending Defamation Count does not constitute a SLAPP Suit and therefore Defendant should be denied attorney's fees.

## CONCLUSION

Defendant's Motion for Summary Judgment should be denied as to all Count.

March 13th, 2024,

<div style="margin-left: 40%;">

Respectfully submitted,

**JONES & ADAMS, P.A.**
*Attorney for Plaintiff*
999 Ponce de Leon Blvd., Suite 925
Coral Gables, FL 33134
Tel: (305) 270-8858
Fax: (305) 270-6778
matthew@jones-adams.com

By:    */s/ Matthew L. Jones*
Matthew L. Jones, Esq.
Florida Bar No.: 909335

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Matthew L. Jones