UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

    Plaintiff,

v.

PHILIP DEMERS,

    Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

Pursuant to Local Rule 56.1(a), Plaintiff files this Response to Defendant, Philip Demers, Statement of Undisputed Material Facts [DE #53] and Plaintiff's Statement of Additional Facts that are Not Reasonably in Dispute.

**RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS**

1. Disputed. The Defendant is not an "activist" as he advocates for violence against the facilities he protests against as evidenced by his previous tactics on a live stream the Defendant advocated for his supporters to "get twenty people in every corner of the park [Marineland Canada] and fucking ransack it." If opposed by Marineland's employees Mr. Demers further instructed his followers to "physically assault them" and "use a weapon and strike them about the tope of the head." *See Plaintiff's* **Exhibit 1** *"Livestream Video"*.

2. Disputed. The Defendant has organized protests outside the Miami Seaquarium ("MSQ") for the purpose of disrupting Plaintiff's business. *See Plaintiff's* **Exhibit 1** *"Livestream Video"*.

3. Disputed. The use of the term "captive" is not a statement of fact but a legal argument to which no response is required.

4. Disputed to the extent that there exist employees at the Miami Seaquarium that have direct personal knowledge regarding the drone flights and helicopter flight, said individuals were disclosed on Plaintiff's Rule 26 Disclosures, but Defendant has never requested or attempted to take the deposition of those employees. *See Plaintiff's Rule 26 Disclosures [DE # 51-17]*.

5. Disputed to the extent that there exist employees at the Miami Seaquarium that have direct personal knowledge regarding the impact of drones and helicopters, said individuals were disclosed on Plaintiff's Rule 26 Disclosures, but Defendant has never requested or attempted to take the deposition of those employees. *See Plaintiff's Rule 26 Disclosures [DE #51-7]*.

6. Disputed to the extent that the Plaintiff has requested injunctive relief which presupposes that the damage cannot be quantified or remedied by the payment of monetary damages. *ABC Charters, Inc. v. Bronson*, 591 F. Supp. 2d 1272, 1309 (S.D. Fla. 2008).

7. Disputed. The Defendant's cited portion of Mr. Mayorga's deposition is specifically referencing unauthorized drones over and within the MSQ's airspace. Mayorga Dep. 131:19-132:2. Additionally, Defendant's use of authorized drone flights conducted with the approval of MSQ is not material to the present proceedings as the Defendant's drone flights were conducted without authorization. *See Plaintiff's* **Exhibit 2**, *"Declaration of Edwin Gonzalez"* ¶ 38.

8. Disputed. Any drones flown by the Seaquarium are scheduled and part of normal business activity. They do not operate over the property randomly and without personell being advised. *See Plaintiff's* **Exhibit 2**, *"Declaration of Edwin Gonzalez"* ¶ 37.

9. Disputed. Defendant misrepresents Mr. Mayorga's testimony. Defendant's citation references Mr. Mayorga's testimony regarding the sound of drones he had personally observed, not the Defendant's drones, and the Defendant cannot be make such a conclusory statement as to the sound of all drones based on his cited testimony. Mayorga Dep. 137:10-14.

10. Undisputed.

11. Undisputed.

12. Disputed to the extent that Scullion explicitly outlined the steps Plaintiff takes to acclimate its animals to certain stimuli and the additional danger unexpected and unplanned for stimuli can have on the animals. Scullion Dep. 34:15-36:5.

13. Disputed. Defendant misstates Scullion's testimony. Mr. Scullion stated that he would observe the animal to observe the effect of drones, not that his observation is the exclusive

3

manner in which impact on the animals due to drones can be ascertained. Scullion Dep. 51:1-7, 101:19-102:1.

14. Disputed. The unauthorized drone flights conducted by the Defendant disrupted the employees of MSQ's ability to properly communicate and manage the animals in their care. *See Plaintiff's* **Exhibit 2**, *"Declaration of Edwin Gonzalez" ¶ 38*.

15. Disputed. Executive Director Edwin Gonzalez spoke to several employees following the drone flight and the affect it had on their ability to properly manage the animals in their care. Mr. Gonzalez was disclosed on Plaintiff's Rule 26 Disclosures, but Defendant has never requested the deposition of Mr. Gonzalez. *See Plaintiff's Rule 26 Disclosures [DE #51-7]; See Plaintiff's* **Exhibit 2**, *"Declaration of Edwin Gonzalez" ¶ 38*.

16. Undisputed.

17. This is not a statement of fact but a legal argument to which no response is required. Nevertheless, the statement is disputed as Defendant's citation references Scullion's personal knowledge, not a conclusion of fact, and Defendant has failed to request the depositions of other MSQ employees disclosed on Plaintiff's Rule 26 Disclosures to have information regarding the effect of drones. at MSQ with direct personal knowledge which were disclosed on Plaintiff's Rule 26 Disclosure. Scullion Dep. 49:9-50:2. 50:3-10; *See also [DE #51-17]*.

18. Disputed. Customer's have verbally complained about the flight of drones. *See Plaintiff's* **Exhibit 2**, *"Declaration of Edwin Gonzalez" ¶ 23*.

19. Undisputed.

20. Disputed. An incident report was generated on May 27th, 2023, directed at Shaun T. Dean for his unauthorized drone flight within MSQ's airspace. *See May 27th, 2023, Incident Report [DE #51-9]*.

21. Undisputed.

22. Disputed. Demers admitted to flying drones over MSQ in a video he posted on his Instagram on July 14th, 2023, prior to his unauthorized helicopter flight above MSQ and has actively solicited drone footage of MSQ. *See* Plaintiff's **Exhibit 2**; *See* Defendant's **Exhibit 16** [DE #51-16].

23. Disputed. Demers relationship with Shaun T. Dean, Mr. Dean's presence at the May 27th, 2023, protest organized by the Defendant outside the Seaquarium, and a Miami-Dade Incident Report being generated due to Mr. Dean flying an unauthorized drone of the Seaquarium establishes credible circumstantial evidence to create a disputed fact as to whether the Defendant has instructed anyone to fly a drone over the Seaquarium. *See* Demers Dep. 23:6-24:9; *See* May 27th, 2023, Incident Report [DE #51-9].

24. Disputed. Defendant admitted to flying drones above the Seaquarium and publishing the videos obtained from those drone flights on his own Instagram Account as he tauntingly entered the helicopter used on July 14th, 2023, to repeatedly buzz the Seaquarium at low altitudes and procure additional videos and images of the Seaquarium's operations. *See Plaintiff's Exhibit 3* "Pre-Helicopter Flight July 14th, 2023, Instagram Post"

25. Undisputed.

26. Disputed. Defendant admitted to flying drones above the Seaquarium and publishing those videos obtained from those drone flights on his own Instagram Account as he tauntingly entered the helicopter used on July 14th, 2023, to repeatedly buzz the Seaquarium at low altitudes and procure additional videos and images of the Seaquarium's operations. *See Plaintiff's Exhibit 3* "Pre-Helicopter Flight July 14th, 2023, Instagram Post."

27. Disputed to the extent that the Defendant has directed his agents to fly drones to procure the posted footage and the Defendant has actively solicited drone footage. *See Defendant's Instagram Messages [DE #51-16]*; *See May 27th, 2023, Incident Report [DE #51-9]*.

28. Disputed to the extent that the cited to portion of Mr. Mayorga's deposition used in support was in the specific context of the possibility that someone else can post videos taken by another person, not that Defendant's posted videos were not taken by the Defendant. See Mayorga Dep. 92:13-93:2, 121:3-7, 123:16-124:14 [ECF # 50-2].

29. Disputed to the extent that Defendant's citation in support is of incomplete and cutoff Instagram messages therefore created a dispute as to whether the Defendant solicited the May 4th, 2023, drone footage or solicited any additional footage thereafter. [ECF No. 51-16].

30. Disputed to the extent that there exist employees at the Seaquarium that have direct personal knowledge regarding Defendant's drone flights, and those employees were disclosed on Plaintiff's Rule 26 Disclosures. However, the Defendant has never requested or attempted to take the deposition of those disclosed individuals. *See Plaintiff's Rule 26 Disclosures [DE #51-7]*.

31. Disputed. Mr. Mayorga's testimony was limited to his personal knowledge and his statements were made in the context of a hypothetical by Defendant's Counsel. Mayorga Dep. 90:25-91:6, 91:15-22, 96:9-15, 97:16-20 [ECF # 50-2]. Additionally, Defendant has admitted to flying drones over MSQ in a video he posted on his Instagram on July 14th, 2023, prior to his unauthorized helicopter flight above MSQ. *See Plaintiff's **Exhibit 3** "Pre-Helicopter Flight July 14th, 2023, Instagram Post."*

32. Undisputed.

33. Undisputed.

34. Disputed. Defendant admitted to flying drones above the Seaquarium and publishing those videos obtained from those drone flights on his own Instagram Account. *See Plaintiff's* **Exhibit 3** "Pre-Helicopter Flight July 14th, 2023, Instagram Post." Additionally, Demers relationship with Shaun T. Dean, Mr. Dean's presence at the May 27th, 2023, protest organized by the Defendant outside the Seaquarium, and a Miami-Dade Incident Report being generated due to Mr. Dean flying an unauthorized drone of the Seaquarium establishes credible circumstantial evidence to create a disputed fact as to whether the Defendant has instructed anyone to fly a drone over the Seaquarium. *See* Demers Dep. 23:6-24:9; *See* May 27th, 2023, Incident Report [DE #51-9].

35. Undisputed.

36. Undisputed.

37. Undisputed.

38. Undisputed.

39. Undisputed.

40. This is not a statement of fact but a legal argument to which no response is required.

41. Disputed. Defendant admitted to flying drones above the Seaquarium and publishing those videos obtained from those drone flights on his own Instagram Account. *See Plaintiff's* **Exhibit 3** "Pre-Helicopter Flight July 14th, 2023, Instagram Post."

42. Disputed. Defendant himself has admitted to flying drones over the Seaquarium and publishing those videos on social media. *Plaintiff's* **Exhibit 3.** There also exists credible circumstantial evidence to support the finding that the Defendant has directed his agents to fly drones over the Seaquarium and procure unauthorized videos of the property. *See* Demers Dep.

7

23:6-24:9; *See May 27th, 2023, Incident Report [DE #51-9]*; *See Defendant's Instagram Messages [DE #51-16]*.

43. Disputed to the extent that the assertion contends that "helicopters routinely fly over the Miami Sequarium" as lo as the one referenced in the Amended Complaint. [DE #22-1].

44. Disputed to the extent that any authorized helicopter flights conducted above the Seaquarium is scheduled and coordinated with the Seaquarium to ensure that they are conducted in a reasonable and safe manner. *See Plaintiff's* **Exhibit 2**, *"Declaration of Edwin Gonzalez" ¶ 37*.

45. Disputed to the extent that any authorized helicopter flights conducted above the Seaquarium is scheduled and coordinated with the Seaquarium to ensure that they are conducted in a reasonable and safe manner. *See Plaintiff's* **Exhibit 2**, *"Declaration of Edwin Gonzalez" ¶ 37*.

46. Undisputed.

47. Undisputed.

48. Disputed. Defendant's own posts on his personal Instagram account (walrus_whisperer) clearly demonstrates that July 14th, 2023, helicopter flight was not a "tour" but was conducted for the sole reason for the Defendant to procure additional videos and images. *See Plaintiff's* **Exhibit 3** *"Pre-Helicopter Flight July 14th, 2023, Instagram Post"*; *see also Plaintiff's* **Exhibit 4** *"Middle-Finger July 14th, Helicopter Photo Instagram Post."* The Defendant captioned **Exhibit 4** with "**we** decided to fly a helicopter over them [the Seaquarium]," and clearly demonstrates that the Defendant was not merely a "passenger." *See Plaintiff's* **Exhibit 4** *"Middle-Finger July 14th, Helicopter Photo Instagram Post."*

49. Disputed. The Defendant paid for the entirety of the July 14th, 2023, helicopter flight and organized and directed the July 14th helicopter flight. *See* Demers Dep. 35:15-22; *see* **Exhibit 3**; *see* **Exhibit 4**.

50. Undisputed.

51. Disputed. Defendant's citation to Mr. Mayorga's deposition testimony referred to the amount of time he personally *heard* the Defendant's helicopter over the Seaquarium and cannot be used to support the contention that the helicopter flew over the Seaquarium "for no more than ten minutes. Mayorga Dep. 160:9-12.

52. Undisputed.

53. Disputed. In the July 14, 2023, livestream video the Defendant makes no reference to "abiding by all legal parameters" and only requests that the pilot fly as low as he can go. Demers Dep. 34:1-4; *see also July 14, 2023 Livestream [DE #51-10].*

54. Undisputed.

55. Disputed. The "July 14, 2023 Livestream" clearly shows the helicopter being flown well below 500 feet above the Seaquarium. Additionally, eyewitness accounts approximate that the helicopter flew as low as 200 feet. *See Plaintiff's* **Exhibit 2**, *"Declaration of Edwin Gonzalez" ¶ 32*.

56. Disputed. The "July 14, 2023 Livestream" clearly shows the helicopter being flown well below 500 feet above the Seaquarium. Additionally, eyewitness accounts approximate that the helicopter flew as low as 200 feet. *See Plaintiff's* **Exhibit 2**, *"Declaration of Edwin Gonzalez" ¶ 32*.

57. Disputed to the extent that this a single measurement of the helicopter's altitude during an over hour-long flight. Demers Dep. 31:25-32:3.

58. Undisputed.

59. Undisputed.

60. Undisputed.

61. Undisputed.

62. Undisputed.

63. Disputed to the extent that there exist employees at the Miami Seaquarium that have direct personal knowledge regarding the helicopter flight and complaints from customers, said individuals were disclosed on Plaintiff's Rule 26 Disclosures, but Defendant has never requested or attempted to take the deposition of those employees. *See Plaintiff's Rule 26 Disclosures [DE # 51-17].*

64. Disputed. Mr. Mayorga spoke to an off-duty police officer who's informal opinion at the time was that there was nothing to be done. However, no direct testimony has ever been procured from the officer and the entirety of the off-duty police officer's "opinion" is inadmissible hearsay.

65. Undisputed.

66. Undisputed.

67. Undisputed.

68. Undisputed.

69. Undisputed.

70. Undisputed.

71. Undisputed.

72. Undisputed.

73. Undisputed

74. Undisputed.

## ADDITIONAL MATERIAL FACTS

75. The Defendant admitted to flying drones above the Seaquarium and publishing those videos obtained from those drone flights on his own Instagram Account as he tauntingly entered the helicopter used on July 14th, 2023, to repeatedly buzz the Seaquarium at low altitudes and procure additional videos and images of the Seaquarium's operations. *See Plaintiff's* **Exhibit 3** *"Pre-Helicopter Flight July 14th, 2023, Instagram Post."*

76. The Defendant captioned **Exhibit 4** with "**we** decided to fly a helicopter over them [the Seaquarium]," and clearly demonstrates that the Defendant was not merely a "passenger." *See Plaintiff's* **Exhibit 4** *"Middle-Finger July 14th, Helicopter Photo Instagram Post."*

77. Demers relationship with Shaun T. Dean, Mr. Dean's presence at the May 27th, 2023, protest organized by the Defendant outside the Seaquarium, and a Miami-Dade Incident Report being generated due to Mr. Dean flying an unauthorized drone of the Seaquarium establishes credible circumstantial evidence to create a disputed fact as to whether the Defendant has instructed anyone to fly a drone over the Seaquarium. *See* Demers Dep. 23:6-24:9; *See* May 27th, 2023, Incident Report [DE #51-9].

78. The Seaquarium is a marine animal park where guests and visitors come to enjoy sea life exhibits and learn about wildlife and marine animal care and conservation. *See Plaintiff's* **Exhibit 2**, *"Declaration of Edwin Gonzalez"* ¶4.

79. The Seaquarium hosts hundreds of customers daily, ranging from academic field trips to learn about animal care and conservation to customers who come to enjoy our animal exhibits and live demonstrations. *See Plaintiff's* **Exhibit 2**, *"Declaration of Edwin Gonzalez"* ¶5.

80. Defendant's social media posts contained several videos procured by unauthorized drone flights (otherwise known as unmanned aerial vehicles) conducted above and within MSQ's

property and airspace which included videos of areas of the Seaquarium that are private and restricted to the public. *See Plaintiff's* **Exhibit 2***, "Declaration of Edwin Gonzalez" ¶11,12,13*.

81. The May 27th, 2023, drone flight above the Seaquarium was below 100 feet, created a loud buzzing sound as it hovered over the Seaquarium, and caused complaints from both employees and customers. *See Plaintiff's* **Exhibit 2***, "Declaration of Edwin Gonzalez" ¶19-27*.

82. On July 14th, 2023, an unauthorized, unidentified, and unscheduled helicopter repeatedly buzzed MSQ's property at extremely low altitudes. *See Plaintiff's* **Exhibit 2***, "Declaration of Edwin Gonzalez" ¶31*.

83. The flight was conducted during regular business hours of MSQ and while customers were on the property. *See Plaintiff's* **Exhibit 2***, "Declaration of Edwin Gonzalez" ¶30*.

84. The flight immediately drew the attention and worry of both customers and employees as it flew sporadically and increasingly lower above the property as it repeatedly flew above the property and hovered in several positions. *See Plaintiff's* **Exhibit 2***, "Declaration of Edwin Gonzalez" ¶31*.

85. The helicopter flew well within 500 feet of the surface of the Seaquarium and several times dropped below 200 feet. *See Plaintiff's* **Exhibit 2***, "Declaration of Edwin Gonzalez" ¶32*.

86. The sound of the helicopter was loud, disruptive, and caused an auditory and visual disturbance that hindered the employees' ability to properly communicate with each other and therefore the customers present on the property. *See Plaintiff's* **Exhibit 2***, "Declaration of Edwin Gonzalez" ¶33*

87. Seaquarium has previously conducted its own scheduled drone flights and helicopter flights over the property. However, any authorized drone or helicopter flights conducted

above or within MSQ airspace is scheduled and coordinated with the entirety of the park to ensure that they are conducted at reasonable and safe times, as well as coordinated with our animal care specialists to ensure that no flight creates sudden stimuli to the animals in our care that would put the animals, customers, or employees in harm's way. *See Plaintiff's* **Exhibit 2**, *"Declaration of Edwin Gonzalez" ¶36-37.*

March 13th, 2024,

                                        Respectfully submitted,

                                        **JONES & ADAMS, P.A.**
                                        *Attorney for Plaintiff*
                                        999 Ponce de Leon Blvd., Suite 925
                                        Coral Gables, FL 33134
                                        Tel: (305) 270-8858
                                        Fax: (305) 270-6778
                                        matthew@jones-adams.com

By:    */s/ Matthew L. Jones*
            Matthew L. Jones, Esq.
            Florida Bar No.: 909335