UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA MIAMI DIVISION

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

        Plaintiff,

v.

PHILIP DEMERS,

        Defendant.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE ANDREW SCULLION FROM OFFERING EXPERT OR OPINION TESTIMONY AT TRIAL [DE #56]

COMES NOW the Plaintiff, MS LEISURE COMPANY ("Plaintiff" or "MS Leisure"), by and through undersigned counsel, and files this Response in Opposition to Defendant's Motion to Preclude Andrew Scullion from Offering Expert or Opinion Testimony at Trial, and in support states as follows:

### ARGUMENT AND MEMORANDUM OF LAW

Defendant has misinterpreted and misrepresented the purpose and substance of Andrew Scullion's Corporate Representative Rule(30)(b)(6) deposition testimony. The Plaintiff has not designated Mr. Scullion as an expert witness, and Plaintiff does not intend to utilize Mr. Scullion as an expert witness.

Mr. Scullion's Corporate Representative testimony involves the harm and disruption caused personally to them, by Defendant's trespasses and nuisances. However, regardless of

1

whether corporate representatives may offer expert testimony, they may offer testimony as lay witnesses, as long as they have "personalized knowledge of the facts underlying the opinion" and the opinion has a "rational connection to those facts," *even if* the subject is more appropriate for expert testimony. *Riley v. Ford Motor Co.*, 2011 WL 3236364 (S.D. Miss. July 27, 2011). Corporate representatives are also permitted to not have personal knowledge to testify about matters that are "particularly suitable" for Rule 30(b)(6) testimony. *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, 2014 WL 4983912 (M.D. Fla. Oct. 6, 2014).

Finally, Defendant's objections as to the Mr. Scullions testimony assumes that Mr. Scullion trial testimony will correspond with his Rule 30(b)(6) testimony. As stated in *Indus. Eng'g & Dev., Inc*, the court should not make an assumption as to the substance of the testimony at trial without the context of said trial. *Id.* at *3.

In short, the Defendant has misinterpreted the purpose and substance of Mr. Scullion's deposition testiomny, and it would be premature for this Court to restrict Mr. Scullion's testimony under the assumption that his testimony will substantively be the same at trial.

March 13th, 2024

                                                                           Respectfully submitted,

                                                                           **JONES & ADAMS, P.A.**
                                                                           *Attorney for Plaintiff*
                                                                           999 Ponce de Leon Blvd., Suite 925
                                                                           Coral Gables, FL 33134
                                                                           Tel: (305) 270-8858
                                                                           Fax: (305) 270-6778
                                                                           matthew@jones-adams.com

                                    By:       */s/ Matthew L. Jones*
                                                                  Matthew L. Jones, Esq.
                                                                  Florida Bar No.: 909335

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 13, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                /s/ Matthew L. Jones