UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

      Plaintiff,

v.

PHILIP DEMERS,

      Defendant.

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S OMNIBUS MOTION IN LIMINE [DE #55]

COMES NOW, Plaintiff, MS LEISURE COMPANY ("MS Leisure" or "Plaintiff"), by and through their undersigned counsel, files its Memorandum of Law in Opposition to Defendant's Omnibus Motion in Limine [DE #55], and states as follows:

### LEGAL STANDARD

The legal standard for excluding evidence in limine is a high bar. Motions in limine "seek a prophylactic against the introduction of damaging evidence that could irretrievably affect the fairness of the trial. Courts thus grant them only if the evidence in question is clearly inadmissible." *Gov't Emps. Ins. Co. v. Seco*, No. 21-24155, 2022 WL 17582576, at * 3 (S.D. Fla. Dec. 12, 2022). "In limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of the trial." *Id*. at 4 In addition, when a party moves in limine, "the movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.*

1

## ARGUMENT AND MEMORANDUM OF LAW

I. **Videos of Defendant's Threats Against Marineland and Evidence of Defendant's Prior "Activism" and Litigation with Marineland Canada Should Not be Excluded.**

Defendant is attempting to preclude evidence that is highly relevant to Plaintiff's Causes of Action, and should this Court allow Defendant to do so it would highly prejudice the Plaintiff. Defendant is attempting to preclude evidence referencing his disturbing comments involving his former employer Marineland Canada, along with all evidence regarding the lawsuit Marineland brought against the Defendant for trespassing, which is similar to the present case.

However, although the statements Defendant made on his own livestream were violent, Plaintiff disagrees with Defendant's self-serving explanation that the Defendant was "distressed" when he made those comments. During the Defendant's referenced livestream, he appeared collected and engaged. The Defendant coherently answered questions from his viewers and cannot be permitted to run away from his own violent, and highly relevant representations,

Additionally, Defendant's comments, and Marinland's subsequent lawsuit against the Defendant, are relevant to Count 2 of Plaintiff's Pending Amended Complaint [DE 22-1] for Private Nuisance. A court examining a claim of nuisance must focus not only upon legality, but also upon reasonableness of the use, "as such use affects the public and private rights of others" and "**must of necessity be determined from the facts and circumstances of particular cases as they arise.**" *Saadeh v. Stanton Rowing Found., Inc.*, 912 So.2d 28, 32 (Fla. 1st DCA 2005)(*quoting Cason v. Fla. Power Co.*, 74 Fla. 1, 76 So. 535, 536 (1917)). Additionally, the Supreme Court of Florida in *Burnett v. Rushton*, 52 So. 2d 645 (Fla. 1951) utilized the intent of the defendant as a factor in determining that a private nuisance occurred. The court in *Burnett* found that the "[t]he

2

record discloses a **deliberate course of conduct**" and considered the "heaping abuse and insult upon appellee and his family" in determining that a private nuisance had occurred. *Id.* at 646.

Defendant improperly cites to a criminal case from the Eastern District of New York, *United States v. Escobar*, 842 F. Supp. 1519 (E.D.N.Y. 1994), which the United States District Court for the Eastern District of New York declined to follow in the 2008 case *United States v. Massino*, 546 F.3d 123 (2d Cir. 2008).

For this Court to properly analyze Defendant's "deliberate course of conduct," Defendant's past actions and intentions are highly relevant. Especially when those past actions occur in relation to two facilities that are very similar, as it relates to the Seaquarium and Marineland Canada.

II. **Defendant's Objections as to The Corporate Representative Depositions of Andrew Scullion and Jamie Mayorga, and Their Alleged Testimony Regarding "Harms to Animals" Misinterprets and Misrepresents the Purpose and Substance of Plaintiffs Proffered Testimony.**

Corporate Representatives', Andrew Scullion and Jamie Mayorga, testimonies involve the harm and disruption caused personally to them, by Defendant's trespasses and nuisances. Neither corporate representative is being utilized, or has been disclosed by the Plaintiff, as an expert witness in this case.

However, regardless of whether corporate representatives may offer expert testimony, they may offer testimony as lay witnesses, as long as they have "personalized knowledge of the facts underlying the opinion" and the opinion has a "rational connection to those facts," *even if* the subject is more appropriate for expert testimony. *Riley v. Ford Motor Co.*, 2011 WL 3236364 (S.D. Miss. July 27, 2011). Corporate representatives are also permitted to not have personal knowledge to testify about matters that are "particularly suitable" for Rule 30(b)(6) testimony. *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, 2014 WL 4983912 (M.D. Fla. Oct. 6, 2014).

Finally, Defendant's objections as to the corporate representative depositions assumes that Mr. Scullion and Mr. Mayorga's trial testimony will match their Rule 30(b)(6) testimony. As stated in *Indus. Eng'g & Dev., Inc*, the court should not make an assumption as to the substance of the testimony at trial without the context of said trial. *Id.* at *3.

In short, the Defendant has misinterpreted the purpose and substance of Plaintiff's corporate representative deposition, and it would be premature for this Court to restrict Mr. Scullion and Mr. Mayorga's testimony under the assumption that their testimony will substantively the same at trial.

### III. Plaintiff Should Not be Precluded From Offering any Evidence of Alleged harms to Customers and Employees or Evidence/Records Not Produced During Discovery.

Plaintiff objects to Defendant's request to preclude evidence of alleged harms to the Plaintiff's customers and employees or evidence/records not produced during discovery on the same grounds that the Plaintiff disclosed two witnesses on its Rule 26 Disclosures [DE #51-17], Edwin Gonzalez and Charles Gaudio that have Defendant's counsel has yet to inquire, reach out, or remotely attempt to procure testimony from.

To the extent that these individuals have relevant information regarding any harm to Plaintiff's customers and employees or evidence/records not produced during discovery, it would be highly prejudicial to the Plaintiff to preclude such testimony at trial based on Defendant's counsel's negligence in failing to depose them, or propound any discovery requests in that regard.

### IV. Plaintiff Should Not be Precluded From Offering Evidence or Conclusory Statements that the Defendant Flew Drones over the Seaquarium.

4

Plaintiff objects to Defenant's request to preclude conclusory statement that the Defendant flew drones over the Seaquarium, to the extent that it would preclude Defendant's own admission that he flew drones over the Seaquarium.

On July 14th, 2023, the same day as the helicopter flight, the Defendant posted on his personal Instagram account (walrus_whisperer) a video of himself standing in front of the subject helicopter prior to take off, and the Defendant stated directly to the camera:

> "The Miami Seaquarium thought they could stop **us** from getting footage of Lolita, their last surviving orca . . . they sued me for **flying drones over and publishing those videos**, now what are you gonna do now, **I'm coming over you with a helicopter**. See you soon Lolita."

*See Plaintiff's* **Exhibit 3** *to its Response in Opposition to Defendant's Motion for Summary Judgment.*

Defendant's own statements operate as an admission as to his flight of drones over the Seaquarium, and his subsequent publishing of the obtained unauthorized drone videos. These represent Defendant's own, highly relevant representations, and should not be precluded by this Court.

V.  **Plaintiff Should Not be Precluded from Referencing government agencies regarding the Defendant or speculating as to whether any agency is investigating the Defendant.**

Plaintiff's claims against the Defendant for Trespass and Private Nuisance involve Defendant's entry and trespass upon the Seaquarium's airspace. The Florida Supreme Court held the operator of an aircraft "is 'privileged' to enter the airspace above land in the possession of another, so long as he does so in a reasonable manner, at such a height as in conformity with **legislative requirements,** and without interfering unreasonably with the possessor's enjoyment of

the surface of the earth and the airspace above it." *Reavers v. Martin Theatres of Fla.*, 52 So.2d 682, 683 (Fla. 1951) (citing Restatement of Torts (First) § 194)).

Defendant himself references FAA regulations in his Motion for Summary Judgment to rebut his trespasses and nuisances. *See Pg. 14 of Defendant's Motion [DE #54]*. Government agencies investigations of the Defendant are therefore highly relevant to Plaintiff's Claims against the Defendant and to preclude Plaintiff's ability to even reference government agencies would highly prejudice the Plaintiff.

**VI.     Plaintiff should not be prohibited from testifying about or providing evidence as to any actual damages.**

Plaintiff objects to Defendant's request to prohibit the Plaintiff from testifying about or providing evidence as to any actual damages, to the extent that it prohibits Plaintiff's ability to present evidence as to its request for injunctive relief, present in each of Plaintiff's Causes of Action which presupposes that the damage cannot be quantified or remedied by the payment of monetary damages. *ABC Charters, Inc. v. Bronson*, 591 F. Supp. 2d 1272, 1309 (S.D. Fla. 2008).

Plaintiff further objects to the extent that Defendant's request would prohibit the Plaintiff from providing evidence as to any nominal damages associated with Plaintiff's Trespass claim. *See, e.g., Leonard v. Nat Harrison Assocs., Inc.*, 122 So.2d 432, 433 (Fla. 2d DCA 1960).

### CONCLUSION

Defendant's Omnibus Motion should be denied as to the objections set forth in Plaintiff's Response herein.

March 13th, 2024,

                        Respectfully submitted,

                        **JONES & ADAMS, P.A.**
*Attorney for Plaintiff*
999 Ponce de Leon Blvd., Suite 925
Coral Gables, FL 33134
Tel: (305) 270-8858
Fax: (305) 270-6778
matthew@jones-adams.com

By:    */s/ Matthew L. Jones*
        Matthew L. Jones, Esq.
        Florida Bar No.: 909335

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 13, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                        /s/ Matthew L. Jones