UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

    Plaintiff,

v.

PHILIP DEMERS,

    Defendant.

### PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE AT TRIAL [DE #57]

Plaintiff, MS Leisure Company ("MS Leisure"), by and through undersigned counsel, hereby files this Reply in Further Support of its Motion in Limine to Exclude Evidence at Trial [DE #57], and in support thereof states as follows:

### ARGUMENT

Defendant's Response [DE #61] mischaracterizes the nature of Plaintiff's claims against the Defendant. Plaintiff's claims center and focus on the Defendant's flight of unauthorized, unscheduled, and dangerously flown drones and a helicopter over the Seaquarium's property. These unauthorized flights involved obvious and inherent trespasses upon the Seaquarium's property and constitute a private nuisance as it disrupted Plaintiff's ability to properly use and enjoy its property.

1

Defendant's Response repeatedly argues that the admission of irrelevant social media posts, evidence regarding the manner in which the Plaintiff cares for its animals, and evidence regarding separate and distinct legal proceedings are necessary to provide "context surrounding the social media tête-à-tête" and to "contextualize the dispute." To be clear, the "context" the Defendant is attempting to introduce is wholly irrelevant to this Court's analysis of whether the Defendant trespassed and therefore caused a nuisance.

To the point, the Defendant has *admitted* to flying drones over the Seaquarium and publishing the videos procured from those unauthorized drone flights on social media. *See* [DE #64-3]. Defendant's admission came in the form of a video he posted as he was stepping onto a helicopter that he admits was flown over the Seaquarium in direct retaliation of the Plaintiff bringing its claims. *Id*.

T*respass to real property* is simply the unauthorized entry onto another's real property. Restatement (Second) of Torts § 158 (Am. Law Inst.1965); *see also Daniel v. Morris,* 181 So. 3d 1195, 1198 (Fla. 5th DCA 2015). In light of Defendant's own admissions, his request to admit entirely irrelevant social media posts to provide "context" should be denied by this Court. "Context" regarding a trespass claim holds no relationship to the intent of the parties and their personal issues with each other, but simply on the actual actions and events that form the basis of the trespass.

Defendant's Response repeatedly implies that if he can somehow demonstrate to the jury that he was instigated into trespassing upon Plaintiff's property that it absolves him of liability, it does not. This same reasoning also holds true to Defendant's request to introduce evidence of entirely separate and distinct lawsuits and regulatory actions that the Plaintiff is a party to. It

2

stretches the bounds of credibility for the Defendant to contend that these outside proceedings have any relevancy in determining liability on Plaintiff's Trespass and Private Nuisance Claims.

## CONCLUSION

For the reasons stated above, Plaintiff requests this Court grant Plaintiff's Motion in Limine [DE #57].

March 14th, 2024,

                                          Respectfully submitted,

                                        **JONES & ADAMS, P.A.**
                                        *Attorney for Plaintiff*
                                        999 Ponce de Leon Blvd., Suite 925
                                        Coral Gables, FL 33134
                                        Tel: (305) 270-8858
                                        Fax: (305) 270-6778
                                        matthew@jones-adams.com

By:    */s/ Matthew L. Jones*
            Matthew L. Jones, Esq.
            Florida Bar No.: 909335

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                  /s/ Matthew L. Jones