UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MS LEISURE COMPANY,

    Plaintiff,

v.

PHILIP DEMERS,

    Defendant.

Case No. 1:23-cv-22834-KMM-LFL

**DEFENDANT'S OBJECTIONS AND REPLY TO PLAINTIFF'S
OPPOSING STATEMENT OF MATERIAL FACTS**

Pursuant to Federal Rule 56 and Local Rule 56.1(a), Defendant Philip Demers files this reply to Plaintiff's Response to Defendant's Statement of Undisputed Material Facts and Plaintiff's Statement of Additional Material Facts. [ECF No. 64].

### I.     Legal conclusions, speculation, and inadmissible hearsay must be disregarded.

A statement of material facts should not contain legal conclusions or conclusory assertions. *See Farina v. Sushi Takara, Inc.*, 2008 WL 11405985, at *1 (S.D. Fla. Jan. 7, 2008) (citing *McKenzie v. Citation Corp., LLC*, 2007 WL 1424555, at *6 (S.D. Ala. May 11, 2007)); *see also Barnext Offshore, Ltd. v. Ferretti Grp. USA, Inc.*, No. 10-23869-CIV, 2012 WL 1570057, at *3 n.8 (S.D. Fla. May 2, 2012) ("inappropriate to raise legal argument in a statement of material fact"). An affidavit consisting of "bald assertions, entirely lacking in recounting of specific facts" cannot be used to create a conflict with deposition testimony in the hopes of creating a triable issue of fact. *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 861 (7th Cir. 1985).

Likewise, inadmissible evidence such as speculation and hearsay cannot be considered for summary judgment. *See Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999); *American Key Corp. v. Cole National Corp.*, 762 F.2d 1569, 1579 (11th Cir. 1985); *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

Plaintiff's statement of facts reads more like what it *wishes* its evidence showed, rather than what the discovery produced or testimony adduced actually is.[1] The evidence presented is rife with legal conclusions, speculation, bare assertions, and inadmissible hearsay. The Court should disregard Plaintiff's objections and facts that are unsupported or based on conclusory, speculative,

---

[1] Plaintiff believes it can rely on its two undeposed witnesses at trial. [ECF No. 64 ¶¶ 4, 17, 30, 63]. But whatever their testimony may be, it cannot contradict its corporate designees' testimony, and without offering that evidence now, the Court cannot rely on it for purposes of Mr. Demers' motion for summary judgment.

1

or inadmissible evidence. Specifically, the Court should not rely on Plaintiff's responses to paragraphs 1-2, 7-8, 14-15, 22-24, 26-27, 31, 34, 41-42, 44-45, 48 as speculative, conclusory, or contradicted by the evidence. Plaintiff's assertions that Mr. Demers flew a drone because he simply talked about the nature of this lawsuit, is particularly specious. The Court should also disregard paragraphs 18 and 63 in the response to Mr. Demers' statement of facts as contradicted by Plaintiff's corporate designees, who stated that there was no knowledge of any customer or employee complaints. And finally, Plaintiff's responses in paragraphs 55-57 to Mr. Demers' facts about the helicopter flight are speculative and Plaintiff's factual contentions are unsupported. There is no record evidence to support Plaintiff's assertion for those paragraphs regarding the helicopter flight. Plaintiff cannot use words unsupported by any admissible evidence to create a genuine factual dispute when the unrebutted evidence presented by Mr. Demers, Bryan Kasch, and Mr. Mayorga, as corporate designee, supports summary judgment on the helicopter claims.

**II.       Most of Edwin Gonzalez's declaration must be disregarded as a sham.**

"The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).  "An affidavit may … be disregarded as a sham 'when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact ... [and that party attempts] thereafter [to] create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.'" *Nguyen v. Biondo*, 508 Fed.Appx. 932, 936 (11th Cir. 2013) (citations omitted); *accord U.S. v. Drum Service Co. of Florida,* 109 F.Supp.2d 1348 (M.D. Fla. 1999) (citing *Van T. Junkins and Associates, Inc., v. U.S. Industries, Inc.,* 736 F.2d 656, 656 (11th Cir. 1984)).

Mr. Demers filed his motion for summary judgment on February 28, 2024. In its March 13, 2024 response to Mr. Demers' motion, Plaintiff includes a declaration by Edwin Gonzalez who attempts to, but cannot, fill the gaps in Plaintiff's case. Other than areas of personal knowledge which do not contradict Plaintiffs' corporate designees' testimony—essentially Mr. Gonzalez's personal observations of the May drone flight—the declaration is an apparent sham to avoid a finding of summary judgment against Plaintiff: no documents or discovery materials support the material claims by Mr. Gonzalez and, critically, many of Mr. Gonzalez's first-hand claims contradict sworn testimony of Plaintiff's corporate representatives. [*Compare* ECF No. 64-2 ¶ 23 (noting customer and employee complaints for drones) *with* ECF No. 50-3 at 104–06 (testifying as corporate designee of lack of knowledge of any customer or employee complaints)].

The declaration also contains inadmissible hearsay—testimony about what the Miami-Dade Police Department uncovered with Shaun Dean's drone flight—as well speculative statements about what the drone Mr. Dean piloted could have observed. The speculation does not end there. Mr. Gonzalez also speculates, without providing any factual details, about: what posts were on Mr. Demers' social media accounts; what the footage purportedly posted there showed; and whether Marineland Canada is like the Miami Seaquarium. Mr. Gonzalez further testifies as to Plaintiff's employees' expectations of privacy at the Seaquarium, but those statements are inadmissible legal conclusions, and even if they were not, there is no factual support other than the conclusory statements by Mr. Gonzalez. Mr. Gonzalez cannot offer speculative, conclusory, hearsay-riddled testimony to defeat summary judgment.

Mr. Demers additionally replies as follows:

### III. Mr. Demers' Reply to Plaintiff's Additional Facts.

3

75. Disputed. Mr. Demers' statement of "I'm being sued for flying drones…" is no more an admission than someone saying "I'm being prosecuted for murdering someone" is a confession. *Cf.* [ECF No. 68 ¶ 9 (Demers Suppl. Decl.)]. Mr. Demers has repeatedly denied flying drones or instructing anyone to fly drones, [ECF No. 53 at ¶¶ 22–23], and Plaintiff simply has no evidence to the contrary. Plaintiff's claim that Mr. Demers statement was "tauntingly" should be disregarded as speculative. Plaintiff's claim Mr. Demers "repeatedly buzzed" the Miami Seaquarium ("MSQ") at "low" altitudes lacks support in the record for the proposition Mr. Demers piloted or controlled the flight or Plaintiff's speculative descriptions of the helicopter tour. *See infra* at ¶¶ 76, 82, 84-85.

76. Undisputed regarding the caption of Plaintiff's Exhibit 4. Disputed to the extent that Plaintiff claims Mr. Demers was not a passenger in the helicopter tour. The video of the helicopter tour [ECF No. 51-10], clearly shows Mr. Demers was not piloting or controlling the helicopter tour and thus, *a passenger*. *See* "Passenger," Merriam-Webster (2024) (defining passenger as "wayfarer; a traveler in public or private conveyance"), *available at* https://www.merriam-webster.com/dictionary/passenger (last accessed March 16, 2024). [*See also* [ECF No. 51-4 ¶ 8 (pilot Bryan Kasch stated under oath that he piloted the helicopter)].

77. Plaintiff's assertion calls for a speculative, unsupported legal conclusion not supported by the record, and therefore no response is required. *See Acosta v. Campbell*, 309 F. App'x 315, 318 (11th Cir. 2009) (per curiam) ("[C]onclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment motion."); *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-CV-00557-T-27, 2014 WL 1819616, at *3 (M.D. Fla. May 7, 2014) (*citing Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1112 (11th Cir. 2005)). Notwithstanding,

disputed. Mr. Demers explicitly denied instructing Mr. Dean, or anyone, to fly a drone over MSQ. [ECF No. 53 ¶¶ 22–23]. Jamie Mayorga, Plaintiff's security director and corporate representative explicitly stated the only "fact" supporting Plaintiff's belief that Mr. Demers was involved in the May 27 drone flight piloted by Mr. Dean was an Instagram post announcing a protest. [ECF No. 50-2, Deposition of Jamie Mayorga ("Mayorga Dep.") at 25:4-8, 93:3-9].

78. Disputed. Customers have been attacked by animals and MSQ neglects their animals—a far cry from "enjoyment." *See e.g.,* [ECF No. 50-2, Deposition of Andrew Scullion ("Scullion Dep.") at 147:2-48:20]; Mayorga Dep. at 77:7-23.

79. Disputed. *See supra* ¶ 78.

80. Undisputed that Demers has posted drone footage over MSQ. Disputed to the extent that the footage posted on February 25, March 4, June 26, or October 23, 2023 or the photo from April 4, 2023 came from a drone—as opposed to a helicopter or other method. Plaintiff provides no evidence or observations of drones from those dates and to assert they were taken from a drone must be disregarded as speculation. Disputed that the footage posted by Mr. Demers—whether from a drone or not—was above and within MSQ's airspace as Plaintiff has no evidence related to the altitude or observations of the alleged drones. Scullion Dep. 72:20-93:18; Mayorga Dep. 97:12-20, 109:3-112:9. Plaintiff's assertion the drone flights were unauthorized and the videos showed areas that were private is unsupported by the record and asserts a legal conclusion.

81. Disputed as to complaints. The related assertions from the Gonzalez Declaration should be disregarded as a sham as they contradict the sworn testimony of Plaintiff's corporate representatives. Andrew Scullion, testifying as Plaintiff's corporate representative specifically on the topic of the impact of drones and helicopters, unequivocally stated that no customer has complained about drone flights. Scullion Dep. at 14:3-23, 104:23-105:7, 106:3-7; *see also*

5

Mayorga Dep. at 207:6-16. Further Plaintiff's assertions on complaints are speculative and unsupported by the record.

82. Disputed. The evidence in the record is that the helicopter flew within FAA guidelines at no less than an altitude of 500 feet and was otherwise permissible and authorized. *See* [ECF No. 51-4 at ¶¶ 5-7, 11–12]. Plaintiff's claim should be disregarded as a sham as it contradicts the testimony of its corporate representatives and is not supported by the record. Mayorga Dep. at 160:19-61:7; Scullion Dep. at 133:21-134:7. Plaintiff's assertion the helicopter tour was unauthorized is an impermissible legal conclusion and its contention that the flight buzzed or flew at extremely low altitudes is not supported by any record evidence and is contradicted by the video footage. [ECF No. 51-10].

83. Undisputed.

84. Disputed. Plaintiff's assertion from the Gonzalez Declaration should be disregarded as a sham as it contradicts the sworn deposition testimony of its corporate representatives and is unsupported by the record. Jamie Mayorga stated no show had to be paused because of the helicopter flight, no guest wrote a statement about the helicopter, and no complaints were received related to this helicopter flight. Mayorga Dep. at 163:5-13; 207:12-16. Andrew Scullion, testifying as Plaintiff's corporate representative on the topic of any effects the helicopter flight may have had, testified that some unidentified employees stated "annoyance." Scullion Dep. at 14:3-23, 118:3-10. The video of the helicopter flight does not show the helicopter hovering in several positions or flying "increasingly" lower over the Seaquarium than when the video clearly showed its altitude at 500 feet. [ECF No. 51-10].

85. Disputed. Plaintiff's assertion from the Gonzalez Declaration should be disregarded as a sham as it contradicts the sworn testimony of Plaintiff's corporate representatives and is

6

unsupported by the record. Mayorga Dep. at 160:19–61:7; Scullion Dep. at 133:21–34:7. Plaintiff's contention estimating the altitude of the helicopter flight is also base speculation and is unsupported by any record evidence. Video evidence shows the helicopter's altimeter at around 500 feet and the video does not show the helicopter significantly deviating from that altitude. [*See* ECF No. 51-10]. This is consistent with the helicopter pilot's sworn declaration that he never flew below 500 feet except during takeoff and landing. [ECF No. 51-4 ¶ 11].

86. Disputed. Plaintiff's assertion from Gonzalez's Declaration should be disregarded as a sham because it contradicts the sworn testimony of Plaintiff's corporate representatives, who testified the helicopter flight did not disrupt any show and, at most, caused annoyance to some unknown employees. Mayorga Dep. at 163:5-13, 207:12-16; Scullion Dep. at 118:3-10. Plaintiff's contention is further unsupported by the record.

87. Disputed to the extent drone flights conducted by MSQ involve consultation with the animal care team. This portion of Gonzalez's Declaration should be disregarded as a sham because it contradicts the sworn testimony of Andrew Scullion, Plaintiff's corporate representative on the effect of drones and the chief training officer at MSQ, who testified that "no one has asked me to [fly a drone] over any of the Marine mammal areas since I've been here." Scullion Dep. at 142:11-15.

Dated: March 19, 2024.

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32301
Tel.: (305) 523-9023
james@slater.legal

Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
Tel. (305) 423-8747
josh@tarjanlawfirm.com

Benjamin Christopher Carraway*
The Animal Activist Legal Defense Project
2255 E. Evans Avenue
Denver, CO 80210
Tel. (423) 797-6084
ccarraway@law.du.edu
*Admitted *pro hac vice*

*Attorneys for Defendant Philip Demers*