UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MS LEISURE COMPANY,

    Plaintiff,

v.

PHILIP DEMERS,

    Defendant.

Case No. 1:23-cv-22834-KMM-LFL

**<u>DEFENDANT'S REPLY IN SUPPORT OF SUMMARY JUDGMENT</u>**

Defendant Philip Demers files this reply in support of his motion for summary judgment and states as follows:

## INTRODUCTORY STATEMENT

In its response [ECF No. 63], Plaintiff MS Leisure Company concedes that it has not established or calculated its actual damages. It concedes that Mr. Demers did not physically trespass at the Miami Seaquarium. It concedes that the drone flights on the Aerial Armor Alerts are not actionable. It doubles down on its frivolous arguments about the statements in Exhibit 1 to the state court complaint. [ECF No. 1-2]. And it attempts to show that Mr. Demers committed a private nuisance or trespassed by drone or helicopter with conclusory and speculative evidence, which cannot satisfy its burden. Plaintiff's presentation of evidence is not even a "mere existence of a scintilla of evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 242, 252, 106 S.Ct. 2505 (1986). Plaintiff only presents "speculation or conjecture [which] cannot create a genuine issue of material fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

Moreover, as Plaintiff states in its response, "affidavits that are based upon '[b]ald conclusions, opinions, and hearsay without supporting specific facts are not admissible and do not create a genuine issue of material fact.'" [ECF No. 63 at 3 (quoting *Venerio v. Fed. Express Corp.*, 2018 WL 5283876, *5 (S.D. Fla. Sept. 17, 2018)]. Yet, its attempt to defeat summary judgment by affidavit fails because the testimony of Edwin Gonzalez is speculative and conclusory, lacks personal knowledge and supporting specific facts in various areas, and is riddled with legal conclusions. As explained below and in Mr. Demers' contemporaneously filed Reply Statement of Facts ("RSOF") [ECF No. 69], the affidavit should be partially stricken as a sham.

Because Mr. Demers has shown the absence of any genuine issue of material fact and Plaintiff has not come forward with evidence to show a dispute, summary judgment is proper on

1

all counts of the state-court complaint [ECF No. 1-2] and allegations against him in the proposed amended complaint [ECF No. 22-2]. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002).

## ARGUMENT

### I.     Plaintiff Concedes It Has Not Established Actual Damages.

Plaintiff fundamentally misunderstands its obligations under Rule 26. In the response, it suggests that it can recover nominal damages and costs "[e]ven if no actual damages are proven." [ECF No. 63 at 2, 4]. But the time to calculate its actual damages was during the discovery period. Its failure to do that precludes its ability to recover any actual damages, irrespective of whether they can be proven. [ECF No. 54 at 18[1] (citing *Carlson v. FedEx Ground Package Sys., Inc.*, 2013 WL 3804991, at *7 (M.D. Fla. July 19, 2013), *aff'd*, 787 F.3d 1313 (11th Cir. 2015) (no evidence of damages can be a ground for summary judgment))].

Plaintiff also appears to argue that its claims for injunctive relief explain the reason it cannot calculate any actual damages. [ECF No. 63 at 2]. That argument is unmoored from the reality that Plaintiff has claimed actual damages in this case. Therefore, the Court should find that Plaintiff is not entitled to seek actual damages. Plaintiff asserts that it can still seek nominal damages, injunctive relief, and taxable costs. Plaintiff is only entitled to what it can prove on its claims.[2] For the reasons explained below, based on the undisputed evidence, it cannot.

### II.    Plaintiff Offers Speculative and Conclusory Evidence on Drone-Related Claims.

As Mr. Demers explained in his motion, he has never flown a drone over the Seaquarium. Def.'s Statement of Undisputed Material Facts ("SOF") ¶ 22 [ECF No. 53]. And he has never

---

[1] References to page numbers are to the CM/ECF page number on the top right corner of the filed document.

[2] It has seemingly abandoned the idea that its animals have been harmed when confronted with the fact that no evidence of such harms exists.

2

asked *anyone*, much less an agent of his, to fly a drone over the Seaquarium. SOF ¶ 23.

Mr. Demers identified dozens of occasions in which Plaintiff asserted he or a purported agent flew a drone over the Seaquarium. SOF ¶ 21. In its response, Plaintiff only addresses or provides "evidence" about two specific drone flights—the one flown by an Instagram user named @whatcameradoyouhave and another flown by Shaun Dean. [ECF No. 63 at 8–9, 12–13]. Besides these two specific drone flights, Plaintiff asserts generally that it can defeat Mr. Demers' motion because—despite denying under oath that he had ever flown a drone or told anyone else to fly one—he stated on video that "[Plaintiff] sued me for flying drones over and publishing those videos." [*Id.* at 5–6]. Accordingly, Plaintiff concedes that it has no evidence to dispute Mr. Demers' motion based on any of the specific drone flights identified in Plaintiff's interrogatory responses. As for the two specific drone flights and Mr. Demers' statement, Plaintiff's conclusory and speculative evidence fails to create a genuine dispute to prevent summary judgment. Plaintiff's arguments and evidence are addressed in turn.

**A. Mr. Demers' statement describing the basis of this lawsuit is not an admission.**

Mr. Demers offered sworn testimony at his deposition and by affidavit that he has never flown or told anyone to fly a drone over the Miami Seaquarium. [ECF No. 52 ¶¶ 6–7]; SOF ¶¶ 22–23. In a last-ditch effort to salvage its claims, Plaintiff has turned to a video of Mr. Demers, in which he described the nature of this lawsuit—that Plaintiff was suing him for flying drones over the Miami Seaquarium—to create liability. *Id.* Mr. Demers merely explained the allegations lodged against him. *See* Supplemental Declaration of Philip Demers ¶ 9 ("Demers Supp. Decl.") [ECF No. 68]. And either way, the fact that one is being sued does not create liability. Plaintiff cannot warp reality and take an out-of-context excerpt from a video to defeat Mr. Demers' clear and categorical sworn statements that he did not fly a drone or tell anyone to fly a drone over the

3

Miami Seaquarium.

Plaintiff is not asking for the Court to refrain from making credibility determinations over competing testimony or evidence, *see Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1161 (11th Cir. 2012), but instead asks the Court to suspend belief. The Court should decline Plaintiff's invitation to create a dispute by misrepresenting the facts.[3] *See Ayers v. Am. Tel. & Tel. Co.*, 826 F. Supp. 443, 446 (S.D. Fla. 1993) (statement taken out-of-context was not sufficient to withstand summary judgment); *see also McClinton v. Cogency Glob., Inc.*, No. 2023 WL 3274937, at *5 (N.D. Ala. May 4, 2023) (imposing sanctions under Rule 11 for making a material misrepresentation of facts in support of summary judgment).

### B. There is no evidence, other than mere conjecture, to suggest that Mr. Demers had anything to do with Shaun Dean's drone flight.

Plaintiff offers no statements from Shaun Dean about his May 27, 2023 drone flight, nor has any party disclosed Mr. Dean as a witness in this case. Plaintiff relies on a police report about Mr. Dean, but the narrative in it is inadmissible hearsay, *see Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1305 (11th Cir. 2022), and nothing in the narrative helps Plaintiff create a factual dispute. [ECF No. 51-9 at 3]. The only evidence in the record capable of being rendered admissible about Mr. Dean is that he flew a drone over the Miami Seaquarium resulting in a police report, the testimony in Mr. Gonzalez's affidavit [ECF No. 64-2] about his personal observations of the drone flight, Plaintiff's testimony regarding the police report (acknowledging that Mr. Demers was not cited) [ECF No. 50-2 at 100–01], and Mr. Demers' testimony about his relationship with Mr. Dean and the May 27 protest [ECF No. 50-1 at 23–25]. In all of that there is not a single iota of evidence that would create any doubt to contradict Mr. Demers' sworn

---

[3] This is not the first time Plaintiff has misrepresented key facts to the Court about Mr. Demers' statements. [*See* ECF No. 28 at 3 (citing ECF No. 25-1)].

4

testimony that he never told anyone to fly a drone over the Miami Seaquarium. Instead, Plaintiff believes that it has satisfied its burden by showing that Mr. Dean knew and was a supporter of Mr. Demers and that the two of them attended the May 27 protest. [ECF No. 63 at 8–9].

Even if circumstantial evidence were enough to negate Mr. Demers' unequivocal statements and the lack of any direct evidence of tying him to any drone flight, *see* [ECF No. 54 at 6-9], Plaintiff's supposed circumstantial evidence does not satisfy its burden. Although in some instances circumstantial evidence alone may be sufficient to preclude summary judgment, *see Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010) ("Factual proof of the existence of a § 1983 conspiracy may be based on circumstantial evidence."); *United States v. Houser*, 754 F.3d 1335, 1349 (11th Cir. 2014), here the only facts Plaintiff can offer to support its inference are that Mr. Demers knew Mr. Dean "under a year" and he came to one of Mr. Demers' protests. [ECF No. 50-1 at 23]. That alone does not create anything more than speculation and conjecture that Mr. Dean flew a drone as an agent of Mr. Demers. *See Lee v. Christian*, 221 F. Supp. 3d 1370, 1377 (S.D. Ga. 2016) (evidence of secret meetings alone insufficient to establish factual question "because there is no evidence of what was actually discussed at those meetings").

Nor is Mr. Demers liable for Mr. Dean's actions simply because Mr. Demers helped organize the protest at which Mr. Dean flew—independently, on his own initiative and without any direction from Mr. Demers—a drone. Finding Mr. Demers liable for Mr. Dean's independent actions at a protest protected by the First Amendment would constitute an impermissible infringement on Mr. Demers' constitutionally protected rights to protest and associate. *See N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 920 (1982) ("Civil liability may not be imposed merely because an individual belonged to a group, some members of which committed acts of violence.").

5

Mr. Demers cannot be found liable through mere association with Mr. Dean. Because the "circumstantial evidence and reasonable inferences drawn therefrom" fail to create a genuine issue of material fact for trial, summary judgment is proper here. *CBS Broadcasting, Inc. v. EchoStar Communications Corp.*, 450 F.3d 505, 518 (11th Cir. 2006).

### C. The evidence refutes Plaintiff's contention that Mr. Demers coordinated @whatcameradoyouhave's drone flight.

As for the footage Mr. Demers posted on May 5 to social media that was shared with him by an Instagram user with the handle @whatcameradoyouhave, all Plaintiff can do to try to create a factual dispute is to say that the messages "create a familiarity" between the two, "denoting that this was not the first time these two individuals conspired with one another." [ECF No. 63 at 12]. But this was the first time this person had spoken to Mr. Demers; Mr. Demers did not know him before receiving this message. *See* Demers Supp. Decl. ¶¶ 3–6. But just like with Shaun Dean, a "familiarity" does not mean an instruction to fly a drone or an agency relationship. SOF ¶¶ 25–31. Not only is there a dearth of any circumstantial evidence, but the direct evidence—the messages and Mr. Demers' sworn testimony [ECF No. 52 ¶¶ 10–12]—refutes the idea that there was any "conspiracy" or agency relationship. Plaintiff's supposed evidence is mere fantasy, which is not enough to satisfy its burden.

As a final point, Plaintiff offers no record evidence to demonstrate that the Instagram user's drone flew within Plaintiff's airspace. On that basis alone, summary judgment is appropriate.

### D. Plaintiff's own testimony contradicts its argument that organizing a protest or posting others' videos on social creates liability.

In its response, Plaintiff argues that Mr. Demers posting videos of the Miami Seaquarium helps establish his liability. [ECF No. 63 at 12–13]. Those arguments are directly contradicted by Plaintiff in its deposition, in which it conceded that merely posting a third-party's footage does not

6

mean that the person posting the footage had anything to do with the underlying activity. SOF ¶ 28. Mr. Demers is clear that the footage he posted was sent without solicitation from third parties. *Id.* ¶¶ 27, 29. The Court should not permit Plaintiff's contradicted contortions of the facts to create a genuine dispute.

### III. Plaintiff Fails to Offer Any Facts That its Airspace Was Violated.

Through Mr. Gonzalez's declaration, Plaintiff provides evidence that the May drone flight piloted breached the Seaquarium airspace "flying very low over significant portions of the property." [ECF No. 64-2 ¶ 20]. The remainder of his testimony about the drone is unclear as to where the drone was—whether it was 100 feet above surface level or 100 feet outside the property. [*Id.* ¶ 21]. That is where Plaintiff's evidence on whether any drone or helicopter was located at all within the Seaquarium property ends. Because Plaintiff has no evidence to tie Mr. Demers to the May drone flight and has not come forth with any <u>record</u> evidence to show that any other drone or helicopter flight invaded its property, the Court should grant summary judgment in favor of Mr. Demers. That said, Mr. Demers will address Plaintiff's erroneous contentions in its response as to the July helicopter flight.

<u>First</u>, there is nothing in the record to support the fact that the helicopter flew less than 500 feet above the Seaquarium. The actual record evidence supports that the helicopter flew, but did not buzz, near the property at an altitude of at least 500 feet and approximately the same altitude as other commercial flights. SOF ¶¶ 51, 55–59. To the extent Mr. Gonzalez's declaration could rebut that evidence (it does not), it should be disregarded as a sham because it contradicts Plaintiff's testimony. SOF ¶ 58, 59.

<u>Second</u>, Mr. Demers relied entirely on the pilot of the helicopter flight, and he cannot be liable for the pilot's conduct. SOF ¶ 54. There is no record evidence to suggest that the helicopter

7

flight was a joint enterprise that "though manually operated by one person, [the helicopter was] in the actual control of another." *Erickson v. Irving*, 16 So. 3d 868, 871–72 (Fla. 3d DCA 2009) (quoting *Potter v. Fla. Motor Lines, Inc.*, 57 F.2d 313, 315 (S.D. Fla. 1932)). Instead, Mr. Demers presented sworn testimony that he relied on the pilot. SOF ¶¶ 53–54; RSOF ¶ 76.

And third, Plaintiff mispresents the record evidence from the pilot, Bryan Kasch, as well as the video footage itself. Mr. Kasch was clear that he only flew below 500 feet at takeoff and landing. [ECF No. 51-4 ¶ 11]. Nothing in the footage depicts anything to the contrary (and Mr. Mayorga was clear that the helicopter was at most a few feet below other normally occurring helicopter flights, at most). SOF ¶ 58; RSOF ¶¶ 82, 85.

## IV. Plaintiff's Citations to Caselaw Support Summary Judgment.

Further, even if the evidence supported what Plaintiff contends it does, the caselaw Plaintiff relies on cannot establish nuisance or trespass.

Trespass[4]

To establish trespass, Plaintiff relies on *Reavers v. Martin Theaters of Fla.*, 52 So.2d 682, 683 (Fla. 1951) to conclude that the alleged drone and helicopter flights were unreasonable, unlawfully close to the ground or structures and constituted unreasonable interference with Plaintiff's use and enjoyment of the property. [ECF No. 63 at 9]. But nothing in the record establishes that any flight other than the May 27 drone was low to the ground. Apart from Plaintiff's legal argument, it presents no evidence in the Court record to demonstrate that any other

---

[4] Plaintiff fails to address the factually analogous cases cited by Mr. Demers in his motion, which support no liability for trespass or nuisance. That is likely because it chooses not to concede that its claims are not viable. Instead, Plaintiff solely takes aim at Mr. Demers' reliance on criminal trespass cases. [ECF No. 63 at 4]. Mr. Demers need not respond to those assertions because regardless of the standard, Plaintiff has not established anything more than conclusory and speculative arguments, but not facts, to support that Mr. Demers trespassed at the Seaquarium.

drone flight or the helicopter flight on July 14 was unreasonably close to the surface or any structures. And as for enjoyment, Plaintiff described the helicopter and drones as mere "annoyances." SOF ¶¶ 18–20, 47, 60; RSOF ¶ 84. *Reavers* instead supports summary judgment on these facts.

Nuisance

The caselaw Plaintiff cites to support private nuisance makes it clear that even if the helicopter or drones did the things Plaintiff—without support—says they did, such conduct does not rise to the level of nuisance.

Plaintiff relies on *Burnett v. Rushton*, 52 So. 2d 645 (Fla. 1951) and *Lake Hamilton Lakeshore Owners Ass'n, Inc. v. Neidlinger*, 182 So. 3d 738 Fla. 2d DCA 2015) to support its claim. [ECF No. 63 at 11–12]. Those cases support summary judgment instead.

In *Burnett*, the Florida Supreme Court affirmed a finding of nuisance where the "record disclose[d] a deliberate course of conduct carried on more than three years, . . ." *Burnett*, 52 So. 2d at 646. There, over that three-year period, the defendant had

> at various times of day and night, operated her radio in a loud tone; that she annoyed appellee by causing an electric light to be focused upon his residence at all times of night; that she purposely incited her dog to bark boisterously and annoy appellee; that she engaged in obscene gestures directed to appellee's family and committed other and various acts with the deliberate purpose of harassing appellee and his family.

*Id.* at 645. Similarly, in *Lake Hamilton*, the defendant operated airboats at a high decibel level "up to ten hours per day every day of the week for several months during [] peak season." *Lake Hamilton*, 182 So. 2d at 740.

Here, Plaintiff asserts that a single 10-minute helicopter flight constituted a nuisance where the undisputed evidence shows: it at most caused an "annoyance" to the park; it did not disrupt any shows; it did not precipitate any written complaints; and it did not go much lower, if at all,

9

below the normal altitude of tour helicopters that fly over the Seaquarium. That is not a nuisance under *Burnett* or *Lake Hamilton*, which included continuous conduct over a concerted period of time. As for the drone claims, there is simply no record evidence that Mr. Demers had anything to do with them, or that other than the May 27 flight did any drone touch or concern the Seaquarium property. Even if Mr. Demers were to have flown or instructed someone to fly a drone (he denies it under oath), a few drone flights does not rise to the level of the conduct in *Burnett* or *Lake Hamilton*. The Court should instead rely on the caselaw cited by Mr. Demers in his motion.

### V. Plaintiff Doubles Down on Its Baseless Defamation Arguments.

As a final point, Plaintiff repeats its initial view that the statements in Exhibit 1 to the original complaint [ECF No. 1-2] constitute defamation, or at least create triable issues of fact. [ECF No. 63 at 14]. It is not for the trier of fact to determine whether a statement is defamatory. *Nix v. ESPN, Inc.*, 772 F. App'x 807, 813-14 (11th Cir. 2019); *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 936 F. Supp. 917, 923 (M.D. Fla. 1996) ("[W]hether the alleged defamatory word is a[] non-actionable expression of pure opinion or an actionable expression of pure fact … is a question of law for the Court.") (citing Florida cases). None of those statements are defamatory in any way—they are true, substantially true, not "of and concerning" Plaintiff, which did not own the Seaquarium at the time, and at most are opinion based on disclosed facts or rhetorical hyperbole. Moreover, Plaintiff has provided no evidence of falsity much less that the statements were made with reckless disregard for their truth. [*See* ECF No. 12, 20]. At bottom, this case is nothing more than an effort to silence Mr. Demers.

### CONCLUSION

In sum, the Court should grant summary judgment in favor of Defendant Philip Demers on either iteration of the Complaint and find that he is entitled to an award of attorney's fees.

Dated: March 19, 2024.

                                                           Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32301
Tel.: (305) 523-9023
james@slater.legal

Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
Tel. (305) 423-8747
josh@tarjanlawfirm.com

Benjamin Christopher Carraway*
The Animal Activist Legal Defense Project
2255 E. Evans Avenue
Denver, CO 80210
Tel. (423) 797-6084
ccarraway@law.du.edu
*Admitted *pro hac vice*

*Attorneys for Defendant Philip Demers*