UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA

Case No. 1:23-cv-22834-KMM-LFL

MS LEISURE COMPANY,

      Plaintiff,

v.

PHILIP DEMERS,
      Defendant.

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

COMES NOW the Plaintiff, MS LEISURE COMPANY ("Plaintiff" or "MS Lesiure"), by and through undersigned counsel, and hereby files its Response to Defendant's First Request for Production:

## PRELIMINARY STATEMENT

These responses have been prepared from information obtained from expected and reasonably available sources by Plaintiff through reasonably diligent inquiry. The information provided in these responses is based upon such information as is reasonably available to Plaintiff and Plaintiff expressly reserves the right, without assuming any duty of disclosure not required under the Federal Rules of Civil Procedure or order of this Court, to revise, amend, correct, add or clarify any of these responses if and when additional information or documentation comes to its attention.

Whether responding to each Request response or objection, Plaintiff does not concede the evidentiary relevance, materiality or admissibility of any of these Requests, the responses thereto,

or the subject matter to which they relate. Plaintiff expressly reserves the right, but does not assume the obligation, to supplement or amend these objections and responses upon, among other things: further investigation; discovery of additional facts; discovery of persons with knowledge of relevant information; and developments in this action or in any other proceedings.

The production of any documents protected by the attorney-client privilege, accountant-client privilege, work product doctrine, or any other applicable rule, statute, or law pertaining to privilege or confidentiality, including, without limitation, trade secrets, except pursuant to a specific written agreement covering such documents, shall be deemed inadvertent. Inadvertent disclosure of such documents shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect such documents, nor shall such inadvertent disclosure waiver or prejudice Plaintiff's right to object to the use of such documents during this or any subsequent action. Plaintiff has made a reasonable effort to respond fully to Defendant's requests. In offering bate stamp citations to respond to any requests, Plaintiff does not intend to waive and does not waive reliance on other prior or forthcoming production to support any of its claims or defenses.

## **SPECIFIC RESPONSES**

1.  *All your Policies concerning Lolita.*

**RESPONSE:**

Defendant's Request #1 seeks "[a]ll policies concerning Lolita." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #1 seeks information that is not relevant nor

reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #1 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

    2.    *All communications concerning Lolita's death, including the cause of her death.*

**RESPONSE:**

Defendant's Request #2 seeks "[a]ll communications concerning Lolita's death, including the cause of her death." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #2 seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #2 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope. Plaintiff objects to the extent it seeks privileged or work-product information. The Plaintiff cannot reasonably be expected to craft a privilege log considering this impermissibly broad and vague Request for Production.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

    3.    *All documents concerning Lolita's death, including the cause of her death.*

**RESPONSE:**

Defendant's third Request seeks "[a]ll documents concerning Lolita's death, including the cause of her death." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's third Request seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #3 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope. The Plaintiff cannot reasonably be expected to craft a privilege log considering this impermissibly broad and vague Request for Production.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

4.    *All communications concerning Lolita's transfer to the University of Georgia.*

**RESPONSE:**

Defendant's fourth Request seeks "[a]ll communications concerning Lolita's transfer to the University of Georgia." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's fourth Request seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #4 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope. The Plaintiff cannot reasonably be expected to craft a privilege log considering this impermissibly broad and vague Request for Production.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

5.      *All communications with any governmental authority or agency, including without limitation NOAA and APHIS, concerning Lolita's health, conditions, or care, including, without limitation, all such communications concerning her death and post-death transportation and analysis.*

**RESPONSE:**

Defendant's fifth Request seeks "[a]ll communications with any governmental authority or agency, including without limitation NOAA and APHIS, concerning Lolita's health, conditions, or care, including, without limitation, all such communications concerning her death and post-death transportation and analysis." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's fifth Request seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #5 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope. The Plaintiff cannot reasonably be expected to craft a privilege log considering this impermissibly broad and vague Request for Production.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

6.      *A copy of the necropsy for Lolita. (You are reminded that you are required to supplement your responses.)*

**RESPONSE:**

Defendant's sixth Request seeks "[a] copy of the necropsy for Lolita." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #6 seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

7. *All communications concerning Lolita's necropsy.*

**RESPONSE:**

Defendant's Request #7 seeks "[a]ll communications concerning Lolita's necropsy." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #7 seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #7 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope. The Plaintiff cannot reasonably be expected to craft a privilege log considering this impermissibly broad and vague Request for Production.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

8. *A copy of the necropsy for lag dolphin Catalina.*

**RESPONSE:**

Defendant's Request #8 seeks "[a] copy of the necropsy for the lag dolphin Catlina." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #8, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #8 is irrelevant, impermissibly broad, unduly burdensome, vague, and not limited in time or scope.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

9. *All communications concerning Catalina's necropsy.*

**RESPONSE:**

Defendant's Request #9 seeks "[a]ll communications concerning Catalina's necropsy." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #9, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #9 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope. The Plaintiff cannot reasonably be expected to craft a privilege log considering this impermissibly broad and vague Request for Production.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

10.    *All of Lolita's medical and/or health records, including, without limitation, all blood work (monthly, weekly), veterinary reports, and purchasing records.*

**RESPONSE:**

Defendant's Request #10 seeks "[a]ll of Lolita's medical and/or health records, including, without limitation, all blood work (monthly, weekly), veterinary reports, and purchasing records." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #10, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #10 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

11.    *All of Li'i's medical and/or health records, including, without limitation, all blood work (monthly, weekly), veterinary reports, and purchasing records.*

**RESPONSE:**

Defendant's Request #11 seeks "[a]ll of Li'i's medical and/or health records, including, without limitation, all blood work (monthly, weekly), veterinary reports, and purchasing records." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #11, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #11 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope. The unexpected passing of Lolita and the pending voluntary dismissal of Count III only further emphasizes the irrelevancy and mootness of Request #11.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

12.    *All of Catalina's medical and/or health records, including, without limitation, all blood work (monthly, weekly), veterinary reports, and purchasing records.*

**RESPONSE:**

Defendant's Request #12 seeks "[a]ll of Catalina's medical and/or health records, including, without limitation, all blood work (monthly, weekly), veterinary reports, and purchasing records." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which

will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #12, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #12 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

13.    *All communications with any of your staff concerning Lolita's health, care, and the conditions of her habitat at the Whale Bowl stadium.*

**RESPONSE:**

Defendant's Request #13 seeks "[a]ll communications with any of your staff concerning Lolita's health, care, and the conditions of her habitat at the Whale Bowl stadium." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #13, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #13 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope. The Plaintiff cannot reasonably be expected to craft a privilege log considering this impermissibly broad and vague Request for Production.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

14.     *All communications with any of your staff concerning Li'i's health, care, and the conditions of her habitat at the Whale Bowl stadium.*

**RESPONSE:**

Defendant's Request #14 seeks "[a]ll communications with any of your staff concerning Li'I's health, care, and the conditions of her habitat at the Whale Bowl stadium." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #14, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #14 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

15.     *All communications with any of your staff concerning Catalina's health, care, and the conditions of her habitat at the Miami Seaquarium.*

**RESPONSE:**

Defendant's Request #15 seeks "[a]ll communications with any of your staff concerning Catalina's health, care, and the conditions of her habitat at the Miami Seaquarium." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff

cannot maintain that Count. Therefore, Defendant's Request #15, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #15 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

16.   *All water quality records concerning Lolita and/or Lolita's habitat at the Whale Bowl stadium.*

**RESPONSE:**

Defendant's Request #16 seeks "[a]ll water quality records concerning Lolita and/or Lolita's habitat at the Whale Bowl stadium." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #16, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #16 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

17.   *All maintenance records concerning Lolita's habitat at the Whale Bowl stadium.*

**RESPONSE:**

Defendant's Request #17 seeks "[a]ll maintenance records concerning Lolita's habitat at the Whale Bowl stadium." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #17, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #17 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

18.  *All videos and photographs of Lolita's habitat at the Whale Bowl stadium, including, without limitation, videos and photographs of any training sessions with Lolita.*

**RESPONSE:**

Defendant's Request #18 seeks "[a]ll videos and photographs of Lolita's habitat at the Whale Bowl stadium, including, without limitation, videos and photographs of any training sessions with Lolita." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #18, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #18 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

19.   *All purchasing records on equipment, supplies, and materials relating to Lolita's habitat at the Whale Bowl stadium.*

**RESPONSE:**

Defendant's Request #19 seeks "[a]ll purchasing records on equipment, supplies, and materials relating to Lolita's habitat at the Whale Bowl stadium." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #19, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #19 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

20.   *All qualifications and resumes of staff members assigned to Lolita or who otherwise undertook any responsibilities with respect to her care.*

**RESPONSE:**

Defendant's Request #20 seeks "[a]ll qualifications and resumes of staff members assigned to Lolita or who otherwise undertook any responsibilities with respect to her care." In light of the

unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #20, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #20 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope. Defendant's Request #20 also seeks private and confidential information of Plaintiff's employees.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

21.    *All qualifications and resumes of staff members assigned to Li'i or who otherwise undertook any responsibilities with respect to her care.*

**RESPONSE:**

Defendant's Request #21 seeks "[a]ll qualifications and resumes of staff members assigned to Li'i or who otherwise undertook any responsibilities with respect to her care." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #21, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #21 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope. Defendant's Request #21 also seeks private and confidential information of Plaintiff's employees.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

22. *All documents and contracts with any third-party maintenance persons concerning the maintenance of Lolita's habitat at the Whale Bowl stadium, including, without any limitation, all qualifications for any such persons.*

**RESPONSE:**

Defendant's Request #22 seeks "[a]ll documents and contracts with any third-party maintenance persons concerning the maintenance of Lolita's habitat at the Whale Bowl stadium, including, without any limitation, all qualifications for any such persons." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #22, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #22 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

23. *All tweets, posts, social media messages, direct messages, text messages, emails,*

*and any other communication concerning Defendant, including, without limitation, all of Eduardo Albor's communications concerning him.*

**RESPONSE:**

Responsive to Defendant's Request #23 for "[a]ll tweets, posts, social media messages, text messages, emails, and any other communication concerning Defendant . . ." Plaintiff produces the attached documents, specifically, Bates Numbers: . . .

Plaintiff objects to the balance of Request #23 with regard to "any other communications" as overly broad, burdensome, vague, not limited in time or scope, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff objects to the extent it seeks privileged or work-product information. The Plaintiff cannot be reasonably expected to craft a privilege log considering this impermissibly broad and vague Request for Production.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

24. *All customer complaints concerning the Whale Bowl stadium.*

**RESPONSE:**

Plaintiff objects to Defendant's Request #24 for "[a]ll customer complaints concerning the Whale Bowl Stadium on the basis that it is impermissibly broad, unduly burdensome, vague, not limited in time or scope, and not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

25. *All customer complaints concerning Lolita's condition.*

**RESPONSE:**

Defendant's Request #25 seeks "[a]ll customer complaints concerning Lolita's condition." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #25, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #25 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

26.    *All records disclosed to you when you purchased the Miami Seaquarium by the seller.*

**RESPONSE:**

Plaintiff objects to Defendant's Request#26 for "[a]ll records disclosed to you when you purchased the Miami Seaquarium by the seller" on the basis that the request is overly broad, unduly burdensome, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects on the basis that the request is vague and ambiguous and seeks confidential business and proprietary information. The request also impermissibly seeks financial information of the Plaintiff's.

Discovery in this matter is ongoing, and Plaintiff reserves its right to supplement or amend this answer.

27.    *All historical medical and maintenance records provided to you in connection*

*with your purchase of the Miami Seaquarium.*

**RESPONSE:**

Defendant's Request #27 seeks "[a]ll historical medical and maintenance records provided to you in connection with your purchase of the Miami Seaquarium." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #27, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant nor reasonably calculated to lead to discoverable information. Plaintiff also objects on the basis that the request is vague and ambiguous and seeks confidential business and proprietary information. The request also impermissibly seeks financial information of the Plaintiff's

Additionally, Plaintiff objects on the basis that Request #27 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope.

Discovery in this matter is ongoing, and Plaintiff reserves its rights to supplement or amend this answer.

28.    *All communications with Miami-Dade County, including, without limitation, the office of Mayor Daniella Levine Cava, concerning Lolita, the Whale Bowl stadium, or any of the conditions of the Miami Seaquarium.*

**RESPONSE:**

Defendant's Request #28 seeks "[a]ll communications with Miami-Dade County, including, without limitation, the office of Mayor Daniella Levine Cava, concerning Lolita, the Whale Bowl stadium, or any of the conditions of the Miami Seaquarium." In light of the

unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #28, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant or reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #28 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope. The Plaintiff cannot be reasonably expected to craft a privilege log considering this impermissibly broad and vague Request for Production.

29. *All documents and communications concerning the reported plans to move Lolita from the Miami Seaquarium prior to her death, including, without limitation, communications with Friends of Toki and its members.*

**RESPONSE:**

Defendant's Request #29 seeks "[a]ll documents and communications concerning the reported plans to move Lolita from the Miami Seaquarium prior to her death, including, without limitation, communications with Friends of Toki and its members." In light of the unexpected passing of Lolita (also known as Tokitae) on August 18th, 2023, Plaintiff cannot in good faith reasonably articulate the damages related to Count III of Plaintiff's original Complaint. As more fully set forth in the Motion for Leave to Amend, which will be filed shortly, Plaintiff cannot maintain that Count. Therefore, Defendant's Request #29, seeking information regarding Plaintiff's care of its animals, seeks information that is not relevant or reasonably calculated to lead to discoverable information.

Additionally, Plaintiff objects on the basis that Request #29 is impermissibly broad, unduly burdensome, vague, and not limited in time or scope. The Plaintiff cannot be reasonably expected to craft a privilege log considering this impermissibly broad and vague Request for Production.

30.    *All documents concerning Defendant.*

**RESPONSE:**

Plaintiff attaches responsive documents to Defendant's request for "[a]ll documents concerning Defendant." Specifically, the responsive documents include Bates Numbers: 000001-000046

Plaintiff's attached document production does not waive its objections that Defendant's Request #30 is overly broad in that it is not limited in time or scope, unduly burdensome, and is vague and ambiguous. Plaintiff also objects to the extent that Request #30 seeks privileged or work-product information. The Plaintiff cannot be reasonably expected to craft a privilege log considering this impermissibly broad and vague Request for Production.

Discovery in this matter is ongoing, and Plaintiff reserves its right to supplement or amend this answer.

31.    *All documents, communications, or footage related to the alleged "multiple occasions, including but not limited to May 4th, 2022" that Defendant "repeatedly" flew a drone over your property.*

**RESPONSE:**

Plaintiff attaches responsive documents to Defendant's request for "[a]ll documents, communications, or footage related to the alleged "multiple occasions, including but not limited to May 4th, 2022" that Defendant "repeatedly" flew a drone over your property." Specifically, the

responsive documents include Bates Numbers: 000003; 000004; 000005; 000009; 000010-000038; 000042-000046.

Plaintiff's attached document production does not waive its objections that Defendant's Request #31 is overly broad in that it is not limited in time or scope, unduly burdensome, and is vague and ambiguous. Plaintiff also objects to the extent that Request #31 seeks privileged or work-product information. The Plaintiff cannot be reasonably expected to craft a privilege log considering this impermissibly broad and vague Request for Production.

Discovery in this matter is ongoing, and Plaintiff reserves its right to supplement or amend this answer.

32. *All documents and communications related to any purported agents of Defendant.*

**RESPONSE:**

Plaintiff attaches responsive documents to Defendant's Request #32 for "[a]ll documents and communications related to any purported agents of Defendant." Specifically, the responsive documents include Bates Numbers: 000001-000046

Plaintiff's attached document production does not waive its objections that Defendant's Request #32 is overly broad in that it is not limited in time or scope, unduly burdensome, and is vague and ambiguous. Plaintiff also objects to the extent that Request #32 seeks privileged or work-product information.

Discovery in this matter is ongoing, and Plaintiff reserves its right to supplement or amend this answer.

33. *All documents and communications related to complaints by patrons or employees of the alleged drone flights, including but not limited to alleged visual and auditory disturbances.*

**RESPONSE:**

None known at this time.

34.      *All documents related to Defendant's alleged conduct placing customers and animals at risk.*

**RESPONSE:**

Plaintiff attaches responsive documents to Defendant's Request #34 for "[a]ll documents related to Defendant's alleged conduct placing customers and animals at risk." Specifically, the responsive documents include Bates Numbers: 000039-000046; 000010-000038

Plaintiff's attached document production does not waive its objections that Defendant's Request #34 is overly broad in that it is not limited in time or scope, unduly burdensome, and is vague and ambiguous.

Discovery in this matter is ongoing, and Plaintiff reserves its right to supplement or amend this answer.

35.      *All "extensive video documentation of [Defendant] invading private property and exposing our employees, guests and animals to great danger" as referenced in the Tweet located at* *https://twitter.com/MiamiSeaquarium/status/1678817237703041024.*

**RESPONSE:**

Plaintiff attaches responsive documents to Defendant's Request #35 for " [a]ll "extensive video documentation of [Defendant] invading private property and exposing our employees, guests and animals to great danger" as referenced in the Tweet located at https://twitter.com/MiamiSeaquarium/status/1678817237703041024."      Specifically,      the responsive documents include Bates Numbers: 000039-000046.

Plaintiff's attached document production does not waive its objections that Defendant's

Request #35 is overly broad in that it is not limited in time or scope, unduly burdensome, and is vague and ambiguous.

Discovery in this matter is ongoing, and Plaintiff reserves its right to supplement or amend this answer.

October 20th, 2023

Respectfully submitted,

**JONES & ADAMS, P.A.**
*Attorney for Plaintiff*
999 Ponce de Leon Blvd., Suite 925
Coral Gables, FL 33134
Tel: (305) 270-8858
Fax: (305) 270-6778
matthew@jones-adams.com

By:  */s/ Matthew L. Jones*
Matthew L. Jones, Esq.
Florida Bar No.: 909335

## CERTIFICATE OF SERVICE

I hereby certify that on October 6th, 2023, I electronically served the foregoing document to Defendant's counse, via email.



𝕏

Home

Explore

Notifications

Messages

Lists

Bookmarks

Communities

Premium

Profile

More

**Post**

← **Post**

⇄ Phil Demers reposted
**Last Chance for Animals**
@LC4A                                    ···

Join the Miami Seaquarium protest with Phil Demers @walrus-whisperer and @urgentseas!

Sat., May 27th, 2023
11am - 2pm EST
4400 Rickenbacker Causeway, Key Biscayne, Florida

Facebook Event Page:  fb.me/e/2VSE3zH5c

#CaptivityKills #BoycottMiamiSeaquarium



**Relevant people**

**Last Chance for Anim...**        Follow
@LC4A
LCA is an international nonprofit org. dedicated to exposing & eliminating animal abuse through undercover investigations, campaigns, & legislation.

**@UrgentSeas**                    Follow
@urgentseas

**What's happening**

MLB · LIVE
**Rangers at Astros**

Trending
**Israel-Hamas**
1.37M posts

Music · Trending
**Blueface**
Trending with  Lil Mabu, Chrisean

News · Trending
**#IsraelGazaWar**
216K posts

Entertainment · Trending
**#JadaPinkettSmith**
1,205 posts

Show more

Terms of Service  Privacy Policy  Cookie
Accessibility  Ads Info  More ···  © 202...

lil nat                ···
@nat_lahera

Messages

000002

https://twitter.com/ohayitscpa/with_replies



https://twitter.com/walruswhisperer/status/1673522351260958723



https://twitter.com/walruswhisperer/status/1654430218483036160





https://twitter.com/walruswhisperer/status/1679959991195664386



https://twitter.com/walruswhisperer/status/1681993723478003716



https://twitter.com/walruswhisperer/status/1643365798445031431



| | |
|---|---|
| **From:** | Aerial Armor Alert |
| **To:** | matthew@jones-adams.com; steven@jones-adams.com; c.moghadam@jones-adams.com; nicholas.thomson@dedrone.com |
| **Subject:** | Aerial Armor Drone Alert Zone: HQ Alert Zone - 1/2 Mile Radius |
| **Date:** | Tuesday, October 17, 2023 3:31:35 PM |
| **Importance:** | High |

# Drone Alert



## Drone Flight In Progress

| | |
|---|---|
| **Drone ID:** | F45TB21CC1BE076B |
| **Drone Type:** | Mavic 3 |
| **Alert Zone:** | HQ Alert Zone - 1/2 Mile Radius |
| **Current Location:** | (25.732055970918800,-80.160880727881505) |
| **Home Location:** | (25.731792410333099,-80.162095398407104) |
| **Pilot Location:** | (25.731861165268501,-80.162135505452795) |

Link to Homepoint Map

Link to Drone Map

Link to Pilot Map



**From:** Aerial Armor Alert
**To:** matthew@jones-adams.com; steven@jones-adams.com; c.moghadam@jones-adams.com;
nicholas.thomson@dedrone.com
**Subject:** Aerial Armor Drone Alert Zone: HQ Alert Zone - 1/2 Mile Radius
**Date:** Tuesday, October 17, 2023 6:35:47 PM
**Importance:** High

# Drone Alert



## Drone Flight In Progress

**Drone ID:** 3NZCHAA0034XRF
**Drone Type:** Mavic Mini 2
**Alert Zone:** HQ Alert Zone - 1/2 Mile Radius
**Current Location:** (25.732749249851000,-80.170764249847494)
**Home Location:** (25.731689277929998,-80.162049561783505)
**Pilot Location:** (25.731683548351999,-80.162066750517397)

Link to Homepoint Map

Link to Drone Map

Link to Pilot Map



000011

**From:** Aerial Armor Alert
**To:** matthew@jones-adams.com; steven@jones-adams.com; c.moghadam@jones-adams.com; nicholas.thomson@dedrone.com
**Subject:** Aerial Armor Drone Alert Zone: HQ Alert Zone - 1/2 Mile Radius
**Date:** Sunday, October 15, 2023 6:46:42 PM
**Importance:** High

# Drone Alert



## Drone Flight In Progress

| | |
|---|---|
| **Drone ID:** | 37Q3K8L00BV26H |
| **Drone Type:** | FPV |
| **Alert Zone:** | HQ Alert Zone - 1/2 Mile Radius |
| **Current Location:** | (25.736794331884600,-80.166839488950799) |
| **Home Location:** | (25.736788602306600,-80.166833759372906) |
| **Pilot Location:** | |

Link to Homepoint Map

Link to Drone Map



| | |
|---|---|
| **From:** | Aerial Armor Alert |
| **To:** | matthew@jones-adams.com; steven@jones-adams.com; c.moghadam@jones-adams.com; nicholas.thomson@dedrone.com |
| **Subject:** | Aerial Armor Drone Alert Zone: HQ Alert Zone - 1/2 Mile Radius |
| **Date:** | Sunday, October 15, 2023 6:37:00 PM |
| **Importance:** | High |

# Drone Alert



## Drone Flight In Progress

**Drone ID:** F6Z9C238V0034WWH

**Drone Type:** NewDrone_93

**Alert Zone:** HQ Alert Zone - 1/2 Mile Radius

**Current Location:** (25.740512827975000,-80.168117184834003)

**Home Location:** (25.740558664598598,-80.168180210191395)

**Pilot Location:** (25.740484180085200,-80.168077077788297)

Link to Homepoint Map

Link to Drone Map

Link to Pilot Map



**From:** Aerial Armor Alert
**To:** matthew@jones-adams.com; steven@jones-adams.com; c.moghadam@jones-adams.com; nicholas.thomson@dedrone.com
**Subject:** Aerial Armor Drone Alert Zone: HQ Alert Zone - 1/2 Mile Radius
**Date:** Sunday, October 15, 2023 3:40:48 PM
**Importance:** High

# Drone Alert



## Drone Flight In Progress

**Drone ID:** 3NZCHAA0034XRF
**Drone Type:** Mavic Mini 2
**Alert Zone:** HQ Alert Zone - 1/2 Mile Radius
**Current Location:** (25.731677818774099,-80.160932294082997)
**Home Location:** (25.732302342770701,-80.161167206778998)
**Pilot Location:** (25.732353908972300,-80.161161477201105)

Link to Homepoint Map

Link to Drone Map

Link to Pilot Map



**From:**     Aerial Armor Alert
**To:**       matthew@jones-adams.com; steven@jones-adams.com; c.moghadam@jones-adams.com;
              nicholas.thomson@dedrone.com
**Subject:**  Aerial Armor Drone Alert Zone: HQ Alert Zone - 1/2 Mile Radius
**Date:**     Wednesday, October 11, 2023 5:04:19 PM
**Importance:** High

# Drone Alert



## Drone Flight In Progress

| | |
|---|---|
| **Drone ID:** | F4XF72381M06P2VE |
| **Drone Type:** | Mini 3 Pro |
| **Alert Zone:** | HQ Alert Zone - 1/2 Mile Radius |
| **Current Location:** | (25.738473098224301,-80.165670655048800) |
| **Home Location:** | (25.738387154554999,-80.166037348037605) |
| **Pilot Location:** | (25.738392884132999,-80.166008700147898) |

Link to Homepoint Map

Link to Drone Map

Link to Pilot Map



**From:** Aerial Armor Alert
**To:** matthew@jones-adams.com; steven@jones-adams.com; c.moghadam@jones-adams.com; nicholas.thomson@dedrone.com
**Subject:** Aerial Armor Drone Alert Zone: HQ Alert Zone - 1/2 Mile Radius
**Date:** Monday, October 9, 2023 6:46:23 PM
**Importance:** High

# Drone Alert



### Drone Flight In Progress

**Drone ID:** F45T7228J00EV0CL
**Drone Type:** Mavic 3
**Alert Zone:** HQ Alert Zone - 1/2 Mile Radius
**Current Location:** (25.733259182288599,-80.158777972773294)
**Home Location:** (25.734164455604901,-80.158692029104103)
**Pilot Location:** (25.734210292228500,-80.158720676993795)

Link to Homepoint Map

Link to Drone Map

Link to Pilot Map



**From:** Aerial Armor Alert
**To:** matthew@jones-adams.com; steven@jones-adams.com; c.moghadam@jones-adams.com;
nicholas.thomson@dedrone.com
**Subject:** Aerial Armor Drone Alert Zone: HQ Alert Zone - 1/2 Mile Radius
**Date:** Sunday, October 8, 2023 11:51:34 AM
**Importance:** High

# Drone Alert



### Drone Flight In Progress

**Drone ID:** 163CG9QR0A279X
**Drone Type:** Mavic 2
**Alert Zone:** HQ Alert Zone - 1/2 Mile Radius
**Current Location:** (25.738009002410301,-80.171096565368600)
**Home Location:** (25.736582337500401,-80.166598846676905)
**Pilot Location:**

Link to Homepoint Map

Link to Drone Map



000017

**From:** Aerial Armor Alert
**To:** matthew@jones-adams.com; steven@jones-adams.com; c.moghadam@jones-adams.com; nicholas.thomson@dedrone.com
**Subject:** Aerial Armor Drone Alert Zone: HQ Alert Zone - 1/2 Mile Radius
**Date:** Saturday, October 7, 2023 7:08:17 PM
**Importance:** High

# Drone Alert



## Drone Flight In Progress

**Drone ID:** F6N8C236200302VB
**Drone Type:** Air 3
**Alert Zone:** HQ Alert Zone - 1/2 Mile Radius
**Current Location:** (25.730543362339699,-80.158840998130799)
**Home Location:** (25.718001316204301,-80.151736321471205)
**Pilot Location:** (25.731064753933300,-80.159419685503906)

Link to Homepoint Map

Link to Drone Map

Link to Pilot Map



**From:** Aerial Armor Alert
**To:** matthew@jones-adams.com; steven@jones-adams.com; c.moghadam@jones-adams.com; nicholas.thomson@dedrone.com
**Subject:** Aerial Armor Drone Alert Zone: HQ Alert Zone - 1/2 Mile Radius
**Date:** Saturday, October 7, 2023 6:08:45 PM
**Importance:** High

# Drone Alert



## Drone Flight In Progress

**Drone ID:** 5FSCJB700118YT
**Drone Type:** Mavic Mini 2
**Alert Zone:** HQ Alert Zone - 1/2 Mile Radius
**Current Location:** (25.738925734882500,-80.169996486401999)
**Home Location:** (25.737178213607301,-80.167383798856207)
**Pilot Location:** (25.737132376983698,-80.167378069278200)

Link to Homepoint Map

Link to Drone Map

Link to Pilot Map



**From:**       Aerial Armor Alert
**To:**         matthew@jones-adams.com; steven@jones-adams.com; c.moghadam@jones-adams.com;
                nicholas.thomson@dedrone.com
**Subject:**    Aerial Armor Drone Alert Zone: HQ Alert Zone - 1/2 Mile Radius
**Date:**       Friday, October 6, 2023 7:05:34 PM
**Importance:** High

# Drone Alert



## Drone Flight In Progress

| | |
|---|---|
| **Drone ID:** | 3NZCJ33004AWNR |
| **Drone Type:** | Mavic Mini 2 |
| **Alert Zone:** | HQ Alert Zone - 1/2 Mile Radius |
| **Current Location:** | (25.734737413400101,-80.168827652499900) |
| **Home Location:** | (25.736937571333399,-80.166879595996505) |
| **Pilot Location:** | (25.736943300911300,-80.166885325574398) |

Link to Homepoint Map

Link to Drone Map

Link to Pilot Map



**From:** Aerial Armor Alert
**To:** matthew@jones-adams.com; steven@jones-adams.com; c.moghadam@jones-adams.com;
nicholas.thomson@dedrone.com
**Subject:** Aerial Armor Drone Alert Zone: HQ Alert Zone - 1/2 Mile Radius
**Date:** Friday, October 6, 2023 9:40:03 AM
**Importance:** High

# Drone Alert



## Drone Flight In Progress

**Drone ID:** F4XFA232DML865CS
**Drone Type:** Mini 3 Pro
**Alert Zone:** HQ Alert Zone - 1/2 Mile Radius
**Current Location:** (25.739492963099600,-80.162187071654401)
**Home Location:** (25.735144213434602,-80.158273769913606)
**Pilot Location:** (25.735253075415699,-80.158199285400201)

Link to Homepoint Map

Link to Drone Map

Link to Pilot Map



**From:** Aerial Armor Alert
**To:** matthew@jones-adams.com; steven@jones-adams.com; c.moghadam@jones-adams.com; nicholas.thomson@dedrone.com
**Subject:** Aerial Armor Drone Alert ZoneUpdate: HQ Alert Zone - 1/2 Mile Radius
**Date:** Wednesday, October 11, 2023 5:39:43 PM
**Attachments:** 58278723_LD_458032986.png
**Importance:** High

---

# Drone Alert Update



## Drone Flight In Progress

**Drone ID:** F4XF72381M06P2VE
**Drone Type:** Mini 3 Pro
**Alert Zone:** HQ Alert Zone - 1/2 Mile Radius
**Current Location:** (25.738301210885801,-80.165945674790393)
**Home Location:** (25.738387154554999,-80.166031618459698)
**Pilot Location:** (25.738398613710899,-80.166060266349405)

Link to Homepoint Map

Link to Drone Map

Link to Pilot Map

[FlightPathImage]



000022

**From:** Aerial Armor Report
**To:** matthew@jones-adams.com; steven@jones-adams.com; c.mcghadam@jones-adams.com; nicholas.thomson@dedrone.com
**Subject:** Weekly Alert Zone Summary
**Date:** Monday, October 16, 2023 3:09:38 AM

# Weekly Alert Zone Summary

Alert Zone
## HQ Alert Zone - 1/2 Mile Radius

Time Period
## October 09, 2023 - October 16, 2023

| Total Flights | Unique Drones IDs | Max Altitude (ft) |
|:---:|:---:|:---:|
| 6 | 5 | 432 |

| Total Flights Above 400 ft | Unique drone IDs above 400ft | Total Night Flights (8PM to 4AM) |
|:---:|:---:|:---:|
| 1 | 1 | 0 |



| Drone Type | Count |
|:---|:---:|
| Mini 3 Pro | 2 |
| Mavic 3 | 1 |
| Mavic Mini 2 | 1 |
| DJI FPV | 1 |

000023







000026

**From:** Aerial Armor Report
**To:** matthew@jones-adams.com; steven@jones-adams.com; c.mcghadam@jones-adams.com; nicholas.thomson@dedrone.com
**Subject:** Weekly Alert Zone Summary
**Date:** Sunday, October 8, 2023 8:49:24 AM

## Weekly Alert Zone Summary

### Alert Zone
## HQ Alert Zone - 1/2 Mile Radius

### Time Period
## October 01, 2023 - October 08, 2023

| Total Flights | Unique Drones IDs | Max Altitude (ft) |
|:---:|:---:|:---:|
| 4 | 4 | 493 |

| Total Flights Above 400 ft | Unique drone IDs above 400ft | Total Night Flights (8PM to 4AM) |
|:---:|:---:|:---:|
| 1 | 1 | 0 |



| Drone Type | Count |
|:---|:---:|
| Mavic Mini 2 | 2 |
| Mini 3 Pro | 1 |

000027



000028





**From:** Aerial Armor Report
**To:** matthew@jones-adams.com; steven@jones-adams.com; c.mcghadam@jones-adams.com; nicholas.thomson@idedrone.com
**Subject:** Weekly Alert Zone Summary
**Date:** Sunday, October 1, 2023 8:43:52 PM

## Weekly Alert Zone Summary

### Alert Zone

# HQ Alert Zone - 1/2 Mile Radius

### Time Period

# September 24, 2023 - October 01, 2023

| Total Flights | Unique Drones IDs | Max Altitude (ft) |
|:---:|:---:|:---:|
| 1 | 1 | 405 |

| Total Flights Above 400 ft | Unique drone IDs above 400ft | Total Night Flights (8PM to 4AM) |
|:---:|:---:|:---:|
| 1 | 1 | 0 |

| Drone Type | Count |
|:---|:---:|
| Mavic Mini 2 | 1 |

000032





| Agency Of Occurence | Date Written | OFFENSE-INCIDENT REPORT | Agency Report Number |
|---|---|---|---|
| **030** | **05/27/2023** | MIAMI-DADE POLICE DEPARTMENT | **PD230527177341** |

## REPORT SUMMARY (ORIGINAL)

| ☐ L.E. Exempt | ☐ D.V. | ☐ Poss. Mental Health Disorder | ☐ Gang Related | ☐ Juv. in Report | ☐ Juv. Warn/Dismiss | ☐ Marsy's Law | ☐ Tourist |
|---|---|---|---|---|---|---|---|

| Victims: 0 | Offenders: 0 | Stolen Vehicles: 0 | Offenses: 1 | Properties: 1 | SARS: NO | Drive By: NO |
|---|---|---|---|---|---|---|

## INCIDENT (4400 RICKENBACKER CSWY)

| Original Reported Date | Title or Classification | | Time Dispatched | Time Arrived | Time Completed |
|---|---|---|---|---|---|
| SAT, 05/27/2023 11:41 | INFORMATION | | 05/27/2023 11:41 | 05/27/2023 11:41 | 05/27/2023 12:30 |

| Incident From | Incident To | District |
|---|---|---|
| SAT, 05/27/2023 11:30 | SAT, 05/27/2023 12:00 | POLICE OPERATIONS |

| Incident Location | City | Zip | Grid | Area |
|---|---|---|---|---|
| 4400 RICKENBACKER CSWY | MIAMIMIAMI | 33149 | 1553 | 2 |

| Business Name/Area Identifier | Forced Entry | Occupancy | Cargo Theft |
|---|---|---|---|
| MIAMI SEAQUARIUM | N/A | N/A | NO |

## OFFENSES

### 777.7777(7777) MDPD MISC STATUTE

| 1st | Description | Statute | Subsection | Ordinance | |
|---|---|---|---|---|---|
| | MDPD MISCELLANEOUS STATUTE | 777.7777(7777) | 7777 | | ☐ D.V. |

| Type | Action | FDLE/FIBRS | Location Type | Method of Entry | # Prem. Entered |
|---|---|---|---|---|---|
| OTHER | N/A | 0099 | OTHER | N/A | 0 |

| Suspected of Using | Criminal Activity | Bias/Motivation |
|---|---|---|
| NOT APPLICABLE | NONE/UNKNOWN | NONE (NO BIAS) |

## VICTIM/WITNESS

### 2 - REPORTING PERSON-MAYORGA, JAMIE D.

| **1** | V/W Code | Offenses Indicator |
|---|---|---|
| | REPORTING PERSON | 777.7777(7777) |

| Name (Last, First, Middle or Business) | Synopsis of Involvement/Activity | Victim Type |
|---|---|---|
| MAYORGA, JAMIE D. | AT WORK | ADULT |

| Address | City, State  Zip   Country |
|---|---|
| 11005 SW 88TH ST   Suite/Apt: C109 | MIAMI, FLORIDA  33176   US |

| Race | Sex | Date of Birth | Age | Juvenile | Hispanic | Ethnicity |
|---|---|---|---|---|---|---|
| WHITE | MALE | UNKNOWN | UNKNOWN | ☐ | YES | OTHER |

| Residence Type | Residence Status | Extent of Injury | Will victim prefer charges? |
|---|---|---|---|
| COUNTY | FULL YEAR | | |

| Web Site | Email Address |
|---|---|
| | |

### Phone Numbers

| Type | Phone Number | Extension | Best time to call |
|---|---|---|---|
| CELL | 786-495-3912 | | |

### 1 - OTHER-DEAN, SHAUN T.

| **2** | V/W Code | Offenses Indicator |
|---|---|---|
| | OTHER | 777.7777(7777) |

| Name (Last, First, Middle or Business) | Synopsis of Involvement/Activity | Victim Type |
|---|---|---|
| DEAN, SHAUN T. | OTHER ACTIVITY | ADULT |

| Address | City, State  Zip   Country |
|---|---|
| 8350 N SOCRUM LOOP RD | LAKELAND, FLORIDA  33908   US |

| Race | Sex | Date of Birth | Age | Juvenile | Hispanic | Ethnicity |
|---|---|---|---|---|---|---|
| WHITE | MALE | 11/19/1982 | 40 | ☐ | NO | ANGLO |

| Residence Type | Residence Status | Extent of Injury | Will victim prefer charges? |
|---|---|---|---|
| COUNTY | FULL YEAR | | |

| Web Site | Email Address |
|---|---|
| | |

| Agency Of Occurence | Date Written | **OFFENSE-INCIDENT REPORT** | Agency Report Number |
|---|---|---|---|
| **030** | **05/27/2023** | **MIAMI-DADE POLICE DEPARTMENT** | **PD230527177341** |

## PROPERTIES

### 1 - PROPERTY-AIRCRAFT/DRONE

| | Person Code | Property Type | Status |
|---|---|---|---|
| **1** | Other - DEAN, SHAUN | AIRCRAFT PARTS/ ACCESSORIES | OTHER |

| Quantity | Name | Brand | Model Name/Number |
|---|---|---|---|
| 1.000 | AIRCRAFT/DRONE | DJI | AIR2 N/A |

| Damage | Serial Number | Owner Applied Number | Date Recovered | Value Recovered | Value |
|---|---|---|---|---|---|
| N/A | N/A | N/A | | | $250.00 |

| Description | | FCIC/NCIC |
|---|---|---|
| GRAY IN COLOR WITH GRAY CONTROL STATION (CS) | | N/A |

### PROPERTY SUMMARY

| Total | | Total Value Recovered | Total Stolen Value |
|---|---|---|---|
| 1 | | $0.00 | $0.00 |

## OFFICERS

### Unit: P113

| | Agency Code | Badge | Title | Name | Loc Code | Role |
|---|---|---|---|---|---|---|
| **1** | 030 | 5007 | POLICE OFFICER | RODRIGUEZ, E. | 09162 | REPORTING OFFICER |

### Supporting Officer(s)

| | Agency Code | Badge | Title | Name | Loc Code | Role |
|---|---|---|---|---|---|---|
| **2** | 030 | 5637 | POLICE SERGEANT | ROBINSON, S. D. | 09161 | REVIEWING SUPERVISOR |

## ADMINISTRATION

| Clearance Type | Clearance Date | Exception Type | Juvenile/Adult |
|---|---|---|---|
| NO FURTHER ACTION | 06/13/2023 00:00 | CIVIL OR NON-CRIMINAL CASE | ADULT |

| Case Status | Assignment Type | Referred By | Additional Forms |
|---|---|---|---|
| CLOSED | | | |

| Reporting Agency | AOA Agency | Other AOA | AOA Related Case |
|---|---|---|---|
| MIAMI-DADE | | | |

| Original Case Number |
|---|
| |

| Agency Of Occurence | Date Written | OFFENSE-INCIDENT REPORT | Agency Report Number |
|---|---|---|---|
| **030** | **05/27/2023** | MIAMI-DADE POLICE DEPARTMENT | **PD230527177341** |

## NARRATIVES

| Written By: mdpd\U305007 | NARRATIVE | Date and Time: 5/27/2023 12:02:41 PM |
|---|---|---|

WHILE ON ROUTINE PATROL, THIS UNIT WAS ADVISED THAT THERE WAS AN UNIDENTIFIED DRONE FLYING OVER THE MIAMI SEAQUARIUM AIRSPACE.
UPON ARRIVAL, THIS UNIT MADE CONTACT WITH MIAMI SEAQUARIUM SECURITY LEAD OFFICER MR. JAMIE MAYORGA, WHO ADVISED THAT HE WITNESSED AN UNKNOWN WHITE MALE OPERATING AN UNKNOWN DRONE OVER THE MIAMI SEAQUARIUM AIRSPACE. MR. MAYORGA PROVIDED THIS UNIT WITH A PHYSICAL DESCRIPTION OF THE UNKNOWN WHITE MALE DRONE OPERATOR.

DURING AN AREA CANVASS, THIS UNIT LOCATED AN UNKNOWN WHITE MALE MATCHING THE PROVIDED DESCRIPTION. UPON CONTACT, THE UNKNOWN WHITE MALE DRONE OPERATOR IDENTIFIED HIMSELF AS MR. SHAUN TERRY DEAN.
A ROUTINE RECORDS CHECK OF MR. DEAN REVEALED THAT HE WAS IN GOOD STANDING WITH THE LAW, AND HAD NO OUTSTANDING ORDERS OR WARRANTS.
MR. DEAN WILLINGLY AND VOLUNTARILY SUBMITTED HIS DRONE, RELATED EQUIPMENT, AND ALL DOCUMENTATION FOR INSPECTION.
INSPECTION OF THE ABOVE LISTED PROPERTY REVEALED NO VIOLATIONS, AS MR. DEAN'S DRONE WAS PROPERLY REGISTERED, SERIAL # WAS DISPLAYED ON THE DRONE/AIRCRAFT AND MR. DEAN'S FLIGHT CERTIFICATE WAS VALIDATED AND UP TO DATE. MR. DEAN ADVISED THIS UNIT THAT HE WAS ONLY FLYING HIS DRONE FOR HOBBY USE, AND NOT COMMERCIAL USE. MR. DEAN ADVISED HE WAS FLYING THE DRONE OVER THE SEAQUARIUM, THE SEAQUARIUM PARKING LOT, AND OVER THE ROADWAY ON RICKENBACKER CSWY, ADJACENT TO THE MIAMI SEAQUARIUM.

THIS UNIT ADVISED MR. DEAN OF THE FEDERAL AVIATION ADMINISTRATION'S STATUTES FOR SAFE DRONE OPERATION, AS WELL AS THE DANGERS OF SUSTAINED DRONE FLIGHT OVER PASSERBY AND MOVING VEHICLES, AND DANGER OF PROPERTY DAMAGE AND INJURY TO OTHERS. THIS UNIT ALSO ADVISED MR. DEAN THAT THE MIAMI SEAQUARIUM IS PRIVATE PROPERTY AND DRONE OPERATION OVER THE SEAQUARIUM AIRSPACE IS PROHIBITED. IN ADDITION, THERE WAS A TEMPORARY FLIGHT RESTRICTION PLACED OVER THE AIRSPACE IN THE SURROUNDING AREA FOR THE UPCOMING AIRSHOW. MR. DEAN SAFELY LANDED HIS DRONE AND LEFT THE SCENE WITHOUT FURTHER INCIDENT.

CASE CARD ISSUED TO MIAMI SEAQUARIUM PERSONNEL.
FIELD INTERVIEW ENTERED INTO THE POLICE REPORTING SYSTEM FOR THE PURPOSES OF THIS REPORT.
PICTURES ATTACHED TO THIS REPORT FOR DOCUMENTATION PURPOSES.
BWC UTILIZED.

## ATTACHMENTS (IMAGE)

| IMAGE 1 OF 4 | IMAGE 2 OF 4 |
|---|---|

000037

| Agency Of Occurence | Date Written | **OFFENSE-INCIDENT REPORT** | Agency Report Number |
|---|---|---|---|
| **030** | **05/27/2023** | **MIAMI-DADE POLICE DEPARTMENT** | **PD230527177341** |



**DRONE OPERATOR MR DEAN DRONE & SERIAL NUMBER**



**DRONE OPERATOR MR DEAN CONTROL STATION**

**IMAGE 3 OF 4**

**IMAGE 4 OF 4**





**DRONE OPERATOR MR DEAN**




**DRONE OPERATOR MR DEAN PILOT CERTIFICATE**

**THIS PAGE ACTS AS A PLACEHOLDER FOR THE MP4. VIDEO FILE WHICH WILL BE SENT UNDER SEPARATE COVER**

## THIS PAGE ACTS AS A PLACEHOLDER FOR THE MP4. VIDEO FILE WHICH WILL BE SENT UNDER SEPARATE COVER

**THIS PAGE ACTS AS A PLACEHOLDER FOR THE MP4. VIDEO FILE WHICH WILL BE SENT UNDER SEPARATE COVER**

## THIS PAGE ACTS AS A PLACEHOLDER FOR THE MP4. VIDEO FILE WHICH WILL BE SENT UNDER SEPARATE COVER

**THIS PAGE ACTS AS A PLACEHOLDER FOR THE MP4. VIDEO FILE WHICH WILL BE SENT UNDER SEPARATE COVER**

**THIS PAGE ACTS AS A PLACEHOLDER FOR THE MP4. VIDEO FILE WHICH WILL BE SENT UNDER SEPARATE COVER**

**THIS PAGE ACTS AS A PLACEHOLDER FOR THE MP4. VIDEO FILE WHICH WILL BE SENT UNDER SEPARATE COVER**

**THIS PAGE ACTS AS A PLACEHOLDER FOR THE MP4. VIDEO FILE WHICH WILL BE SENT UNDER SEPARATE COVER**