UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-22834-KMM

MS LEISURE COMPANY,

    Plaintiff,

v.

PHILIP DEMERS,

    Defendant.
_____ /

**ORDER**

THIS CAUSE came before the Court upon Plaintiff MS Leisure Company's ("Plaintiff") Motion for Leave to Amend Complaint to Join Necessary Party and Remand Case. ("Mot.") (ECF No. 22). Plaintiff requests leave to amend the Complaint ("Compl.") (ECF No. 1-2) pursuant to both Federal Rule of Civil Procedure 15(a)(2) and 28 U.S.C. § 1447(e). *See generally* Mot. Defendant Philip Demers ("Defendant") filed a response in opposition ("Resp.") (ECF No. 27), and Plaintiff filed a reply ("Reply") (ECF No. 32). The matter is now ripe for review.

**I.    BACKGROUND**

On May 24, 2023, Plaintiff initiated this Action in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. *See generally* Compl. Therein, Plaintiff, the owner and operator of the Miami Seaquarium, alleges that Defendant flew unmanned aerial vehicles over Plaintiff's property on multiple occasions. *See id.* ¶¶ 11–12. In doing so, Defendant allegedly took unauthorized pictures of Plaintiff's property, customers, and animal exhibits and subsequently posted the pictures on various social media websites. *See id.* ¶¶ 17–19. Plaintiff alleges that Defendant took these actions with the intent of spreading defamatory misinformation about

Plaintiff's care for its aquatic animals, and as a result, Plaintiff has suffered economic and reputation damages. *See id.* ¶¶ 21–23. Accordingly, Plaintiff asserts claims against Defendant for trespass, private nuisance, defamation, violation of Fla. Stat. § 934.50(3)(b) prohibiting the use of a drone with an imaging device, and injunctive relief. *See generally id.*

Defendant removed this action to federal court on July 28, 2023, based on 28 U.S.C. § 1441(a). *See* ECF No. 1. Plaintiff alleges that it is a Florida corporation and Defendant is domiciled in Canada. *See id.* at 3. Diversity of citizenship therefore exists. Further, the civil coversheet filed alongside the Complaint asserts that Plaintiff seeks damages in excess of $100,000. (ECF No. 1-2). Thus, removal was proper.

Now, Plaintiff seeks to amend the Complaint. *See generally* Mot. Plaintiff first requests leave to amend pursuant to Rule 15(a)(2) to add allegations that were not previously available at the time the Complaint was filed. *Id.* at 5. Specifically, Plaintiff seeks to supplement the Complaint with, *inter alia*, allegations regarding Defendant's presence in an Airman Helicopter flight within Plaintiff's airspace.[1] *See id.* at 6. Relatedly, Plaintiff seeks to amend the Complaint to add non-diverse party Airman Helicopter Inc. ("Airman")[2] and remand the Action to state Court pursuant to 28 U.S.C. § 1447(e). *See id.* at 8. According to the Motion, Airman trespassed and created a nuisance to Plaintiff's property, and aided Defendant in his repeated trespass and nuisance. *Id.* at 6. For the reasons described below, the Court grants the Motion.

**II.    LEGAL STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its

---

[1] Plaintiff also seeks to amend the Complaint to voluntarily dismiss its defamation claim in Count III. *See* Mot. at 5.

[2] Airman is a Florida corporation. Mot. at 6.

2

pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(B).  Beyond that, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 622 (11th Cir. 1983).

Where a litigant files a motion to amend seeking both joinder and remand, 28 U.S.C. § 1447(e), as opposed to Rule 15(a) governs.  Section 1447(e) provides "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." *Id.*; *see also T&G Corp. v. United Cas. & Surety Ins. Co.*, 552 F. Supp. 3d 1334, 1339 (S.D. Fla. 2021). "Four factors—referred to as the *Hensgens* factors—guide this decision: '(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether [the movant] has been dilatory in asking for the amendment; (3) whether [the movant] will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities.'" *T&G Corp.*, 552 F. Supp. 3d at 139 (quoting *Simon v. Howmedica Osteonics Corp.*, 981 F. Supp. 2d 1232, 1237 (S.D. Fla. 2012)).  The Court has "broad discretion in weighing these factors." *Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018).

### III.   DISCUSSION

Plaintiff requests leave to amend under both Rule 15 and Section 1447(e). *See generally* Mot.  The Court analyzes each argument in turn.

### A. Motion to Amend Pursuant to Rule 15(a)(2)

Plaintiff first seeks leave to amend its Complaint to (1) add additional facts "that were not previously available to it at the time of filing its original Complaint," and (2) properly plead injunctive relief. *See* Mot. at 5–6; Reply at 1. Defendant ignores this request in its Response, and thus, the Court considers this request unrebutted. *See generally* Resp. Moreover, Plaintiff's request to amend is timely pursuant to the Court's scheduling order, *see* (ECF No. 18), which required a motion to amend to be filed within 45 days of the first responsive pleading. As of the time this Motion was filed, Defendant had not yet filed a responsive pleading. Thus, Plaintiff's Motion is timely and unrebutted as to the Rule 15 request.

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleadings by leave of court or by written consent of the adverse party. The decision to grant or deny a motion to amend pleadings is within the sound discretion of the trial court. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).[3] The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. *Id.* Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Id.* A substantial reason could include "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996).

Here, the Court finds no reason to deny leave to amend. Plaintiff seeks to add pertinent facts to the Complaint and remedy its claim for injunctive relief. *See generally* Mot. Additionally,

---

[3] Decisions of the former United States Court of Appeals for the Fifth Circuit prior to September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

4

Defendant has failed to identify any reason warranting denial. *See generally* Resp. Thus, the Motion is granted insofar as it seeks leave to amend under Rule 15.

### B. Section 1447

Next, Plaintiff requests leave to allow the joinder of non-party Airman, the result of which would destroy diversity and necessitate remand. *See* Mot. at 8–14. In support of its argument, Plaintiff argues that the Court must consider the *Hensgens* factors when analyzing a motion to amend and remand based on Section 1447(e), and here, those factors warrant Plaintiff's requested relief. *See id.* at 8–11 (citing *Hensgens v. Deere & Co*, 833 F.2d 1179 (5th Cir. 1987)). Further, Plaintiff argues that its attempt to join Airman is not fraudulent. *See id.* at 11–14. Defendant contests each argument. *See generally* Resp.

Under *Hensgens*, a district court "faced with an amended pleading naming a nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Id.* at 1182. "In this situation, justice requires that the district court consider a number of factors to balance the defendant's interest in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id.* Thus, a court should consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Id.* If the district court permits amendment of the nondiverse defendant "it must remand to the state court." *Id.*

#### i. *Factors 1 and 2 Weigh in Favor of Joinder*

The Court considers the first two factors together. *See Korman v. Berkshire Life Ins. Co. of Am.*, 615 F. Supp. 3d 1315, 1319 (S.D. Fla. 2022) ("Because the first two *Hensgens* factors require a similar analysis, the Court will address them together."). To determine whether the

purpose of post-removal amendment and joinder is to destroy jurisdiction, courts consider the timing and substance of the amendment. *See Ibis Villas at Miami Gardens Condo Ass'n Inc. v. Aspen Specialty Ins. Co.*, 799 F. Supp. 2d 1333, 1335 (S.D. Fla. 2011). For example, "[c]ourts have found that filing an Amended Complaint and a Motion to Remand on the same day can indicate specific intent by Plaintiff to destroy diversity jurisdiction." *Korman*, 615 F. Supp. 3d at 1319. Moreover, "courts often look to whether plaintiff was aware or should have been aware of the non-diverse defendant at the time the suit was filed to determine the purpose of plaintiff's requested joinder." *Id.* citing (*Seropian v. Wachovia Bank, N.A.*, No. 10-80397-CIV, 2010 WL 2822195, at *3 (S.D. Fla. July 16, 2010)).[4]

Nothing in this Motion indicates Plaintiff's ultimate goal is to frustrate federal jurisdiction. Plaintiff filed this Motion on October 23, 2023 (months after removal), and it was unaware of non-party Airman at the time the Action was initiated in state court on May 24, 2023. *See* Mot. at 9. Plaintiff learned that Defendant and Airman "flew a helicopter in and on the Seaquarium's airspace" on July 14, 2023, almost two months after filing the Complaint. *See id.* at 9. Accordingly, the event giving rise to Plaintiff's Motion—Airman's involvement with Defendant on the July 14, 2023 helicopter ride—necessarily could not have been included at the time the Complaint was filed. The facts giving rise to amendment do not indicate that the Motion was filed for any reason other than to supplement the original complaint with new information.

---

[4] In some instances, courts find that filing a post-removal motion to amend and remand supports a finding that the plaintiff intended to destroy federal jurisdiction. *See Korman*, 615 F. Supp. 3d at 1320. The reasoning is that, "[g]iven this lack of discovery, it is highly unlikely that [p]laintiff obtained any new information he did not already possess at the time he filed his [c]omplaint." *Id.* In these circumstances, the implication is that the plaintiff was already aware of the non-party he seeks to join at the time of filing the complaint, and now faced with the prospect of litigating in federal court, the plaintiff seeks to add the non-party to destroy federal jurisdiction. This implication is inapplicable, when, as here, newly discovered facts arise after filing which warrant amendment.

Defendant's argument to the contrary misconstrues the inquiry. Defendant focuses its Response on how Plaintiff sought to amend after *removal* as opposed to after *filing*. *See* Resp. at 6–7. As noted above, courts will find a plaintiff was dilatory and intended to destroy federal jurisdiction when the plaintiff had knowledge of the non-party "at the time the suit was filed." *Seropian*, 2010 WL 2822195, at *3. Defendant's arguments regarding how Plaintiff knew of Airman's involvement with Defendant's helicopter ride before removal therefore miss the mark. In any event, the Court finds that Plaintiff was not dilatory and filed this Motion for the legitimate reason of adding a party who allegedly committed tortious activities against it and helped Defendant do the same. The first two *Hensgens* factors weigh in Plaintiff's favor.

### ii. Plaintiff Will Suffer Injury Absent Joinder

Next, the Court considers whether Plaintiff would be significantly injured if joinder is not permitted. *See Hensgens*, 833 F.2d at 1182. Plaintiff argues that it would be prejudiced because, should the Motion be denied, it would result in Plaintiff filing a separate state court lawsuit which would require parallel litigation arising from the same operative facts and law. *See* Mot. at 10 (citing *Kleopa v. Prudential Inv. Mgmt., Inc.*, No. 08-81386-CIV, 2009 WL 2242606 (S.D. Fla. July 27, 2009). Defendant retorts that the prospect of parallel state and federal proceedings is always a consequence when a court denies a motion to amend and remand, and moreover, Plaintiff's claim against Airman is meritless.[5] *See* Resp. at 7.

The Court finds that this factor weighs slightly in favor of Plaintiff. Courts in this district have found that a plaintiff suffers injury if it is forced to litigate parallel federal and state lawsuits.

---

[5] Without much explanation, Defendant also asserts that "Plaintiff makes no argument it could not obtain complete relief against [Defendant] for the alleged trespassory helicopter flight." *See* Resp. at 8 (citation omitted). This argument carries little weight when Plaintiff's proposed amendment seeks to assert separate claims against Airman independent from the claims against Defendant. *See* (ECF No. 22-1).

7

*See Kleopa*, 2009 WL 2252606, at *4 ("Parallel lawsuits would force Plaintiff to bear additional costs and time and would not serve the purpose of judicial economy."). And here, denial of the Motion would result in such a scenario for Plaintiff. Though Defendant argues that this injury—litigating parallel lawsuits—is not substantial, the Court is not convinced. *See* Resp. at 7. The threat of inconsistent results, the waste of judicial resources, and the cost of Plaintiff's attorney's fees are sufficient to constitute substantial injury.

Finally, Defendant's argument about whether Plaintiff's claim against Airman lacks merit is premature. That argument relates to the question of whether the potential joinder of Airman is fraudulent. The Court addresses that argument later, but that analysis does not disturb the Court's finding that Plaintiff stands to suffer significant injury.

### iii. A Balance of the Equities Favor Plaintiff

The last factor, which requires a balance of the equities, also favors Plaintiff. Drawing on its previous argument, Plaintiff alleges that denial of the Motion would cause it to suffer injury by causing it to engage in parallel litigation. *See* Mot. at 10. Defendant proffers three responses: (1) Plaintiff waited too long to file the Motion; (2) Plaintiff has no viable claim against Airman and thus there is no danger of a parallel lawsuit; and (3) a separate state court proceeding regarding the helicopter flight would be equitable to Airman. *See* Resp. at 8–9. As noted above, Defendant's argument about the merits of a claim against Airman is premature and the Court does not address it now. And, the Court has already found Plaintiff's concern of parallel litigation weighs in favor joinder and remand. After assessing the remaining arguments, the Court agrees finds that the balance of equities are tilted in Plaintiff's favor.

Defendant's first argument—that Plaintiff waited too long to file its Motion—is unavailing. *See* Resp. at 9. In support of its argument, Defendant states that "this Court ha[s] already expended

great effort litigating the motion to dismiss."[6] *Id.* That a dispositive motion is pending, however, does not weigh against permitting amendment; courts routinely permit amendment in such circumstances. In any event, the Court has not adjudicated any dispositive motion in this case, and thus, to the extent any party is prejudiced by having to engage in the litigation process, the opposing party will have been prejudiced in the exact same amount. The Court does not find that Plaintiff waited to long to file the instant Motion in light of a pending motion to dismiss. This argument does not weigh against remand and joinder.

As to the remaining argument that it would be equitable to Airman if Plaintiff brought suit against it in a parallel state court proceeding, the Court is unconvinced. *See* Resp. at 9. According to Defendant, joinder would result in Airman being "dragged into a federal proceeding which mostly relates to numerous other allegations of (mostly unspecified) trespass by [Defendant]." *Id.* But that characterization is not necessarily true. Plaintiff is alleging that Airman and Defendant jointly flew a helicopter through Plaintiff's airspace, resulting in trespass and nuisance. *See* Reply at 4. While the original Complaint chronicles other trespassing allegations involving Defendant, the amended complaint would include allegations about actions that Defendant and Airman took in concert. Therefore, the Court finds that it would conserve judicial resources and be more equitable to conduct one proceeding involving both Defendant and Airman, particularly where both are alleged to have jointly engaged in the same conduct.

After a consideration of all four *Hensgens* factors, the Court concludes that each weigh in favor of transfer and remand.

---

[6] The Court notes that the Parties have also filed a motion for summary judgment. (ECF No. 54). The filing of another dispositive motion does not disturb the Court's analysis—courts also routinely deny as moot summary judgment motions upon the filing of an amended complaint. *See Bujduveanu v. Dismas Charities, Inc.*, No. 11-20120-CIV-SIMONTON, 2012 WL 13129841, at *3–4 (S.D. Fla. Sept. 28, 2012).

### C. Fraudulent Transfer

Once a court evaluates the *Hensgens* factors, it "should also consider whether the joinder of the non-diverse party is fraudulent." *See Korman*, 615 F. Supp. 3d at 1319 (internal quotation omitted). The Eleventh Circuit has identified three instances in which a joinder may be considered fraudulent: (1) when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant; (2) outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Defendant only argues that joinder is fraudulent because there is no possibility that Plaintiff can prove a cause of action against Airman. *See* Resp. at 3, 7–9.

When analyzing if Plaintiff could sustain a claim against Airman, the Eleventh Circuit has instructed: "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the [non-diverse] defendants, the federal court must find that joinder was proper and remand the case to state court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (internal quotations omitted). "In other words, '[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.'" *Id.* (quoting *Triggs*, 154 F.3d at 1287). The nonmoving party bears the burden of demonstrating by clear and convincing evidence that no valid cause of action exists. *See id.* at 1332.

Here, Defendant's argument regarding fraudulent joinder is entirely based on a declaration from Francois Favart, owner of Airman, which states that Airman does not charter helicopter tours in Miami and that Airman's business records do not indicate that Defendant ever flew on an Airman helicopter. *See* (ECF No. 27-1 ¶¶ 2, 5–6). Based on this declaration, Defendant concludes

that Airman has no connection with this dispute.  *See* Resp. at 7–8.  Defendant therefore argues that Plaintiff cannot plausibly state a claim against Airman.  *See id.*

Plaintiff attempts to rebut Favart's contention by identifying a social media post where Defendant is flying over Plaintiff's property in a helicopter that Airman owns.  *See* Reply at 4. The social media post allegedly shows the tail number of the helicopter—N644BB—which Plaintiff avers is registered under Airman's name in the Federal Aircraft Registry.  *See* (ECF No. 32-1).  Moreover, Plaintiff argues that the Court should not find the Favart declaration conclusive because Plaintiff is not alleging the helicopter flight was a "tour," but rather, it alleges that the flight was unauthorized and "may very well not show up on the business records of Airman." Reply at 4.  After considering Plaintiff's arguments, the Court finds it at least plausible that Defendant was flying in Airman's helicopter over Plaintiff's airspace, meaning there is at least a possibility that Plaintiff has a cause of action against Airman.  Accordingly, the Court concludes that Plaintiff's proposed joinder of Airman is not fraudulent.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion for Leave to Amend Complaint to Join Necessary Party and Remand Case (ECF No. 22) is GRANTED.  It is FURTHER ORDERED that because the Court grants the Motion to amend and join Airman Helicopters, Inc., this Action shall be REMANDED to the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida.

DONE AND ORDERED in Chambers at Miami, Florida, this <u>26th</u> day of March, 2024.

*[Signature]*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:  All counsel of record